## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, <br><br> Defendants. | Civil Action No. 4:20-cv-02078-MWB <br><br> Judge Matthew W. Brann |

## CENTRE AND DELAWARE COUNTY BOARDS OF ELECTIONS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

As this Court recently observed in dismissing a similar election-related lawsuit brought by a group of voters based on their fear that "progressive" candidates would be elected, "there is less to this case than meets the eye." *Pennsylvania Voters All. v. Ctr. Cty.*, No. 4:20-CV-01761, 2020 WL 6158309, at *2 (M.D. Pa. Oct. 21, 2020), *motion for injunction pending appeal denied*, No. 20-3175 (3d Cir. Oct. 28, 2020) ("Motion . . . is hereby denied for lack of standing as there is no injury-in-fact"). Like the plaintiffs in *Pennsylvania Voters Alliance*, despite their sweeping allegations Plaintiffs lack Article III standing to pursue their claims. As set forth more fully in the memoranda filed by the Secretary of the Commonwealth and other County defendants, Plaintiffs fail to allege an injury in fact that is particularized and

1

imminent, they have not established causation, and their claimed harm is not redressable. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402, 410-11, 414 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 571 (1992). As in *Pennsylvania Voters Alliance,* there is no need for the Court to delve any further into Plaintiffs' legal theories or factual allegations. Plaintiffs' lack of standing provides a dispositive ground to dismiss the complaint.

In the alternative, abstention is an independently appropriate ground for dismissal under the *Younger* and *Pullman* doctrines. Plaintiffs should pursue their objections to the Election Code and the Secretary's interpretation of that Code in the Pennsylvania state courts – and indeed, some of Plaintiffs' claims have already been asserted in that forum – making abstention appropriate here. *See Stein v. Cortes*, 223 F. Supp. 3d 423, 435 (E.D. Pa. 2016) (dismissing similar claims by failed Presidential candidate on abstention and other grounds).; *Trump for President, Inc. v. Boockvar*, No. 20-CV-966, 2020 WL 4920952, *15 (W.D. Pa. Aug. 23, 2020) (same). Nor should the Court enable Plaintiffs to avoid abstention by re-packaging their state law claims as federal constitutional claims. *Stein*, 223 F. Supp. 3d at 434.

This lawsuit is meritless on its face and claims fraud without the requisite particularity. The Centre and Delaware County Boards of Elections administered a proper, fair, and secure election, and if required will vigorously defend against the

vague, inaccurate, and unsupported allegations made by Plaintiffs. Such a defense should not be necessary, as standing and abstention are each a controlling basis for dismissal as a matter of law.

In further support of their Motion, Centre and Delaware Counties join the legal arguments advanced by the Secretary and the Allegheny, Montgomery, Philadelphia, and Chester County Boards of Elections in their respective briefs.

Centre and Delaware request immediate dismissal of this lawsuit with prejudice and cancellation of further evidentiary proceedings on Plaintiffs' claims for injunctive relief. This Court should not disturb the ballots of Centre County and Delaware County voters, or disenfranchise any voter in the Commonwealth. Further, this Court should immediately end these proceedings, thereby eliminating the need for any more Centre County and Delaware County tax dollars to be spent defending this legally-deficient and meritless action.

Dated: November 12, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Molly E. Meacham* | */s/ Edward D. Rogers* |
| Molly E. Meacham | Timothy D. Katsiff |
| Elizabeth A. Dupuis | Edward D. Rogers* |
| **Babst, Calland, Clements &** | Terence M. Grugan* |
| **Zomnir, P.C.** | **Ballard Spahr LLP** |
| 603 Stanwix Street, Sixth Floor | 1735 Market Street, 51st Floor |
| Two Gateway Center | Philadelphia, PA 19103-7599 |
| Pittsburgh, PA 15222 | Telephone: (215) 665-8500 |
| 412-394-5614 | Facsimile: (215) 864-8999 |
| mmeacham@babstcalland.com | KatsiffT@ballardspahr.com |
| | RogersE@ballardspahr.com |
| 330 Innovation Blvd. Suite 302 | GruganT@ballardspahr.com |
| State College, PA 16803 | *(admitted *pro hac vice*) |
| 814-867-8055 | |
| bdupuis@babstcalland.com | *Attorneys for Delaware County Board of Elections* |
| *Attorneys for Centre County Board of Elections* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November 2020, a copy of the foregoing was served via the court's electronic filing system upon all counsel of record.

>                         */s/ Molly E. Meacham*