# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al.,  Plaintiffs,  v.  KATHY BOOCKVAR, et al.,  Defendants. | No. 4:20-cv-02078-MWB  (*filed electronically*) |

## BRIEF OF AMICUS CURIAE PENNSYLVANIA SENATE REPUBLICAN CAUCUS

Secrecy of elections in Pennsylvania is constitutionally mandated: "All elections by citizens shall be by ballot or by such other method as may be prescribed by law: Provided, That secrecy in voting be preserved." Pa. Const. art. VII, § 4. The purpose of secrecy is simple: to prevent intimidation, bribery, and, ultimately, fraud. *See In re Petition to Contest General Election for Dist. Justice in Judicial District 36-3-03 Nunc Pro Tunc*, 670 A.2d 629, 639 (Pa. 1996). The right and command to secretly vote is so significant that under certain circumstances even merely disclosing the contents of a marked ballot is a crime. 25 P.S.

§ 3530 ("any person … who shall disclose to anyone the contents of any ballot which has been marked or any voting machine which has been prepared for voting with his assistance … shall be guilty of a misdemeanor"); *see also id.* ("any person … who shall endeavor to induce any elector before depositing his ballot to show how he marks or has marked his ballot … shall be guilty of a misdemeanor").

To ensure this constitutionally significant bulwark against fraud is fully protected, in 2019 and 2020 when amending the Pennsylvania Election Code to permit on-demand mail-in voting, the General Assembly *expressly required* all such ballots to be submitted within so-called "secrecy envelopes." *See* Act 77 of 2019, § 8, P.L. 552 (Oct. 31, 2019); Act 12 of 2020, § 14, P.L. 41 (Mar. 27, 2020).[1] The Pennsylvania Supreme Court unanimously held (7-0) that a mail-in ballot submitted without this constitutionally significant envelope means the ballot "must be disqualified." *Pa. Democratic Party v. Boockvar*, 238 A.3d 345, 2020 WL 5554644, at *26 (Pa. 2020), *petition for cert. pending*, No. 20-

---

[1] *Codified at* 25 P.S. § 3150.16(a) ("At any time after receiving an official mail-in ballot, but on or before eight o'clock P.M. the day of the primary or election, the mail-in elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and *securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.'"* (emphasis added)).

2

574 (U.S.). The Pennsylvania Supreme Court—again, unanimously—even restated this point, declaring an "elector's failure to comply [with the secrecy provision] by enclosing the ballot in the secrecy envelope renders the ballot *invalid*." *Id.* (emphasis added).

Despite the constitutional purpose of the secrecy envelope, and despite the State Supreme Court's plain, twice-stated, holding that ballots without them were void, some of the Defendants here attempted to "cure" non-secret, invalid ballots. This brief is submitted to assist the Court in understanding just how injurious to the entire system of voting these perhaps good-intentioned, but ultimately unlawful, actions were, and how they cannot be condoned, and must be remedied, to ensure a "keystone of our democracy"—"the secrecy of the ballot"—is fully protected. *See In Re Petition*, 670 A.3d at 649. Ultimately, for the reasons set forth below, the Pennsylvania Senate Republican Caucus respectfully requests the Court grant injunctive relief to Plaintiffs.[2]

---

[2] The Caucus's argument herein is limited to narrow issues. Its failure to address other issues should be taken neither as support for nor opposition to any other claim being made in this matter. The Caucus has merely limited its submission to those issues on which it might be able to provide additional detail not otherwise raised by the parties, and to therefore preserve judicial resources.

3

I. **STATEMENT OF INTEREST**

The Caucus is one of two subparts of the Pennsylvania Senate (the part other being the Senate Democratic Caucus) and is an "integral constituent of the Senate." *See Precision Mktg., Inc. v. Com., Republican Caucus of the Sen. of PA/AKA Sen. of PA Republican Caucus*, 78 A.3d 667, 675 (Pa. Cmwlth. 2013). The Caucus was created with the Senate's constitutional authority under Article II of the Pennsylvania Constitution, and it performs "essential legislative functions and administrative business in the Senate." *See id.* at 671-75. The Caucus is composed of all Republican Senators in the Pennsylvania Senate, *see id.* at 672, who presently number 28 Senators (out of 50 total Senators, Pa. Const. art. II, § 16). The Caucus is interested in this appeal because it concerns, among other things, the validity of elections and ballots under the Pennsylvania Election Code, a statute twice-amended by the Caucus's members within the last year. Further, as an integral part of Pennsylvania's tri-partite government, the Caucus has an interest in ensuring that elections are conducted with fidelity to the letter and spirit of the laws of the Commonwealth.[3]

---

[3] No counsel, other than the undersigned counsel for amicus curiae the Caucus, authored this brief in whole or in part. Further, other than amicus curiae

4

## II.   ARGUMENT

The Court should grant Plaintiffs' requested relief because their proposed remedy is necessary to ensure the secrecy commands of the Pennsylvania Constitution are upheld.

To illuminate, some variant of the guarantee of secrecy in voting has existed in Pennsylvania since at least its first Constitution in 1776, whereby all elections were required to be "by ballot." *See* Pa. Const. of 1776, chap. II, § 32 ("All elections, whether by the people or general assembly, shall be by ballot, free and voluntary").[4][5] Use of the phrase "by ballot" implied a promise of confidentiality. *See* 29 C.J.S. Elections § 335 ("In many states, the constitution carries an inherent provision for secrecy of the ballot. Constitutional provisions requiring all elections

---

the Caucus, its members, or its counsel; no party, party's counsel, or person contributed financial support intended to fund the preparation or submission of this brief.

　　[4] *Available at* https://www.paconstitution.org/texts-of-the-constitution/1776-2/.

　　[5] In fact, an implied promise of secrecy in elections in what would eventually become the state of Pennsylvania has existed since William Penn's 1682 Frame of Government, which also included the promise of elections "by ballot." *See id.* § 20 ("That all the elections of members, or representatives of the people, to serve in provincial Council and General Assembly … shall be resolved and determined by the ballot[.]"), *available at* https://avalon.law.yale.edu/17th_century/pa04.asp.

to be 'by ballot' imply secrecy of voting as distinguished from viva voce voting.").

The first, more express, guarantee of secrecy in Pennsylvania's organic law was added in the Constitution of 1874, which provided:

> All elections by the citizens shall be by ballot. Every ballot voted shall be numbered in the order in which it shall be received, and the number recorded by the election officers on the list of voters, opposite the name of the elector who presents the ballot. Any elector may write his name upon his ticket or cause the same to be written thereon and attested by a citizen of the district. *The election officers shall be sworn or affirmed not to disclose how any elector shall have voted unless required to do so as witnesses in a judicial proceeding.*

Pa. Const. of 1874, art. VIII, § 4 (emphasis added).[6] One contemporary treatise observed the emphasized language above was "[i]ntended as a guard to the secrecy of the ballot[.]" *See* Charles B. Buckalew, *An Examination of the Constitution of Pennsylvania*, at 198 (1883).[7] When debating this addition during the Constitutional Convention of 1873,

---

[6] *Available at* https://www.paconstitution.org/texts-of-the-constitution/1874-2/.

[7] *Available at* https://books.google.com/books?id=vOWeAQAACAAJ&printsec=frontcover&source=gbs_ge_summary_r&cad=0#v=onepage&q&f=false.

one delegate eloquently captured the eternal value to democracy of confidentiality in voting:

> [I]f anything has been well tried in this State, and found to be well adapted to the general warfare of all the people, it is the secret ballot.
>
> It enables the poor man to vote for such men and such measures as to his mind and judgment tend to his own welfare, and the welfare of the people of the State, without incurring the ill will of his more opulent neighbor, upon whom for many things he may be directly or indirectly dependent, and without whose good will the employment upon which his daily bread depends may be taken from him.
>
> It enables the debtor to vote for such men and such measures as his own unbiased and independent judgment approve, without, to his personal and financial detriment, offending his creditor.
>
> It enables the honest, sincere and conscientious freeman to vote his own sentiments unawed by the power of local political parties, but above all it enables the freeman to exercise the right of suffrage in the only sense in which it was ever intended to be used, in the only sense in which it can, by any possibility, have any virtue, namely; That whereby the act becomes the free and untrammeled [sic]

judgment of his own mind, and not in any sense the mere expression of the will of another man or of a political party.

*See* Benjamin Singerly, *Debates of the Convention to Amend the Constitution of Pennsylvania*, Vol. 1, at 719 (1872).[8]

Finding even the limited release of information permitted by the Constitution of 1874 inadequate, in 1901, Pennsylvanians again amended their organic document, adding the following: "All elections by the citizens shall be by ballot or by such other method as may be prescribed by law: Provided, That secrecy in voting be preserved." *See* P.L. 882 (Nov. 5, 1901) (amending Article VIII, Section 4). When Pennsylvanians revised the Constitution again in 1968, the foregoing provision was included exactly as it was stated in 1901, but relocated to its present location in Article 7, Section 4. *See* Pa. Const. art. VII, § 4.

The textual promise of secrecy in the Pennsylvania Constitution has clear remedial value. As one court has described it:

> Secrecy of the ballot is the keystone of our modern election system. …. This is in pursuit, not only of purity of elections, and the expression of the sovereignty of majorities, but also to hedge the liberty of the citizen, so that he may enter and leave the voting booth a free man. To count a ballot which can be clearly or absolutely identified as that of a particular elector not only furthers fraud and bribery, but opens the

---

[8] *Available at* https://www.paconstitution.org/wp-content/uploads/2019/10/DEBATES-A-VOL-1.pdf.

8

> door to all manner of coercions, and at one blow strikes down our election structure which was all too slow in building.

*In re Pet. to Open Ballot Box*, 43 Pa. D. & C. 535, 547 (C.P. Beaver 1942). Other courts have similarly opined on the well-founded public policy of ensuring votes cannot be revealed, which opinions have been fully blessed by the Pennsylvania Supreme Court:

> the secrecy of the ballot[:]
>
> is sound public policy. It is to prevent intimidation and bribery. When a person has a right to reveal how he voted he can be intimidated into revealing it.... If in every close election in this Commonwealth voters could be subpoenaed into Court ... and asked how they voted, bribery and intimidation would become a simple matter, even though the witness after taking the stand would have the legal right to refuse to answer the question.
>
> The sanctity of the ballot must be preserved, and the courts must throw no technicalities in the way of discovering false and fraudulent election returns, but neither can we abandon the keystone of our democracy—the secrecy of the ballot, on the pretense of discovering an error in the return.

*In re Pet. to Contest Gen. Election for Dist. J. in Jud. Dist. 36-3-03 Nunc Pro Tunc*, 670 A.2d 629, 639 (Pa. 1996) (quoting *Thomas A. Crowley Election Contest*, 57 Dauphin Co. Rep. 120, 126-27 (1945)); *see also Appeal of Orsatti*, 598 A.2d 1341, 1343-44 (Pa. Cmwlth. 1991) (quoting *Thomas A. Crowley*). To even more fully ensure the promise of confidentiality in voting, Pennsylvania has made it a crime under

9

certain circumstances to reveal completed ballots. *See* 25 P.S. § 3530; *see also Com v. Fine*, 70 A.2d 677, 680 (Pa. Super. 1950) (affirming conviction under Section 3530; observing "As stated by the learned court below: 'Secrecy of the ballot is so ingrained in our democratic process that anyone should know he has no right inside the voting booth with another voter without express legal authority. The restrictions on giving assistance are in furtherance of the secrecy of the ballot.'").

One of the consequences of this constitutional promise of secrecy in voting is that, at times, ballots that violate the confidentiality guarantee must be deemed permanently invalid to protect the entire process. Indeed, just a few short months ago, the Pennsylvania Supreme Court again fully endorsed the importance of secrecy in elections, even when honoring it ultimately results in the spoliation of a potential elector's ballot. *See Pa. Democratic Party*, 2020 WL 5554644, at *26 ("Accordingly, we hold that the secrecy provision language in Section 3150.16(a) is mandatory and the mail-in elector's failure to comply with such requisite by enclosing the ballot in the secrecy envelope renders the ballot invalid."). The unanimous Supreme Court's holding was well-heeled because the promise of secrecy benefits the

10

*entire system* of voting—not just a particular ballot—and ensures that all voters who validly cast their ballots as required by statute have the necessary assurance that their validly cast ballot is not diminished by invalidly cast ones, which were potentially influenced by misfeasance. *See generally id.* at *26 (discussing Legislature's "weighty interest" in "fraud prevention"); *see also In re Neshaminy Sch. Dist. Election Contest*, 45 Pa. D. & C.2d 105, 114 (C.P. Bucks 1968) ("The very purpose of the mandates of the Election Code as to the form of ballots and manner of their use is to avoid such extraneous inquiries and the adverse consequences likely to result therefrom, so that the cast ballot 'should be per se self-explanatory[.]'").

Against the foregoing foundational principles of Pennsylvania law, both constitutional and statutory, what occurred here was impermissible. By taking improperly cast, "invalid" and "disqualified" ballots, *see Pa. Democratic Party*, 2020 WL 5554644, at *26, and attempting to "cure" them, the Defendant Boards of Election violated the *constitutional guarantee* of secrecy. Indeed, by taking ballots that were "naked"—and thus presumably subject to inspection by a person who now knows both who electors are and who they voted for—the

Defendants put ink in the milk. They, inadvertently or otherwise, broke the guarantee given to the entire electorate of Pennsylvania in the Constitution: that no vote certified at end of an election was even possibly subject to bribery, intimidation, or fraud. This guarantee cannot be made if relief is not granted by this Court because, under the present state of affairs, any "cured" ballot carries with it the fact that it was only "fixed" after someone could have reviewed who the particular elector voted for, and then solicited him or her to "try it again." This isn't just a recipe for disaster; it *is* a disaster, and a constitutionally impermissible one at that.

Finally, the Court should also grant relief to Plaintiffs because the Defendants usurped the authority of the General Assembly in attempting to "cure" defective, non-secret ballots, when no such right to cure exists in the Election Code. The General Assembly, of which the Caucus is a part, is the sole entity under the U.S. Constitution that can determine when and how federal elections shall be conducted. *See* U.S. Const. art. I, § 4. The General Assembly in 2019 and 2020, expressly stated the *only* ways valid mail-in ballots could be cast and counted; in particular, how ballots with or without a secrecy envelope should or

should not be counted. *See* Act 77 of 2019, § 8, P.L. 552 (Oct. 31, 2019); Act 12 of 2020, § 14, P.L. 41 (Mar. 27, 2020).

After passing these laws, as was the General Assembly's sole province (not only under the Federal Constitution, but also the State Constitution, *see* Pa. Const. art. II, § 1), the Pennsylvania Supreme Court expressly stated that the only permissible treatment, i.e., "cure," for a naked ballot was to disqualify it. *See Pa. Democratic Party*, 2020 WL 5554644, at *26. At that point, the only entity who could do something about any perceived "injustice" with this remedy was the General Assembly, and not the Defendants. And, indeed, the General Assembly had Election Code bills pending that concerned, in part, Section 3150.16(a), in which it could have provided a statutory cure in the wake of *Pa. Democratic Party*. *See* S.B. 10 (P.N. 1898)[9]; H.B. 2626 (P.N. 4335).[10] But ultimately the General Assembly ***decided against providing a statutory "cure"*** before Election Day. This should have been, and was, the final word on the matter. In short, the foregoing

---

[9] *Available at* https://www.legis.state.pa.us/cfdocs/legis/PN/Public/btCheck.cfm?txtType=HTM&sessYr=2019&sessInd=0&billBody=S&billTyp=B&billNbr=0010&pn=1898.

[10] *Available at* https://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=HTM&sessYr=2019&sessInd=0&billBody=H&billTyp=B&billNbr=2626&pn=4335.

13

should only further underscore the unlawful nature of the actions taken by Defendants in attempting to violate both constitutional secrecy and legislative authority conferred exclusively on the General Assembly.

Therefore, the Court should grant injunctive relief.

## III. CONCLUSION

To fully protect the system of voting in Pennsylvania, which is constitutionally protected by a promise of secrecy, the Caucus respectfully requests that the Court grant Plaintiffs' request for injunctive relief.

                                            Respectfully submitted,

Dated: November 12, 2020       /s/ Matthew H. Haverstick
                                            Matthew H. Haverstick (No. 85072)
                                            Joshua J. Voss (No. 306853)
                                            Shohin H. Vance (No. 323551)
                                            KLEINBARD LLC
                                            Three Logan Square
                                            1717 Arch Street, 5th Floor
                                            Philadelphia, PA 19103
                                            Ph: (215) 568-2000
                                            Fax: (215) 568-0140
                                            mhaverstick@kleinbard.com
                                            jvoss@kleinbard.com
                                            svance@kleinbard.com
                                            *Attorneys for Pennsylvania Senate Republican Caucus*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing brief complies with the word count limits in LR 7.8(b)(2). Based on the word count feature of the word-processing system used to prepare this document, the brief contains 2828 words, exclusive of the caption and the signature block.

Dated: November 12, 2020  /s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
*Attorneys for Pennsylvania Senate Republican Caucus*