# EXHIBIT 2

**EXHIBIT 2**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ BUCKS _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☐ Writ of Summons
- ☒ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Donald J. Trump for President, Inc. | Bucks County Board of Elections |

**Are money damages requested?** ☐ Yes ☒ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Joseph Pizzo; Kenneth Ferris

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

---

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- _____
- ☐ Zoning Board
- ☐ Other: _____
- _____
- _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____
- _____
- _____

*Updated 1/1/2011*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access*

*Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information

and documents differently than non-confidential information and documents.

_____

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

IN RE: PRE-CANVASS OF ABSENTEE
AND MAIL-IN BALLOTS OF
NOVEMBER 3, 2020 GENERAL
ELECTION

STATUTORY APPEAL
No. _____

(Election Appeal)

**NOTICE OF APPEAL VIA PETITION FOR
REVIEW OF DECISION BY THE BUCKS
COUNTY BOARD OF ELECTIONS**

ORDER FOR HEARING

AND NOW, this 3d day of November, 2020, upon consideration of the Notice of Appeal

via Petition filed by Donald Trump for President, Inc., it is hereby ORDERED that a hearing is

scheduled for the 3rd day of November, 2020, at _____ o'clock p.m., in Courtroom _____ of the

Bucks County Justice Center.

BY THE COURT:

_____

J.

{01186074;v1}

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| IN RE: PRE-CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | STATUTORY APPEAL<br><br>No. _____ |

(Election Appeal)

## **ORDER OF COURT**

AND NOW, to-wit, this _____ day of _____, 2020, upon

consideration of Petitioners' Notice of Appeal via Petition for Review and finding that an error

of law occurred, it is hereby ORDERED, ADJUDGED and DECREED that the decision of the

Bucks County Board of Elections in denying Petitioners' objections as to the statutorily

prohibited disclosure of results of the pre-canvass prior to the closing of polls is reversed, and the

Bucks County Board of Elections is hereby directed that all identifying information on all mail-

in and absentee ballots must be kept secret until the closing of the polls.

BY THE COURT:

_____ J.

{01186034;v3}

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

IN RE: PRE-CANVASS OF
ABSENTEE AND MAIL-IN
BALLOTS OF NOVEMBER 3, 2020
GENERAL ELECTION

STATUTORY APPEAL

No. _____

(Election Appeal)

**NOTICE OF APPEAL VIA PETITION FOR REVIEW OF DECISION BY THE BUCKS COUNTY BOARD OF ELECTIONS**

Code: 190

**FILED ON BEHALF OF PETITIONER,**
DONALD J. TRUMP FOR PRESIDENT, INC.

Counsel of Record for this Party:

Joseph W. Pizzo, Esq.
Joseph Pizzo & Associates, LLC
Seven Neshaminy Interplex
Suite 200
Trevose, Pennsylvania 19053
Attorney ID 63268
jpizzo@rudolphclarke.com
(215) 633-1890
(267) 243-4871 cell

Kenneth Ferris, Esquire
Seven Neshaminy Interplex
Suite 200
Trevose, Pennsylvania 19053
Attorney ID 92335
kferris@ferris-law.com

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PRE-CANVASS OF ABSENTEE AND | : | STATUTORY APPEAL |
| MAIL-IN BALLOTS OF NOVEMBER 3, 2020 | : | |
| GENERAL ELECTION | : | No. _____ |
| | : | |
| | : | |
| | : | |
| | : | (Election Appeal) |

**NOTICE OF APPEAL VIA PETITION FOR REVIEW OF DECISION BY THE BUCKS COUNTY BOARD OF ELECTIONS**

**NOW COMES** Donald J. Trump for President, Inc. (the "Petitioner"), pursuant to

Section 3146.8 and 3157(a) of the Pennsylvania Election Code, 25 P.S. §§ 3146.8 & 3157(a), by

their undersigned counsel, hereby file this notice of appeal via a petition for this Court to review

and reverse the decision of the Bucks County Board of Elections in denying Petitioners'

objection to the disclosure of results of the pre-canvass review in the November 3, 2020 General

Election.  In support thereof, Petitioners state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this statutory appeal and venue is proper in this Court

pursuant to Section 3157 of the Election Code, 25 P.S. § 3157(a).

**PARTIES**

2.      Petitioner Donald J. Trump for President, Inc. (hereinafter, the "Trump Campaign"), is

the principal committee for the reelection campaign of Donald J. Trump, the 45th President of

2

the United States of America (hereinafter, "President Trump"). President Trump is the Republican candidate for the office of the President of the United States of America in the ongoing November 3, 2020 General Election. The Trump Campaign brings this action for itself and on behalf of its candidate, President Donald J. Trump. President Trump is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a). *See Rowland v. Smith,* 83 Pa. D. & C. 99, 101-2 (Pa. Ct. Com. Pl. Dauphin 1952) ("candidate" under the Election Code includes one who is a candidate for nomination for President of the United States). The Trump Campaign is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003,* 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election-1985,* 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be conducted).

3.      Respondent Bucks County Board of Elections ("Board") is responsible for overseeing the conduct of elections in Bucks County, including but not limited to the administration of the pre-canvass and canvass sessions of the Board during which absentee and mail-in ballots are opened, reviewed and counted, which is required to be done in accordance with the Election Code. Its principal place of business is located at 55 E. Court St. Doylestown, Pennsylvania.

## FACTS AND PROCEDURAL BACKGROUND

4.      In Pennsylvania, absentee voting has been held to be "an extraordinary procedure" in which the "ordinary safeguards of a confrontation of the voter by the election officials and watchers for the respective parties and candidates at the polling place are absent." *Canvass of*

3

*Absentee Ballots of April 28, 1964, Primary Election*, 34 Pa.D.&C.2d 419, 420 (C.C.P. Phila. 1964). Although it is "a salutary feature in our democratic processes of government," *Absentee Ballots Case (No. 1)*, 245 A.2d 258, 261 (Pa. 1968); absentee voting is a privilege that is "fraught with evils and frequently results in voided votes." *Decision of County Board of Election*, 29 Pa.D.&C.2d 499, 504 (C.C.P. Lebanon 1964). Thus, it has been recognized by the Pennsylvania courts that "the provisions of the law regarding absentee voting must be strictly construed and the rights created thereunder not extended beyond the plain and obvious intention of the act." *Decision of County Board of Election*, 29 Pa.D.&C.2d at 504; *see also In re: April 10, 1984 Election of E. Whiteland Twp., Chester Co.*, 483 A.2d 1033, 1035 (Pa. Commw. Ct. 1984); *Canvass of Absentee Ballots of April 28, 1964, Primary Election*, 34 Pa.D.&C.2d at 421.

5.    On October 31, 2019, the Pennsylvania General Assembly enacted Act 77. *See* Act 2019-77 (S.B. 421), § 8, approved October 31, 2019, eff. October 31, 2019. Act 77 made significant changes to Pennsylvania's elections, including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.*, 25 P.S. §§ 3150.11-3150.17.

6.    In extending the right to vote to include absentee voting and now no-excuse mail-in voting, the Pennsylvania General Assembly has properly provided in the Pennsylvania Election Code various safeguards to insure that the exercise of the absentee and mail-in voting privilege is not abused either directly or indirectly, inadvertently or maliciously. *See* 25 P.S. §§ 3146.1-9 (voting by qualified absentee electors) and 3150.11-3150.18 (voting by qualified mail-in electors).

7.    The public has a strong interest in ensuring that the election is conducted in a free and fair manner and that all duly qualified and properly registered voters have equal and adequate opportunity to vote, whether they vote in person, by absentee or mail-in ballot.

8.    On November 3, 2020, a general election is being held in which various Republican

candidates are on the ballot for federal and statewide offices, including President Donald J.

Trump.

9.    The November 3, 2020 general election is the first general election following the

enactment of Act 77 in 2019 which made significant changes to Pennsylvania's elections,

including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.,* 25 P.S. §§

3150.11-3150.17.

10.    At issue in this appeal is are the provisions of the Pennsylvania Election Code dealing

with the canvassing of absentee and mail-in ballots found at 25 P.S. § 3146.8(g)(1.1), which

state:

> The county board of elections shall meet no earlier than seven o'clock A.M. on
> election day to pre-canvass all ballots received prior to the meeting. A county
> board of elections shall provide at least forty-eight hours' notice of a pre-canvass
> meeting by publicly posting a notice of a pre-canvass meeting on its publicly
> accessible Internet website. One authorized representative of each candidate in an
> election and one representative from each political party shall be permitted to
> remain in the room in which the absentee ballots and mail-in ballots are pre-
> canvassed. *No person observing, attending or participating in a pre-canvass
> meeting may disclose the results of any portion of any pre-canvass meeting prior
> to the close of the polls.*

25 P.S. § 3146.8(g)(1.1)(italics added).

11.    Further, our Pennsylvania Supreme Court recently held in *Pa. Democratic Party v.

Boockvar*, 2020 WL 5554644, 2020 Pa. LEXIS 4872 (Pa., Sept. 17, 2020), that absentee and

mail-in ballots cast in violation of Election Code's mandatory requirements are void and cannot

be counted. *Id.*, 2020 Pa. LEXIS 4872, at *66-*74.

12.    Petitioner asserts that during the November 3, 2020, pre-canvass of mail-in and absentee

ballots by the Bucks County Board of Elections, certain various mail-in and absentee ballots

have been voided for various reasons, including ballots that are identified as void under the

5

Supreme Court's decision in *Boockvar, Id.,* and, further, Petitioner asserts that information regarding those mail-in and absentee ballots are a part of the results of the pre-canvass that according to the General Assembly, must be kept secret until the closing of the polls.

13.     During the November 3, 2020, pre-canvass of mail-in and absentee ballots, the Board of Elections has disclosed, and continues to disclose, voter identification information to authorized representatives attending and observing the pre-canvass, regarding ballots that are identified as void under the Supreme Court's decision in *Boockvar, Id.,* in direct violation of the above-cited provisions of the Election Code, 25 P.S. § 3146.8(g)(1.1).

14.     It is believed, and therefore averred, that the aforementioned voter identification information was, and is, in turn, being disclosed to persons outside of the pre-canvass meeting prior to the close of the polls.

15.     During the November 3, 2020, pre-canvass of mail-in and absentee ballots, an authorized representative of the Bucks County Republican Committee objected to the aforementioned disclosure of voter identification information regarding ballots that are identified as void under the Supreme Court's decision in *Boockvar, Id.,* namely "naked ballots," however, the Board of Elections subsequently advised all authorized representatives then present for the November 3, 2020 pre-canvass that the aforementioned voter identification information would continue to be provided to authorized representatives attending and observing the pre-canvass persons, and thus allowing those authorized representatives to, in turn, disclose that said voter identification information to persons outside of the pre-canvass meeting prior to the close of the polls.

16.     It is believed and therefore averred that by mistake, error or other irregularity, the Bucks County Board of Elections has improperly construed the Pennsylvania Election Code to permit

the disclosure of results of the pre-canvass meeting prior to the close of polls, which is prohibited by law.

17.    In statewide elections involving federal candidates, "a State's regulatory authority springs directly from the United States Constitution." *Project Vote v. Kelly*, 805 F. Supp. 2d 152, 174 (W.D. Pa. 2011) (citing *Cook v. Gralike*, 531 U.S. 510, 522-523 (2001); *U.S. Term Limits, Inc. v. Thornton,* 514 U.S. 779, 805 (1995)).

18.    The Elections Clause of the United States Constitution states that "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature* thereof." U.S. Const. Art. I, § 4, cl. 1 (emphasis added).  Likewise, the Electors Clause of the United States Constitution states that "[e]ach State shall appoint, in such Manner as *the Legislature* thereof may direct, a Number of Electors" for President.  U.S. Const. Art. II, § 1, cl. 2 (emphasis added).

19.    The Legislature is "'the representative body which ma[kes] the laws of the people.'" *Smiley v. Holm*, 285 U.S. 355, 365 (1932).  Regulations of congressional and presidential elections, thus, "must be in accordance with the method which the state has prescribed for legislative enactments." *Id.* at 367; *see also Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 135 S. Ct. 2652, 2668 (U.S. 2015).

20.    In Pennsylvania, the "legislature" is the General Assembly.  Pa. Const. Art. II, § 1. *See also Winston v. Moore,* 91 A. 520, 522 (Pa. 1914) ("The power to regulate elections is legislative, and has always been exercised by the lawmaking branch of the government."); *Patterson v. Barlow,* 60 Pa. 54, 75 (1869) ("It is admitted that the Constitution cannot execute itself, and that the power to regulate elections is a legislative one, which has always been exercised by the General Assembly since the foundation of the government.").

21.     Because the United States Constitution reserves for state legislatures the power to set the time, place, and manner of holding elections for Congress and the President, state executive officers, including but not limited to Secretary Boockvar, have no authority to unilaterally exercise that power, much less flout existing legislation.

22.     Nor can the authority to ignore existing legislation be delegated to an executive officer. While the Elections Clause "was not adopted to diminish a State's authority to determine its own lawmaking processes," *Ariz. State Legislature*, 135 S. Ct. at 2677, it does hold states accountable to their chosen processes when it comes to regulating federal elections. *Id.* at 2668.

23.     The Pennsylvania Constitution vests no powers or duties in Secretary of State Boockvar. *Perzel v. Cortes,* 870 A.2d 759, 764 (Pa. 2005).   Instead, her general powers and duties concerning elections are set forth in Election Code Section 201, 25 P.S. § 2621.

24.     The Bucks County Board of Elections is not empowered to re-write the Election Code or adopt rules, regulations, instructions or decisions that are inconsistent with the Election Code. *See* 25 P.S. § 2642.

25.     When County Election Boards, individually or collectively, exceed their limited rule-making powers, they "generate a far greater inequity: the uneven treatment of absentee votes throughout the Commonwealth." *In re Canvass of Absentee Ballots,* 843 A.2d at 1234.  *See also Pierce,* 324 F. Supp. 2d at 698-699 (allowing a patchwork of different rules from county to county in a statewide election involving federal and state candidates implicates equal protection concerns).

26.     Under the Election Code, the Secretary of the Commonwealth has no role that allows her to oversee the County Election Boards' conduct of primaries and general elections, except the

8

limited authority to order a recount or recanvass under Election Section 1404, 25 P.S. § 3154. *See* 25 P.S. § 2621(f.2).

27.     Accordingly, the decision of the Bucks County Board of Elections ignoring and otherwise denying objections as to the disclosure of results of the pre-canvass meeting prior to the close of polls is based on a clear error of law and must be reversed.

28.     This Notice of Appeal via Petition for Review has been timely made.

WHEREFORE, Petitioners respectfully request this Honorable Court to enter an order that reverses the decision of the Bucks County Board of Elections and sustains Petitioner's objections as to the statutorily prohibited disclosure of results of the pre-canvass meeting prior to the close of polls in the November 3, 2020 General Election, and for such other and further relief as provided by the Pennsylvania Election Code and/or as this Court deems just and appropriate.

Dated:   November 3, 2020   Respectfully submitted,

Joseph W. Pizzo, Esquire
Kenneth Ferris, Esquire
*Counsel for Petitioners*

## VERIFICATION

I, Joseph W. Pizzo, Esq., hereby swear or affirm that I am counsel of record for Petitioners in the within action; that the verification of the Petitioners could not be obtained within the time allowed for filing this Petition; and that the facts contained in the attached Petition are true and correct based on information supplied to be by others.

This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: November 3, 2020