# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, <br><br> Defendants. | Civil Action No. 4:20-cv-02078-MWB <br><br> Judge Matthew W. Brann <br><br> Electronically Filed |

## DEFENDANT KATHY BOOCKVAR'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS

Pursuant to the Court's direction during the November 10, 2020 telephone conference to promptly report subsequent material developments, Secretary of the Commonwealth Kathy Boockvar provides notice of the precedential decision of the U.S. Court of Appeals for the Third Circuit in *Bognet v. Secretary of the Commonwealth of Pennsylvania*, No. 20-3214 (3d Cir. Nov. 13, 2020), a copy of which is attached as Exhibit "A." The *Bognet* decision is controlling with respect to Defendants' pending motion to dismiss for lack of standing.

The Third Circuit in *Bognet* affirmed that a political candidate and voters lack standing to bring similar claims under the Elections and Electors Clauses and the Equal Protection Clause. Chief Judge D. Brooks Smith, writing for the panel,

also reaffirmed that "[f]ederal courts are not venues for plaintiffs to assert a bare right to have the Government act in accordance with law." Slip Op. at 20 (citations and internal quotation marks omitted).

Specifically, the Court held that "private plaintiffs lack standing to sue for alleged injuries attributable to a state government's violations of the Elections Clause." *Id.* at 21. The same logic applies to the Electors Clause. *Id.* at 22. Accordingly, individual voters and a political candidate "lack standing to sue over the alleged usurpation of the General Assembly's rights under the Elections and Electors Clauses." *Id.* at 23.

The Court further held that plaintiffs lacked standing to pursue claims against Secretary Boockvar and county election boards under the Equal Protection Clause alleging vote dilution and arbitrary and disparate treatment because such harm is neither concrete nor particularized. *Id.* at 29. The Court held that the plaintiffs' "conceptualization of vote dilution—state actors counting ballots in violation of state election law—is not a concrete harm under the Equal Protection Clause of the Fourteenth Amendment." *Id.* at 33. Furthermore, the alleged counting of improper votes is a mere generalized grievance which is insufficient to confer standing. *Id.* at 36. The Court explained that "a vote . . . counted illegally has a mathematical impact on the final tally and thus on the proportional effect of every vote, but no single voter is specifically disadvantaged." *Id.* at 37 (citation

and internal quotation marks omitted). Such votes do not constitute "an injury in fact for purposes of an Equal Protection Clause claim." *Id.* at 43. The Court added: "Allowing standing for such an injury strikes us as indistinguishable from the proposition that a plaintiff has Article III standing to assert a general interest in seeing the proper application of the Constitution and laws—a proposition that the Supreme Court has firmly rejected." *Id.* at 44 (citation and internal quotation marks omitted).

The Court also found that the claims alleging arbitrary and disparate treatment under the Equal Protection Clause likewise failed for lack of standing. *Id.* at 44-45. As in this case, the plaintiffs in *Bognet* alleged no legally protected "preferred class" of voters and no discrimination or other intentionally unlawful conduct stemming from the alleged unequal application of election laws. *Id.* at 47. Moreover, their allegation of unequal treatment was entirely speculative. *Id.* at 49-50.

*Bognet* eliminates any lingering doubt regarding the viability of plaintiffs' claims and requires that the Complaint in this matter be dismissed forthwith due to the lack of standing and the absence of federal jurisdiction. Accordingly, this matter should be dismissed with prejudice and the oral argument should be cancelled.

Dated: November 13, 2020　　　　Respectfully submitted,

| | |
|---|---|
| KIRKLAND & ELLIS LLP | PENNSYLVANIA OFFICE OF ATTORNEY GENERAL |
| By: */s/ Daniel T. Donovan* <br> Daniel T. Donovan <br> Susan M. Davies <br> Michael A. Glick <br> 1301 Pennsylvania Avenue, N.W. <br> Washington, DC  20004 <br> (202)-389-5000 (telephone) <br> (202)-389-5200 (facsimile) <br> daniel.donovan@kirkland.com <br> susan.davies@kirkland.com <br> michael.glick@kirkland.com | By: */s/ Keli M. Neary* <br> Keli M. Neary <br> Karen M. Romano <br> Nicole Boland <br> Stephen Moniak <br> 15th Floor, Strawberry Square <br> Harrisburg, PA 17120 <br> (717) 787-2717 (telephone) <br> (717) 772-4526 (facsimile) <br> kromano@attorneygeneral.gov <br> kneary@attorneygeneral.gov <br> nboland@attorneygeneral.gov <br> smoniak@attorneygeneral.gov |
| | MYERS BRIER & KELLY LLP |
| | By: */s/ Daniel T. Brier* <br> Daniel T. Brier <br> Donna A. Walsh <br> 425 Spruce Street, Suite 200 <br> Scranton, PA 18503 <br> (570) 342-6100 (telephone) <br> (570) 342-6147 (facsimile) <br> dbrier@mbklaw.com <br> dwalsh@mbklaw.com |

*Counsel for Kathy Boockvar, Secretary of the Commonwealth*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      */s/* Daniel T. Brier
                                      Daniel T. Brier