**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>KATHY BOOCKVAR, et al., <br><br>　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION No. 4:20-CV-02078 <br> ) <br> ) Judge Matthew W. Brann <br> ) <br> ) Electronically filed <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT KATHY BOOCKVAR'S
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' core allegations in this case are that Pennsylvania election officials mis-administered Pennsylvania's 2020 general election by (1) counting unlawful ballots and (2) counting ballots using processes that differed substantially across counties. Those unlawful actions, Plaintiffs contend, violate the Elections and Electors Clauses and the Equal Protection Clause, respectively.

Though Plaintiffs disagree with today's decision in *Bognet v. Secretary of the Commonwealth of Pennsylvania*, No. 20-3214 (3d Cir. Nov. 13, 2020), they acknowledge that—because the General Assembly is not a party here—*Bognet* forecloses their allegations that they have standing to pursue their Elections and Electors Clauses claims. *See* slip op. at 21-23.

But Plaintiffs' Equal Protection Clause claim remains fully justiciable. *Bognet* concluded that in-person voters lacked standing to raise a differential-treatment equal protection challenge to the post-Election Day receipt deadline for unpostmarked mail-in ballots. The Third Circuit based its ruling on two premises. First, it reasoned that in-person voters had "shown no disadvantage to themselves that arises simply by being separated into groupings." *Id.* at 46. In

1

other words, the problem was the in-person voters' failure to show "at least some burden on [their] own voting rights." *Id.* at 47. Second, the Court thought any harm to the in-person voters was speculative because there was no evidence "that would establish a statistical likelihood or even the plausibility that any of the 655" unpostmarked ballots received after Election Day "[were] cast after Election Day." *Id.* at 50-51.

Even assuming those facts foreclose Article III standing, no such problems exist here. Plaintiffs' differential-treatment equal protection claim arises from a "disadvantage to themselves that arises" *precisely because* they are "separated into [geographic] groupings." *Id.* at 46. Some counties in Pennsylvania provided by-mail voters a chance to cure faulty mail ballots. Other counties did not. And some counties are counting ballots with legal failings but others are not. By-mail voters in counties that did not provide cure opportunities, or that enforce all legal requirements, suffer an unquestionable "burden on [their] own voting rights," *id.* at 47—they are deprived of "the right to have one's vote counted," *United States v. Mosley*, 238 U.S. 383, 386 (1915). Nor is that harm speculative; Plaintiffs' existing allegations and evidence establish that this county-by-county differential treatment (and resulting deprivation of some by-mail voters' rights) is not just "plausib[le]." *Bognet*, slip op. at 50. *It actually occurred*.

All this means Plaintiffs still have standing after *Bognet* to press their Equal Protection Clause claim. The Court should hear it and grant Plaintiffs a remedy that vindicates their right to have their vote "correctly counted." *Gray v. Sanders*, 372 U.S. 368, 380 (1963).

Respectfully submitted:

Dated: November 13, 2020

  */s/ Linda A. Kerns*
Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
Attorney ID 84495
1420 Locust Street, Suite 200
Philadelphia, PA 19102
T: 215-731-1413
lak@lindakernslaw.com

*Counsel for all Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this 13th day of November, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Linda A. Kerns
Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
Attorney ID 84495
1420 Locust Street, Suite 200
Philadelphia, PA 19102
T: 215-731-1413
lak@lindakernslaw.com

*Counsel for all Plaintiffs*