**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION |
| v. | ) ) |
| KATHY BOOCKVAR, et al., | ) ) ) No. 20-CV-02078 |
| Defendants. | ) ) |

**RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

   A. Defendants' motion to dismiss is moot because an amended complaint has been filed..... 1

   B. Defendants' procedural objections lack merit in all events. ............................................... 2

      1. Standing ...................................................................................................................... 2

      2. Res Judicata ............................................................................................................... 5

      3. Abstention .................................................................................................................. 8

      4. Laches ........................................................................................................................ 9

III. CONCLUSION .............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Abbas v. Dixon*,
  480 F.3d 636 (2d Cir. 2007) .................................................................................. 10

*Alevras v. Tacopina*,
  226 F. App'x 222 (3d Cir. 2007) ......................................................................... 6, 7

*Arab African Int'l Bank v. Epstein*,
  10 F.3d 168 (3d Cir. 1993) .................................................................................. 6, 7

*Artway v. Attorney Gen. of State of N.J.*,
  81 F.3d 1235 (3d Cir. 1996) ..................................................................................... 8

*Bognet v. Sec'y Pa.*,
  No. 20-3214, 2020 WL 6686120, at *1 (3d Cir. Nov. 13, 2020) ......................... 2, 3

*Bush v. Gore*,
  531 U.S. 98 (2000) .................................................................................................. 3

*Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*,
  770 F.3d 610 (7th Cir. 2014) ................................................................................. 10

*Colo. River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................................................ 8

*Constitution Party of Pa. v. Aichele*,
  757 F.3d 347 (3d Cir. 2014) .................................................................................... 3

*de Csepel v. Republic of Hungary*,
  714 F.3d 591 (D.C. Cir. 2013) .............................................................................. 10

*Donald Trump For President, Inc. v. Boockvar*,
  2020 WL 5997680 (WD. Pa. Oct. 10, 2020) .......................................................... 5

*Drake v. Obama*,
  664 F.3d 774 (9th Cir. 2011) ................................................................................... 5

*Fed. Election Comm'n v. Akins*,
  524 U.S. 11 (1998) .................................................................................................. 4

*Fulani v. Hogsett*,
  917 F.2d 1028 (7th Cir. 1990) ................................................................................. 5

*Gill v. Whitford*,
  138 S. Ct. 1916 (2018) ............................................................................................ 2

*Green Party of Tenn. v. Hargett*,
  767 F.3d 533 (6th Cir. 2014) ................................................................................... 5

*Hotze v. Hollins*,
  No. 4:20-cv-03709, 2020 WL 6437668 (S.D. Tex. Nov. 2, 2020) .......................... 4

*In re Mullarkey*,
  536 F.3d 215 (3d Cir. 2008) ................................................................................ 6, 7

*Katona v. Asure*,
   No. 1:11-CV-1817, 2013 WL 458464 (M.D. Pa. Feb. 6, 2013) .............................. 2

*King v. Mansfield Univ. of Pa.*,
   No. 1:15-CV-0159, 2018 WL 1203467 (M.D. Pa. Mar. 8, 2018) .......................... 1

*Kremer v Chem. Construction Co.*,
   456 U.S. 461 (1982) ............................................................................................. 6

*Lazaridis v. Wehmer*,
   591 F.3d 666 (3d Cir. 2010) ................................................................................ 8

*League of Women Voters of Ohio v. Brunner*,
   548 F.3d 463 (6th Cir. 2008) ........................................................................ 3, 11

*Mendoza v. Electrolux Home Prods., Inc.*,
   No. 4:15-CV-00371, 2018 WL 3973184 (M.D. Pa. Aug. 20, 2018) .................... 2

*Nelson v. Warner*,
   No. CV 3:19-0898, 2020 WL 4582414 (S.D.W. Va. Aug. 10, 2020) .................. 5

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
   491 U.S. 350 (1989) ............................................................................................ 9

*Office of Disciplinary Counsel v. Kiesewetter*,
   889 A.2d 47 (Pa. 2005) .................................................................................. 6, 7

*Pa. Democratic Party v. Boockvar*,
   238 A.3d 345 (2020) ................................................................................. 5, 7, 9

*Pa. Democratic Party v. Boockvar*,
   No. 133 MM 2020 (Pa. Sep. 3, 2020) .................................................................. 7

*Pavek v. Donald J. Trump for President, Inc.*,
   967 F.3d 905 (8th Cir. 2020) .............................................................................. 5

Radakovich v. Radakovich,
   846 A.2d 709 (Pa. Super. Ct. 2004) ................................................................ 6, 7

*Railroad Comm'n v. Pullman Co.*,
   312 U.S. 496 (1941) ............................................................................................ 8

*Regscan, Inc. v. Brewer*,
   No. CIV.A.04-6043, 2006 WL 401852 (E.D. Pa. Feb. 17, 2006) ....................... 6

*Reynolds v. Sims*,
   377 U.S. 533 (1964) ................................................................................... 2, 3, 4

*Schulz v. Williams*,
   44 F.3d 48 (2d Cir. 1994) ................................................................................... 5

*Snyder v Pascack Valley Hospital*,
   303 F.3d 271 (3d Cir. 2002) ............................................................................... 1

*Spinola v. Coles*,
   697 F. Supp. 895 (W.D Pa. 1988) ...................................................................... 6

*Sprint Commcns., Inc. v. Jacobs*,
  571 U.S. 69 (2013) .................................................................................................. 8

*Tex. Democratic Party v. Benkiser*,
  459 F.3d 582 (5th Cir. 2006) .................................................................................. 5

*Tourot v. Monroe Career & Technical Inst.*,
  No. CV 3:14-1779, 2015 WL 5997120, at*1 (M.D. Pa. Oct. 14, 2015) ................... 1

*United States ex rel. Marc Silver v. Omnicare, Inc.*,
  No. CV 11-1326, 2013 WL 12155426 (D.N.J. Nov. 15, 2013) ............................... 2

*Versus Tech. Inc. v. Radianse Inc.*,
  No. CV 04-1231-SLR , 2005 WL 8171769 (D. Del Apr. 13, 2005) ........................ 1

*Warner v. Sun Ship, LLC*,
  No. CIV.A. 11-7830, 2012 WL 1521866 (E.D. Pa. Apr. 30, 2012) ...................... 10

*Zwickler v. Koota*,
  389 U.S. 241 (1967) ............................................................................................ 8, 9

**I.      INTRODUCTION**

Defendants' motions to dismiss can be resolved in short order: they are now moot because Plaintiffs have amended their complaint. While the motions thus warrant no opposition, Plaintiffs nonetheless file this brief response to assist the Court given the truncated schedule in these proceedings.

**II.     ARGUMENT**

Defendants' motions should be dismissed as moot because they target a complaint that is no longer operative. Further, Defendants' attempts to ignore the pleadings and bypass the merits of this important dispute are unpersuasive. First, contrary to Defendants' assertions, Plaintiffs have standing and have adequately alleged a violation of the Equal Protection Clause of the Fourteenth Amendment. Second, Plaintiffs' claims are not barred by claim or issue preclusion, especially when limited to the four corners of the operative complaint. Third, *Pullman* abstention is inappropriate here. And fourth, Defendants cannot, accepting the well-pleaded facts as true, establish the affirmative defense of laches.

      **A.     Defendants' motion to dismiss is moot because an amended complaint has been filed.**

Before filing this response, Plaintiffs amended their original complaint. In this Circuit, "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit." *Snyder v Pascack Valley Hospital*, 303 F.3d 271, 276 (3d Cir. 2002). As such, motions to dismiss "addressing the original complaint may be deemed moot." *King v. Mansfield Univ. of Pa.*, No. 1:15-CV-0159, 2018 WL 1203467, at *1 (M.D. Pa. Mar. 8, 2018); *see Tourot v. Monroe Career & Technical Inst.*, No. CV 3:14-1779, 2015 WL 5997120 (M.D. Pa. Oct. 14, 2015); *Versus Tech. Inc. v. Radianse Inc.*, No. CV 04-1231-SLR , 2005 WL 8171769, at *1 (D. Del Apr. 13, 2005). A motion to dismiss filed against an earlier version of the complaint is "no

longer tailored to the operative complaint and would result in unnecessary review by the Court." *United States ex rel. Marc Silver v. Omnicare, Inc.*, No. CV 11-1326, 2013 WL 12155426, at *1 (D.N.J. Nov. 15, 2013). More simply, a court cannot dismiss an inoperative pleading. *See Mendoza v. Electrolux Home Prods., Inc.*, No. 4:15-CV-00371, 2018 WL 3973184, at *7 (M.D. Pa. Aug. 20, 2018).

Here, "[s]ince the complaint in this case has been amended, the original complaint is now a nullity," and any motion to dismiss is now "moot." *Katona v. Asure*, No. 1:11-CV-1817, 2013 WL 458464, at *1 (M.D. Pa. Feb. 6, 2013).

**B.   Defendants' procedural objections lack merit in all events.**

**1.   Standing**

Plaintiffs have adequately alleged standing based on the deprivation of their fundamental right to vote through Pennsylvania's grossly unequal application of ballot-validity rules based on the happenstance of geography.[1] The "right to vote is 'individual and personal in nature.'" *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)). "Thus, 'voters who allege facts showing disadvantage to themselves as individuals have standing to sue' to remedy that disadvantage." *Id.*

"The key inquiry for standing is whether the alleged violation of the right to vote arises from an invidious classification—including … '*place of residence within a State*,'—to which the plaintiff is subject and in which 'the favored group has full voting strength and the groups not in favor have their votes discounted.'" *Bognet*, 2020 WL 6686120, at *13–14 (quoting *Reynolds*, 377

---

[1] Plaintiffs acknowledge that, after the Third Circuit's recent ruling in *Bognet v. Sec'y Pa.*, No. 20-3214, 2020 WL 6686120 (3d Cir. Nov. 13, 2020), this Court cannot find that they have standing to raise their Electors Clause claim. Plaintiffs believe *Bognet* was wrongly decided and maintain their Electors Clause claim to preserve it for appellate review.

2

U.S. at 555, 561 & n.29) (emphasis added). Moreover, "voters who allege facts showing disadvantage to themselves" have standing to bring suit to remedy that disadvantage if they are "part of a group of voters whose votes will be weighed differently compared to another group." *Id.*

Plaintiff David John Henry makes precisely that allegation. Henry is a "qualified registered elector residing in West Hempfield Township, Lancaster County, Pennsylvania." Am. Compl. ¶ 15. He specifically alleges:

> While counties like the Defendant County Boards of Elections permitted voters to cast either replacement absentee and mail-in ballots before Election Day or provisional ballots on Election Day in order to cure their defective mail-in ballots, many more counties are not. Lancaster … for example, did not contact voters who submitted defective ballots or give them an opportunity to cure. They simply followed the law and treated these ballots as invalid and refused to count them.

Am. Compl. ¶ 130. Thus "two voters could each have cast a mail-in ballot before Election Day at the same time, yet perhaps only one of their ballots" would be counted because it was cast in a jurisdiction that allowed for cure. *Bognet*, 2020 WL 6686120, at *13–14. In other words, Henry cast a defective ballot that was not counted, but another Pennsylvania voter in another county could cast the same defective ballot and have his vote counted—solely based on place of residence.[2]

This is a judicially cognizable injury under the Equal Protection Clause. The Clause imposes a "minimum requirement for nonarbitrary treatment of voters" and forbids voting systems and practices that distribute resources in "standardless" fashion, without "specific rules designed to ensure uniform treatment." *Bush v. Gore*, 531 U.S. 98, 105–07 (2000); *see also League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 477-78 (6th Cir. 2008) ("[T]he use of

---

[2] "In reviewing [Defendants'] facial attack" on Plaintiffs' standing, the Court must consider the facts "in the light most favorable to the plaintiff" and "constru[e] the alleged facts in favor of the non-moving party." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (internal quotation marks omitted).

3

standardless manual recounts violates the Equal Protection Clause."). Secretary Boockvar allowed some counties to ignore the State's uniform cure procedures, while others adhered to the law. The resulting haphazard cure process treated Pennsylvania voters, including Henry, differently solely based on their county of residence. *See Bush*, 531 U.S. at 107 (finding Equal Protection violation when "each of the counties used varying standards to determine what was a legal vote"). Pennsylvania's election thus violated the "clear and strong command of our Constitution's Equal Protection Clause" that "voters cannot be classified, constitutionally, on the basis of where they live." *Reynolds*, 377 U.S at 560, 568.

Defendants portray this disparate treatment as merely a generalized and speculative injury. Yet Plaintiffs' injuries do not turn on vote *dilution*, but rather vote *denial*. Henry has alleged that, due to the Commonwealth's disparate treatment of voters in counties that did not allow for ballot cure, his vote was *not* counted. This is a "specialized grievance beyond an interest in the integrity of the election process." *Hotze v. Hollins*, No. 4:20-cv-03709, 2020 WL 6437668, at *2 (S.D. Tex. Nov. 2, 2020). Because voting is "the most basic of political rights," "interference with voting rights" is an injury "sufficiently concrete and specific" to confer Article III standing, despite the fact "that it is widely shared." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24–25 (1998). Similarly, there is nothing speculative about this injury—the complaint alleges that the procedures actually implemented by the Commonwealth explicitly prevented voters like Henry from curing his ballot based solely upon where he lives. And even looking beyond the four corners of the complaint, election officials have *confirmed* the veracity of the complaint's well-pleaded factual assertions. *See* Margot Cleveland, *Pennsylvania Mail-In Ballot Snafu Is Ripe for the U.S. Supreme Court to Intervene*, Federalist (Nov. 12, 2020), https://thefederalist.com/2020/11/12/pennsylvania-mail-in-ballot-snafu-is-ripe-for-the-u-s-supreme-court-to-intervene/; Angela Couloumbis & Jamie

4

Martines, *Republicans Seeks to Sideline Pa. Mail Ballots that Voters Were Allowed to Fix*, Spotlight PA (Nov. 3, 2020), https://www.spotlightpa.org/news/2020/11/pennsylvania-mail-ballots-republican-legal-challenge-naked-ballots-fixed-cured/.

Plaintiffs have also established "competitive standing" by alleging that a disparate state action will lead to the "potential loss of an election." *Drake v. Obama*, 664 F.3d 774, 783 (9th Cir. 2011). "[O]verwhelming precedent" holds "that a candidate and his or her party can show an injury-in-fact if the defendant's actions harm the candidate's chances of winning." *Nelson v. Warner*, No. CV 3:19-0898, 2020 WL 4582414, at *4 (S.D.W. Va. Aug. 10, 2020); *see also Drake*, 664 F.3d at 732; *Pavek v. Donald J. Trump for President, Inc.*, 967 F.3d 905, 907 (8th Cir. 2020); *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 538 (6th Cir. 2014); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 587–88 (5th Cir. 2006); *Fulani v. Hogsett*, 917 F.2d 1028, 1030 (7th Cir. 1990); *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir. 1994). The Amended Complaint explains how the cure disparity and the Defendant counties' insistence upon counting illegal ballots disparately favored Democratic-leaning counties over Republican-leaning counties. *See* Am. Compl. ¶¶ 6, 131, 158. Unless *Bush v. Gore* was much ado about nothing, presidential candidates of course have an interest in having lawful votes for them counted and unlawful votes for their opponent invalidated. That's particularly true in Pennsylvania, one of a few swing states where recounts or other litigation is ongoing and where the vote margin is close. It is telling that Defendants are breathlessly attempting to elide the merits rather than producing simple facts that would confirm the *magnitude* of the equal-protection violations. Plaintiffs have unquestionably suffered constitutionally redressable injury. The sole question that remains is how deep are the wounds.

### 2. Res Judicata

Defendant Northampton County Board of Electors wrongly asserts that Plaintiffs' claims are barred by claim and issue preclusion, arguing that Plaintiffs have litigated the same issues in

5

previous litigation in federal and state court. *See Pa. Democratic Party v. Boockvar*, 238 A.3d 345 (2020); *Donald Trump For President, Inc. v. Boockvar*, 2020 WL 5997680 (W.D. Pa. Oct. 10, 2020). But this argument is misguided legally and factually—which is perhaps why no other Defendant raises it.

Under federal law, claim preclusion bars a plaintiff's suit if three elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 171 (3d Cir. 1993). Under Pennsylvania law, claim preclusion requires "the concurrence of four conditions between the present and prior actions: (1) identity of issues; (2) identity of causes of action; (3) identity of parties or their privies; and (4) identity of the quality or capacity of the parties suing or being sued." *Radakovich v. Radakovich,* 846 A.2d 709, 715 (Pa. Super. Ct. 2004).[3] Although the requirements "are set out in a different form," claim preclusion under federal law is "substantially the same as in Pennsylvania." *Regscan, Inc. v. Brewer*, No. CIV.A.04-6043, 2006 WL 401852, at *5 n.2 (E.D. Pa. Feb. 17, 2006); *see id.* (explaining the neat overlap). In short, the doctrine is intended to preclude "re-litigation of issues that either were raised or could have been raised in the prior proceeding." *Radakovich,* 846 A.2d at 715; *see In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

Under both federal law and Pennsylvania law, a party seeking to invoke issue preclusion has the burden of showing that "(1) the identical issue was decided in prior adjudication; (2) there

---

[3] When a federal court considers whether a cause of action is precluded by earlier state-law litigation, it invokes the state-law principles of preclusion, and then gives that determination full faith and credit under federal law. *See Spinola v. Coles*, 697 F. Supp. 895, 896 (W.D. Pa. 1988) (citing *Kremer v Chem. Construction Co.*, 456 U.S. 461 (1982)). Thus, the Court should apply state law to the extent Defendant argues that Plaintiffs' claims are precluded by earlier state litigation, and federal law to the extent Defendant asserts preclusion on the basis of prior federal litigation. *See Alevras v. Tacopina*, 226 F. App'x 222, 227 (3d Cir. 2007).

6

was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Alevras*, 226 F. App'x at 227–28; *see Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005) (listing the same four elements, plus the additional element that "the determination in the prior proceeding was essential to the judgment").

Both claim and issue preclusion are inapplicable here for similar reasons. Because Plaintiffs were not parties to the state litigation, *see* Order Granting in Part Applications for Intervention, *Pa. Democratic Party v. Boockvar*, No. 133 MM 2020 (Pa. Sep. 3, 2020) (per curiam minute order) (denying Donald J. Trump for President, Inc.'s motion to intervene), neither preclusion "bar" can be "asserted" against them on the basis of that case. *Alevras,* 226 F. App'x at 227–28; *see Kiesewetter*, 889 A.2d at 50–51; *Epstein,* 10 F.3d at 171; *Radakovich,* 846 A.2d at 715.

As for the federal case, Plaintiffs' current equal protection challenge to the counting of illegal ballots and the cure process was never raised, litigated, or decided. *See Pa. Democratic Party*, 2020 WL 5997680, at *1 (identifying the three claims at issue in the case as relating to drop boxes for mail-in ballots, signature matching, and the residency requirement for poll watchers). Indeed, Plaintiffs *could not have* raised such a claim in that litigation because Plaintiffs' claim did not ripen until Defendants announced the cure process (shortly before election day),several counties decided not to implement the cure process (on election day itself), and different counties applied opposing standards for whether to count technically deficient ballots (on and after election day). Therefore, Plaintiffs' claims are not barred by claim or issue preclusion. *See Epstein,* 10 F.3d at 171; *Mullarkey*, 536 F.3d at 225; *Alevras*, 226 F. App'x at 227-28.

7

### 3. Abstention

This case does not warrant abstention under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941).[4]

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commcns., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). *"Pullman* abstention 'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it [which] can be justified ... only in exceptional circumstances.'" *Artway v. Attorney Gen. of State of N.J.*, 81 F.3d 1235, 1270 (3d Cir. 1996) (quoting *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976)). A court can abstain under *Pullman* only if it finds "(1) that uncertain issues of state law underlie the federal constitutional claims brought in the district court; (2) that the state law issues are amenable to a state court interpretation that would obviate the need for, or substantially narrow, adjudication of the federal claim; and (3) that important state policies would be disrupted through a federal court's erroneous construction of state law." *Id.*

All three requirements are missing here. First, no issues of state law underlie Plaintiffs' equal protection claim; Defendants' unequal treatment of voters violates the federal constitution whether or not that treatment also violates state law. Second, even if Plaintiffs' equal protection claim implicated a determinative question of state law, that question is not "uncertain" nor "obviously susceptible of a limiting construction" that would avoid the federal questions. *Zwickler v. Koota*, 389 U.S. 241, 251 n.14 (1967). The Pennsylvania Supreme Court—the ultimate authority

---

[4] The attempt by some of the County Boards to invoke *Younger* abstention is equally meritless. For a court to abstain under *Younger* there must be, *inter alia*, an ongoing state proceeding involving the federal plaintiff that provides an opportunity to raise federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). Defendants cite no such proceeding.

8

on Pennsylvania law—already decided the relevant questions; it held that the decision to provide a cure process is one for the legislature and that the legislature decided not to provide one. *See Pa. Democratic Party*, 238 A.3d at 374. And Pennsylvania law is clear that mail and absentee ballot envelopes must meet certain legal requirements. *See* 25 Pa. Stat. Ann. § 3150.16. Third, no Defendant seriously maintains that Pennsylvania has an important state policy interest in applying lenient ballot-counting rules in Democratic counties and exacting standards in Republican ones.

Even if all three *Pullman* factors were met, this Court retains discretion to adjudicate the issue. It should do so. The deadline for finalizing election results is imminent, so sending the case to state court "would impose expense and long delay upon the litigants without hope of its bearing fruit." *Koota*, 389 U.S. at 251. With such a short period of time to redress serious federal questions, there is no basis for this Court to abstain from its "virtually unflagging" "obligation to adjudicate claims within [its] jurisdiction." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989).[5]

### 4. Laches

Finally, the NAACP asserts the Plaintiffs' claims are barred by the equitable doctrine of laches. But laches (like claim and issue preclusion) is an affirmative defense. At the pleading stage, "plaintiffs must plead the elements of their claims" and "are not required to negate an affirmative defense in their complaint." *de Csepel v. Republic of Hungary*, 714 F.3d 591, 607–08 (D.C. Cir.

---

[5] At bottom, Defendants' abstention argument tries to resurrect *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 663 (1978), and erect an exhaustion requirement for § 1983 claims. If the first two *Pullman* factors are missing in a § 1983 case, as they are here, Defendants essentially construe the third factor to argue that a state actor must be found to be acting in accordance with state law before a § 1983 claim will lie. Though similar to the opinion of two concurring justices in *Pape*, 365 U.S. at 241 (Harlan, J., concurring), this is not the law.

9

2013) (cleaned up); *see also Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) ("'[C]omplaints need not … plead around defenses.'"); *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (same). Dismissal is appropriate only when the "applicability of the doctrine is apparent from the face of the Complaint." *Warner v. Sun Ship, LLC*, No. CIV.A. 11-7830, 2012 WL 1521866, at *2 (E.D. Pa. Apr. 30, 2012), *aff'd*, 507 F. App'x 107 (3d Cir. 2012).

Defendants cannot meet this standard because Plaintiffs did not "inexcusabl[y] delay" bringing their complaint—let alone allege such delay on the face of their complaint. *Id.* To the contrary, Plaintiffs filed this complaint less than a week after Election Day, when their injury actually occurred. Plaintiffs' equal protection injury did not arise until votes were unequally *counted.* Counties took different positions on curing before election day, the Secretary did not instruct counties to allow curing until the night before election day, and counties only decided (in grossly unequal fashion) which votes to count and which to discard *after* election day. *Those decisions,* and only those, are what trigger the equal protection violations alleged here. Suppose two voters: (1) a vote-by-mail voter whose ballot is cancelled due to a defect who is not given any opportunity to cure; and (2) an identically situated voter whose mail-in ballot is cancelled, who is informed of this in advance by his county election board, and who casts a provisional ballot on election day. If the second voter's provisional ballot is *not* counted, there is no equal-protection violation. It is only the decision to cancel the first and count the second voters' ballots that violates the Constitution. Plaintiffs brought this suit immediately once the constitutional violations were

10

ripe. Laches is thus not only a procedurally improper defense at this stage, but a legally meritless defense at any stage.[6]

## III. CONCLUSION

The motions to dismiss should be dismissed as moot.

Dated: November 15, 2020

Respectfully submitted:

 /s/ *Linda A. Kerns*
Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
Attorney ID 84495
1420 Locust Street, Suite 200
Philadelphia, PA 19102
T: 215-731-1413
lak@lindakernslaw.com

*Counsel for all Plaintiffs*

---

[6] The *Purcell* principle—applicable only before an election—has no bearing on post-election Equal Protection Clause claims, which are regularly litigated after the election. *See, e.g.*, *League of Women Voters of Ohio*, 548 F.3d at 466.

11

## CERTIFICATE OF SERVICE

I hereby certify that this 15th day of November, 2020, I filed a copy of the foregoing **RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**, which will serve all parties registered to receive same.

          /s/ Linda A. Kerns
Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
Attorney ID 84495
1420 Locust Street, Suite 200
Philadelphia, PA 19102
T: 215-731-1413
lak@lindakernslaw.com

*Counsel for all Plaintiffs*