IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Civil Action No. 4:20-cv-02078-MWB |
| v. | )<br>) |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) Judge Matthew W. Brann<br>)<br>) Electronically Filed |
| Defendants. | ) |

**DEFENDANT KATHY BOOCKVAR'S REPLY TO
PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

*Bognet* conclusively ends this case. *Bognet v. Secretary of the Commonwealth of Pennsylvania*, --- F.3d ---, No. 20-3214, 2020 WL 6686120 (3d Cir. Nov. 13, 2020). No doubt recognizing as much, Plaintiffs filed an Amended Complaint on November 15, 2020 in a last gasp effort to effort to avoid dismissal under *Bognet*. The Amended Complaint changes nothing. Plaintiffs still lack standing to pursue an equal protection claim challenging application of state election laws. The Third Circuit held unequivocally in *Bognet* that, "when voters cast their ballots under a state's facially lawful election rule and in accordance with instructions from the state's election officials, private citizens lack Article III standing to enjoin the counting of those ballots on the grounds that . . . doing so dilutes their votes or

constitutes differential treatment of voters in violation of the Equal Protection Clause." *Id.* at *18. This case should be dismissed forthwith for lack of standing.

Plaintiffs' Equal Protection claim—their only remaining claim[1]—relies on the same theories rejected in *Bognet*[2]—that votes were "unconstitutionally diluted" through the counting of ballots that failed to conform to the Election Code, Am. Compl. ¶¶ 97, 102, and that purported differential implementation of notice and cure procedures resulted in "arbitrary and disparate treatment" of voters by valuing some votes more than others, *id.* ¶¶ 8, 95, 97, 152, 154. With respect to the former, *Bognet* makes clear that "[t]his conceptualization of vote dilution—state actors counting ballots in violation of state election law—is not a concrete harm under the Equal Protection Clause of the Fourteenth Amendment." *Id.* at *11. As the Third Circuit explained, "if dilution of lawfully cast ballots by the unlawful counting of invalidly

---

[1] Plaintiffs correctly concede that, under *Bognet,* they do not have standing to assert a claim under the Electors or Elections Clauses. *See* Pls.' Resp. (ECF No. 124) at 1. They included a claim under the Electors and Elections Clauses in their Amended Complaint (ECF No. 125) "to preserve it for appellate review." *See* Pls.' Br. in Opp'n to Mot. To Dismiss (ECF no. 126) at 2 n.1. The only other claim in the Amended Complaint is the Equal Protection claim in Count I. All other claims, including claims relating to poll watchers, have been abandoned.

[2] *See Bognet*, 2020 WL 6686120 at *9 ("[Plaintiffs] contend that the influence of their votes . . . is 'diluted' . . . by ballots which Plaintiffs assert cannot be lawfully counted. . . ." and that extending the received-by deadline "create[s] a preferred class of voters based on 'arbitrary and disparate treatment' that values 'one person's vote over that of another'") (citing *Bush v. Gore*, 531 U.S. 98, 104-05 (2000)).

cast ballots were a true equal-protection problem, then it would transform every violation of state election law . . . into a potential federal equal-protection claim . . . That is not how the Equal Protection Clause works." *Id.* (citation and internal quotation marks omitted). Nor is such a claim sufficiently particularized to confer standing. To the contrary, *Bognet* holds that "[a] vote . . . counted illegally [] has a mathematical impact on the final tally and thus on the proportional effect of every vote, but no single voter is specifically disadvantaged. Such an alleged dilution is suffered equally by all voters and is not particularized for standing purposes." *Id.* at *12 (citations and internal quotation marks omitted). For either of these independent reasons, *Bognet* requires the conclusion that the individual voter Plaintiffs lack standing to bring an equal protection vote dilution claim.

Nor do Plaintiffs have standing to allege an injury in the form of arbitrary and disparate treatment of in-person and mail-in and absentee voters, Am. Compl. ¶ 95, or of mail-in voters residing in different counties, *id.* ¶ 158. Even if disparate treatment could be proven, it would not result in any vote being valued more than any other and therefore is not an injury in fact for purposes of the Equal Protection Clause. 2020 WL 6686120 at *15. In addition, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and therefore the individual Plaintiffs lack standing to complain that other counties transgressed the election laws but theirs did not. *Id.* at *16 (citations omitted).

The Trump Campaign likewise lacks standing under the reasoning in *Bognet*. Like the candidate in *Bognet*, the Trump Campaign does not and cannot "plead a cognizable injury by . . . pointing to a 'threatened' reduction in the competitiveness of his election from counting [allegedly improper] ballots." *Id.* at *8. Allowing additional ballots to be counted would not affect the Trump Campaign "in a particularized way when, in fact, all candidates in Pennsylvania, including [Trump's] opponent, are subject to the same rules." *Id.* Like the individual voter Plaintiffs, *Bognet* requires the conclusion that the Trump Campaign lacks standing.

Recognizing that *Bognet* is fatal to their theories, Plaintiffs attempt to recharacterize and recast their claims in their Response to the Notice of Supplemental Authority (ECF No. 124) and, more recently, in their First Amended Complaint (ECF No. 125). Their newest formulation of alleged harm changes nothing. At bottom, Plaintiffs' Equal Protection Claim boils down to alleged disparate application of state law—they allege that voters in counties other than their own were afforded an opportunity to cure defective ballots or cast provisional ballots contrary to Plaintiffs' preferred interpretation of the Election Code. *See* Am. Compl. ¶ 158. This type of Equal Protection claim fails as a matter of law under *Bognet*.

The law was clear prior to the Third Circuit's decision in *Bognet* that Plaintiffs lack standing to pursue their alleged causes of action. *See* Secretary Boockvar's Br. in Supp. of Mot. to Dismiss (ECF 93) at 17-25. *Bognet* dispels any doubt and

compels the conclusion that Plaintiffs lack standing to challenge the certification of election results under the equal protection clause.  This Court should so rule.

Dated:  November 15, 2020

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/ Daniel T. Donovan*
    Daniel T. Donovan
    Susan M. Davies
    Michael A. Glick
    1301 Pennsylvania Avenue, N.W.
    Washington, DC  20004
    (202)-389-5000 (telephone)
    (202)-389-5200 (facsimile)
    daniel.donovan@kirkland.com
    susan.davies@kirkland.com
    michael.glick@kirkland.com

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL

By: */s/ Keli M. Neary*
    Keli M. Neary
    Karen M. Romano
    Nicole Boland
    Stephen Moniak
    15th Floor, Strawberry Square
    Harrisburg, PA 17120
    (717) 787-2717 (telephone)
    (717) 772-4526 (facsimile)
    kromano@attorneygeneral.gov
    kneary@attorneygeneral.gov
    nboland@attorneygeneral.gov
    smoniak@attorneygeneral.gov

MYERS BRIER & KELLY LLP

By: *Daniel T. Brier*
    Daniel T. Brier
    Donna A. Walsh
    John B. Dempsey
    425 Spruce Street, Suite 200
    Scranton, PA 18503
    (570) 342-6100 (telephone)
    (570) 342-6147 (facsimile)
    dbrier@mbklaw.com
    dwalsh@mbklaw.com
    jdempsey@mbklaw.com

*Counsel for Kathy Boockvar Secretary of the Commonwealth of Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel T. Brier

*Counsel for Kathy Boockvar*
*Secretary of the Commonwealth of*
*Pennsylvania*