**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION |
| v. | ) ) |
| KATHY BOOCKVAR, et al., | ) ) No. 20-CV-02078 |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE RELATING TO
HARASSMENT OF PLAINTIFFS' COUNSEL BY DEFENDANT BOOCKVAR'S
LEGAL COUNSEL, KIRKLAND & ELLIS**

1

Since this case was filed, undersigned counsel has been subjected to continuous harassment in the form of abusive e-mails, phone calls, physical and economic threats, and even accusations of treason – all for representing the President of the United States' campaign in this litigation. It is one thing for members of the public to break the laws of decorum, or even laws of Pennsylvania or the United States, by engaging in such harassment. This Court's role is not to protect counsel from such attacks. But it is another thing for a lawyer in the Washington, D.C. office of Kirkland & Ellis, Secretary Boockvar's outside counsel, to do so. And yet that is what happened. It is quintessentially the Court's role to police and appropriately sanction law firms appearing in front of it for such conduct. It is plaintiff's obligation to defend its counsel, and it does so now by respectfully moving for an order for Kirkland & Ellis to show cause justifying the conduct of its lawyers.

On November 14, 2020 at 8:43am, an attorney at Kirkland & Ellis left a one-minute voicemail for undersigned counsel. The voicemail, which has been provided to counsel of record from Kirkland & Ellis in this case and will be provided to the Court via email upon request, speaks for itself and by any measure falls afoul of standards of professional conduct. Local Rule 83.23.2 adopts a Code of Professional Conduct for practitioners in this district which includes a commitment to "treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work." LR 83.23.2 also adopts the Pennsylvania Rules of Professional Conduct, the preamble to which states that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials." Preamble ¶ 5. But if there needs to be a rule saying that Kirkland & Ellis associates should not call opposing counsel and leave an abusive voicemail then all hope is lost.

Contacted about this message, Secretary Boockvar's counsel first opined that despite the caller identification on the voicemail the call may not have been placed from Kirkland & Ellis. Confronted with the fact that the firm issues cell phones to its lawyers and it should be easy to check a directory to confirm that this number belongs to one of his colleagues, opposing counsel finally admitted that it did, but then excused the conduct by saying the lawyer (who works in the

2

same office) does not work on this case or in litigation, and offering that the call was "discourteous" and apologizing for wasting time. That is not good enough under the Rules of this Court or the Pennsylvania Rules of Professional Conduct, and this Court's authority to issue sanctions exists in order to protect litigants, counsel, and the Rules themselves. It is sad that we currently reside in a world where abuse and harassment are the costs of taking on a representation unpopular with some. It is sanctionable when that abuse and harassment comes from an elite law firm representing the Secretary of State. An appropriate sanction should issue—one which deters such misconduct in the future. *Cf. GN Netcom, Inc. v. Plantronics, Inc.*, 930 F. 3d 76, 82-85 (3d Cir. 2019) *(*citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)) (Rule 37 sanctions should be tailored to deter similar misconduct in the future).

      Plaintiffs defer to the Court as to what sanction is appropriate, and respectfully ask for an order to show cause for the above-described conduct of Secretary Boockvar's counsel.

Dated:  November 15, 2020                                   Respectfully submitted:


                                                      /s/ *Linda A. Kerns*
                                                     Linda A. Kerns, Esquire
                                                     Law Offices of Linda A. Kerns, LLC
                                                     Attorney ID 84495
                                                     1420 Locust Street, Suite 200
                                                     Philadelphia, PA 19102
                                                     T: 215-731-1413
                                                     lak@lindakernslaw.com

                                                     *Counsel for all Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this 15th day of November, 2020, I filed a copy of the foregoing **PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE RELATING TO HARASSMENT OF PLAINTIFFS' COUNSEL BY DEFENDANT BOOCKVAR'S LEGAL COUNSEL, KIRKLAND & ELLIS**, which will serve all parties registered to receive same.

    */s/ Linda A. Kerns*
Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
Attorney ID 84495
1420 Locust Street, Suite 200
Philadelphia, PA 19102
T: 215-731-1413
lak@lindakernslaw.com

*Counsel for all Plaintiffs*