# Babst | Calland

MOLLY E. MEACHAM
Attorney at Law
412.394.5614
mmeacham@babstcalland.com

November 16, 2020

**Via CM/ECF Filing**

United States District Court
Middle District of Pennsylvania
240 West Third Street, Suite 401
Williamsport, Pennsylvania 17701
judge_brann@pamd.uscourts.gov

  RE: Donald J. Trump for President, Inc. v. Boockvar, 4:20-cv-02078

Dear Judge Brann:

  Pursuant to your Chamber Rules, Defendants Allegheny, Centre, Chester, Delaware, Montgomery, Northampton, and Philadelphia County Boards of Elections and the Commonwealth of Pennsylvania file this letter to alert the Court to a discovery dispute with Plaintiffs. On Sunday, Plaintiffs issued and served subpoenas duces tecum to multiple election officials for the defendant Counties and the Commonwealth, which we seek to have immediately quashed under Fed. R. Civ. P. 26(d), 45(d)(3), and/or 45(a)(4). This Court should quash the subpoenas as they are procedurally and substantively improper and come on the eve of the hearing. Plaintiffs' unexplained delay should not be rewarded by permitting them last-minute discovery. Moreover, the subpoenas are not tailored to the only remaining count in the case and instead seek broad and burdensome discovery and appearances of numerous elections officials. The Counties and the Commonwealth request a telephone conference with this Court at its earliest convenience to discuss this dispute. The Counties ask this Court to quash Plaintiffs' invalid subpoenas without the expense of written motion practice. If formal motion practice is required, the Counties and the Commonwealth intend to move to quash and/or for a protective order.

  Under Rule 26(d) a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except by stipulation of the parties or court order. There has been no Rule 26(f) conference and Plaintiffs have not obtained either consent or a court order, and therefore have no right to seek discovery from any source. Plaintiffs are improperly attempting last-minute and broad expedited discovery through their invalid subpoenas. The subpoenas are a nullity and should be quashed under Rule 26(d).

  This Court should also quash the subpoenas under Rule 45(d)(3) for failure to allow a reasonable time to comply, requiring production outside the geographical limits of Rule 45(c), and/or subjecting the Counties and the Commonwealth to undue burden. Unreasonable notice

Judge Brann
US District Court for the
Middle District of PA
November 16, 2020
Page 2

alone is enough to quash the subpoenas, and the short notice here was caused by Plaintiffs' own delay. Fourteen days is generally viewed as a reasonable time. These subpoenas were served only three business days before the hearing (five calendar days), which is *per se* unreasonable. Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc., No. 11-CV-1665, 2011 WL 5429005, at *8 (E.D. Pa. Nov. 7, 2011) (subpoenas duces tecum served three business/five calendar days before start of proceeding unreasonable); Am. Nat'l Prop. & Cas. Co. v. Felix, No. 3:16-CV-147, 2018 WL 10247020, at *4 (W.D. Pa. Nov. 16, 2018) (five days of notice unreasonable). In addition, this Court should quash the subpoenas as they require production of documents outside the 100-mile geographical limits of Rule 45(c)(2). The Courthouse is the place set for the production, and it is more than 100 miles from the place of residence or employment for all of the subpoenaed witnesses except Centre County. Finally, this Court should quash the subpoenas because they subject the Counties to undue burden. The subpoenas to the Counties seek the production of an overbroad and unduly burdensome range of County documents on incredibly short notice, requiring the witnesses to bring:

> All documents and communications or other records related to any efforts to count and/or cure ballots by communicating with the elector or otherwise where the ballot envelope lacked a date and/or signature and/or name printed or written by hand and/or address printed or written by hand and/or a secrecy envelope.

The subpoenas to the Commonwealth witnesses purport to compel the production of four catagories or records. The Counties and the Secretary are still working diligently to finalize the election results. Engaging in a document search, collection, review and production of this breadth and scale in three business days will cause an extreme and undue burden on already-overworked County election staffs and budgets. Plaintiffs' lack of planning should not be allowed to cause an injustice to the Counties and the Commonwealth.

In addition to Rule 45(d)(3), this Court should quash the subpoenas under Rule 45(a)(4). That rule requires a subpoena duces tecum to be served on each party before it is served upon the person to whom it is directed. Plaintiffs' counsel did not serve a copy of the subpoenas on each party before service. Instead, after 11pm Sunday night Plaintiffs' counsel belatedly contacted only the attorneys for each County to email a copy of their respective subpoenas, after multiple subpoenas had already been served including those for Michael Pipe (Centre County) and William Turner (Chester County). See attached emails. This late notice does not fulfill the requirements of Rule 45(a)(4), and merits quashing all of the subpoenas served on Sunday without advance notice to Defendants' counsel. Kremsky v. Kremsky, No. CV 16-4474, 2017 WL 30003, at *2 (E.D. Pa. Jan. 3, 2017).

Finally, even if they were proper under Rule 26(f) the subpoenas are overbroad and burdensome under Rule 26(b). The subpoenas are not tailored to the single count remaining in the

Judge Brann
US District Court for the
Middle District of PA
November 16, 2020
Page 3

case and seek burdensome discovery on an expedited basis. The Counties and Commonwealth are prepared to discuss with the Court.

     For all of the above reasons the Counties and the Commonwealth ask this Court to promptly quash Plaintiffs' subpoenas, and request a telephone call with the Court at its earliest convenience to discuss these emergent discovery matters.

/s/ Molly E. Meacham
Counsel for Centre County Board of Elections

/s/ Edward D. Rogers
Counsel for Delaware County Board of Elections

/s/ Michele Hangley
Counsel for Allegheny, Chester, Montgomery, and Philadelphia County Boards of Elections

/s/ Brian Taylor
Counsel for Northampton County Board of Elections

/s/ Timothy Brennan
Counsel for Northampton County Board of Elections

/s/ Daniel T. Brier
Counsel for Kathy Boockvar,
Secretary of the Commonwealth

MEM/pk

Encs.