## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 4:20-cv-02078-MWB ) |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) Judge Matthew W. Brann ) ) ) |
| Defendants. | ) ) |

## CENTRE AND DELAWARE COUNTY BOARDS OF ELECTIONS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This matter has now dwindled down to a claim asserting unequal treatment of voters in different counties relating to their notice of and opportunity to cure defective mail-in ballots. Plaintiffs' narrowed and futile Amended Complaint suffers from the same facial legal deficiencies as their original Complaint. Plaintiffs do not have standing to bring this lawsuit and it should be immediately dismissed.

Now after Plaintiffs' voluntary amendment there is even "less to this case than meets the eye." *Pennsylvania Voters All. v. Ctr. Cty.*, No. 4:20-CV-01761, 2020 WL 6158309, at *2 (M.D. Pa. Oct. 21, 2020), *motion for injunction pending appeal denied*, No. 20-3175 (3d Cir. Oct. 28, 2020) ("Motion . . . is hereby denied for lack of standing as there is no injury-in-fact"). Like the plaintiffs in *Pennsylvania Voters*

*Alliance* and *Bognet*, despite their sweeping allegations Plaintiffs here lack Article III standing to pursue their claims.

The Third Circuit's recent ruling in *Bognet* squarely defeats Plaintiffs' claims here, holding:

> when voters cast their ballots under a state's facially lawful election rule and in accordance with instructions from the state's election officials, private citizens lack Article III standing to enjoin the counting of those ballots on the grounds that the source of the rule was the wrong state organ or that doing so dilutes their votes or constitutes differential treatment of voters in violation of the Equal Protection Clause.

*Bognet v. Sec'y Commonwealth of Pennsylvania*, No. 20-3214, 2020 WL 6686120, at *18 (3d Cir. Nov. 13, 2020).

*Bognet* reaffirmed that voter plaintiffs do not have standing when they merely allege that the law was not followed with regard to some other ballots, as this is not a particularized injury. *Id.* at *14 ("Allowing standing for such an injury strikes us as indistinguishable from the proposition that a plaintiff has Article III standing to assert a general interest in seeing the 'proper application of the Constitution and  laws'—a proposition that the Supreme Court has firmly rejected." (citation omitted)).  Plaintiffs' claims can be dismissed on this basis alone, as they argue that Defendant counties violated the law by instituting cure procedures.

As set forth more fully in the memoranda filed by the Secretary of the Commonwealth and other County defendants, Plaintiffs fail to allege an injury in fact that is particularized and imminent, they have not established causation, and

2

their claimed harm is not redressable.  *See Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402, 410-11, 414 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 571 (1992).   As in *Bognet* and *Pennsylvania Voters Alliance,* there is no need for the Court to delve any further into Plaintiffs' legal theories or factual allegations.  Plaintiffs' lack of standing provides a dispositive ground to dismiss the complaint.

In the alternative, abstention is an independently appropriate ground for dismissal under the *Younger* and *Pullman* doctrines.  Plaintiffs should pursue their objections to the Election Code and the Secretary's interpretation of that Code in the Pennsylvania state courts – and indeed, some of Plaintiffs' claims have already been asserted in that forum – making abstention appropriate here.  *See Stein v. Cortes*, 223 F. Supp. 3d 423, 435 (E.D. Pa. 2016) (dismissing similar claims by failed Presidential candidate on abstention and other grounds); *Trump for President, Inc. v. Boockvar*, No. 20-CV-966, 2020 WL 4920952, *15 (W.D. Pa. Aug. 23, 2020) (same).  Nor should the Court enable Plaintiffs to avoid abstention by re-packaging their state law claims as federal constitutional claims.  *Stein*, 223 F. Supp. 3d at 434.

The Centre and Delaware County Boards of Elections administered a proper, fair, and secure election.  This Court should not interfere with the vote counting or certification process.  Further, this Court should immediately end these proceedings, thereby eliminating the need for any more Centre County and Delaware County tax

dollars to be spent defending this legally-deficient and meritless action. Centre and Delaware request immediate dismissal of this lawsuit with prejudice and cancellation of further evidentiary proceedings on Plaintiffs' claims for injunctive relief.

In further support of their Motion, Centre and Delaware Counties join the legal arguments advanced by the Secretary and the Allegheny, Montgomery, Philadelphia, and Chester County Boards of Elections in their respective briefs.

Dated: November 16, 2020

Respectfully submitted,

| */s/ Molly E. Meacham* | */s/ Edward D. Rogers* |
|---|---|
| Molly E. Meacham | Timothy D. Katsiff |
| Elizabeth A. Dupuis | Edward D. Rogers* |
| **Babst, Calland, Clements & Zomnir, P.C.** | Terence M. Grugan* |
| 603 Stanwix Street, Sixth Floor | **Ballard Spahr LLP** |
| Two Gateway Center | 1735 Market Street, 51st Floor |
| Pittsburgh, PA 15222 | Philadelphia, PA 19103-7599 |
| 412-394-5614 | Telephone: (215) 665-8500 |
| mmeacham@babstcalland.com | Facsimile: (215) 864-8999 |
| | KatsiffT@ballardspahr.com |
| 330 Innovation Blvd. Suite 302 | RogersE@ballardspahr.com |
| State College, PA 16803 | GruganT@ballardspahr.com |
| 814-867-8055 | *(admitted *pro hac vice*) |
| bdupuis@babstcalland.com | |
| | *Attorneys for Delaware County Board of Elections* |
| *Attorneys for Centre County Board of Elections* | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of November 2020, a copy of the foregoing was served via the court's electronic filing system upon all counsel of record.

*/s/ Molly E. Meacham*