# EXHIBIT A

COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | : : | |
|     *Plaintiffs/ Petitioners* | : : | NO. 2020-18680 |
| v. | : : | |
| MONTGOMERY COUNTY BOARD OF ELECTIONS, | : : : | |
|     *Defendant/ Respondent* | : : | |
| DEMOCRATIC NATIONAL COMMITTEE, et al., | : : : | |
|     *Intervenor* | : | |

HAAZ, J.                                                                                                 November 13, 2020

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

Petitioners, Donald J. Trump for President, Inc., et al., filed a Petition for Review of Decision by the Montgomery County Board of Elections (the "Board") on November 5, 2020 seeking to invalidate about six hundred (600) absentee and mail-in ballots cast by voters in the November 3, 2020 General Election. Petitioners seek review of the Board's decision to overrule Petitioners' objections to count these ballots. Petitioners allege these challenged ballots were cast in violation of 25 P.S. §§ 3146.6(a) and 3150.16(a) because the electors failed to fill out their address immediately below their signed declaration on the outer envelope of the absentee and mail-in ballots. A telephone conference was held on November 6, 2020 where the parties agreed to submit stipulated facts. The Democratic National Convention ("DNC") and the Montgomery County Democratic Committee moved to intervene in the action. Petitioners and Respondent did not object and these motions were granted by the court.

## II. STIPULATED FACTS

The parties stipulated to the following facts:

1. Electors of the Commonwealth of Pennsylvania may choose to cast their vote in any primary or election by absentee or by mail-in ballot.

2. In both instances, the elector who desires to cast a vote either by absentee ballot or mail-in ballot must request such a ballot from the county board of elections, in this case, Respondent.

3. Upon application to, and approval of that application by Respondent, the elector is provided balloting materials that include: 1) instructions as to how the elector is to complete and return the ballot; 2) the ballot; 3) an inner secrecy envelope into which the ballot is to be placed; and 4) an outer envelope into which the secrecy envelope containing the ballot is to be placed and returned to Respondent.

4. When the balloting materials are sent to the elector by Respondent, pre-printed on the reverse side of the outer envelope is a voter's declaration.

5. Underneath the voter's declaration is a place for the voter to sign, date, and print their name and address.

6. Also pre-printed on the same side of the outer envelope as the voter's declaration is a unique nine-digit bar code that links the outer envelope to the voter's registration file contained in the Statewide Uniform Registry of Electors ("SURE") system. Also, in most cases, the elector's name and address is pre-printed on that side of the envelope.[1]

7. On the front side of the outer envelope is preprinted the Respondent's address where the ballot is to be sent as well as a place in the upper left-hand corner where the elector may indicate his or her return address by writing it thereon or affixing a label.

---

[1] Footnote 1 of the parties' stipulation states as follows:
>Of the 592 ballots at issue, 509 of those ballots have the voter's address pre-printed on the outer envelope to the right of the voter's declaration. This was done by the Board when it sent the ballot materials to the elector who had requested them. Of these 509 "pre-printed address" ballots, 266 voters also affixed their address in the space provided for return addresses on the front of the envelope. So, for 266 of these ballots, the voter's address actually appears twice. For the remaining 83 ballots, the pre-printed address was blacked-out in order to facilitate the delivery of the ballot materials by the USPS. In 47 of these "blacked-out ballots," the voter wrote their address on the space provided for a return address on the front of the outer envelope. 36 out of 592 ballots have an outer envelope with no easily discernable voter address. However, all 592 ballots contain the bar code that links each one to the SURE system and the specific voter's information – including address – is visible when scanned.

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

8. The Board has received 592 absentee and mail-in ballots where electors have signed the voter's declaration and provided a date, but have not printed their complete address in the space provided below the Declaration on the outer envelope.

9. Respondent has segregated and not opened nor counted these 592 ballots.

10. When Respondent brought the existence of this group of unopened ballots to the attention of Petitioners' counsel, an objection was verbally lodged.

11. Respondent has verbally overruled that objection and intends to open and count these ballots subject to a ruling of this honorable Court.

12. A true and correct copy of the instructions to absentee and mail-in electors contained in the ballot packages is attached hereto as Exhibit "A."

13. True and correct copies of examples of unopened absentee and mail-in ballots (front and back) that are part of, and indicative of, the 592 ballots at issue before this Court are attached as Exhibits "B" through "E" respectively.[2]

Stipulated Facts, filed 11/9/20.

Respondent and Intervenor filed responses in opposition to the Petition on November 9, 2020. The court heard oral argument on November 10, 2020. Petitioners stated they were not claiming any voter fraud, undue or improper influence regarding the challenged ballots at issue. N.T. 11/10/20, at 11.

The parties stipulated that all of the 592 ballots at issue are signed and dated. All of the outer declaration envelopes contain the electors' signatures directly below the Voter's Declaration which states as follows:

> I hereby declare that I am qualified to vote from the below stated address at this election; that I have not already voted in this election; and I further declare that I marked my ballot in secret. I am qualified to vote the enclosed ballot. I understand I am no longer eligible to vote at my polling place after I return my voted ballot. However, if my ballot is not received by the county, I understand I may only vote by provisional ballot at my polling place, unless I surrender my

---

[2] Exhibits A through E are appended hereto.

3

> balloting materials, to be voided, to the judge of elections at my polling place.

Exhibits B-E, Stipulated Facts, filed 11/9/20. Beneath the elector's declaration and signature are areas for the elector to indicate the date they voted, their printed name and address.

Petitioners claim the Board violated the requirements of 25 P.S. §§ 3146.6(a) and 3150.16(a) by canvassing and counting absentee and mail-in ballots where the outer declaration envelope has not been properly "filled out" with the elector's address. The Board maintains the above provisions do not require the elector to provide their address and the outer envelopes comply with the above statutory requirements.[3]

### III. DISCUSSION

The five statutory provisions of the Election Code at issue do not specifically require the absentee or mail-in elector to provide their address below the declaration on the outer envelope. 25 P.S. §§ 3146.6(a) and 3150.16(a) govern voting by absentee and mail-in electors. Sections 3146.4. and 3150.14(b) address the form of the declaration on the outer envelope. Section 3146.8(g) addresses the county board's obligations related to canvassing.

25 P.S. § 3146.6(a) states the following regarding absentee ballots:

> (a) Except as provided in paragraphs (2) and (3), at any time after receiving an official absentee ballot, but on or before eight o'clock P.M. the day of the primary or election, the elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. **The elector shall then fill out, date and sign the declaration printed on such envelope.** Such envelope shall then be securely sealed and the elector shall send same by mail,

---

[3] Both the Board and Intervenor, DNC, have argued that the 2020 amendments to the Election Code have eliminated time-of-canvassing challenges entirely from § 3146.8(g)(3). The court is not addressing the merits of this argument.

4

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> postage prepaid, except where franked, or deliver it in person to said county board of election.

25 P.S. § 3146.6(a) (emphasis added). The same requirements are set forth with respect to mail-in ballots. *See* 25 P.S. § 3150.16(a) ("The elector shall then fill out, date and sign the declaration printed on such envelope.").

Sections 3146.4 and 3150.14(b), regarding absentee and mail-in ballots respectively, both delegate the form of the declaration to the Secretary of the Commonwealth. For absentee ballots, Section 3146.4 states as follows:

> . . . On the larger of the two envelopes, to be enclosed within the mailing envelope, shall be printed the form of the declaration of the elector, and the name and address of the county board of election of the proper county. The larger envelope shall also contain information indicating the local election district of the absentee voter. Said form of declaration and envelope shall be as prescribed by the Secretary of the Commonwealth and shall contain among other things a statement of the electors qualifications, together with a statement that such elector has not already voted in such primary or election . . .
> 25 P.S. § 3146.4.

For mail-in ballots, the statute provides:

> (b) Form of declaration and envelope.-- The form of declaration and envelope shall be as prescribed by the Secretary of the Commonwealth and shall contain, among other things, a statement of the elector's qualifications, together with a statement that the elector has not already voted in the primary or election.
> 25 P.S. § 3150.14(b).

These two provisions, specific to the content of the voter declaration, do not require the elector's address to be included in the declaration or for the elector to write it in.

The pre-canvassing or canvassing of ballots is processed as follows:

> When the county board meets to pre-canvass or canvass absentee ballots and mail-in ballots under paragraphs (1), (1.1) and (2), the board shall examine the declaration on the envelope of each ballot not set aside under subsection (d) and shall compare the information

5

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> thereon with that contained in the "Registered Absentee and Mail-in Voters File," the absentee voters' list and/or the "Military Veterans and Emergency Civilians Absentee Voters File," whichever is applicable. If the county board has verified the proof of identification as required under this act and **is satisfied that the declaration is sufficient** and the information contained in the "Registered Absentee and Mail-in Voters File," the absentee voters' list and/or the "Military Veterans and Emergency Civilians Absentee Voters File" verifies his right to vote, the county board shall provide a list of the names of electors whose absentee ballots or mail-in ballots are to be pre-canvassed or canvassed.

25 P.S. § 3146.8(g)(3) (emphasis added).

The court agrees with the Board's interpretation of § 3146.6(a) and 3150.16(a). The statutory provisions provide that "[t]he elector shall then fill out, date and sign the declaration printed on such envelope." 25 P.S. §§ 3146.6(a), 3150.16(a). The Legislature did not include a requirement that the elector include their address on the outer envelope. By contrast, in sections 3146.6(a)(3) and 3150.16(a.1), the Legislature explicitly imposed the requirement of a "Complete Address of Witness" when an elector is unable to sign the declaration due to illness or physical disability.[4] Sections 3146.6(a) and 3150.16(a) do not include an explicit requirement to include the address of the elector as is clearly stated and required in subsequent subsections of the same statute. "It is a well established principle of statutory interpretation that we 'may not supply omissions in the statute when it appears that the matter may have been intentionally omitted.'" *In*

---

[4] By comparison, 25 P.S. § 3150.16(a.1) states as follows:
> **(a.1) Signature.**--Any elector who is unable to sign the declaration because of illness or physical disability, shall be excused from signing upon making a declaration which shall be witnessed by one adult person in substantially the following form:
>
> > I hereby declare that I am unable to sign my declaration for voting my mail-in ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or received assistance in making my mark in lieu of my signature.
> > (Mark)
> > (Date)
> >                                                 (Complete Address of Witness)
> >                                                 (Signature of Witness)

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*re November 3, 2020 General Election*, No. 149 MM 2020, 2020 WL 6252803, at *14 (Pa. Oct. 23, 2020) (citing *Sivick v. State Ethics Commission*, No. 62 MAP 2019, 2020 WL 5823822, at *10 (Pa. Oct. 1, 2020)) (holding, *inter alia*, that the Election Code does not require signature comparison).

The instructions by the Board accompanying each absentee or mail-in ballot do not inform the voter that their address is required or that its omission will invalidate their ballot. The instructions state "Be sure that you **sign** and **date** your [return] envelope." Exhibit A, Stipulated Facts, filed 11/9/20 (emphasis in original). Underneath that instruction, it is stated ***"Please Note: Your ballot cannot be counted without a signature on the return envelope." Ibid***. The instructions do not state that a ballot will be not be counted without an address on the outer declaration envelope. Additionally, the checkbox reminder on the top of the outer envelope only asks the elector if they have signed the declaration in their own handwriting and if they have put their ballot inside the secrecy envelope and placed it in the outer envelope. It would be patently improper and unfair to invalidate a ballot where a voter reasonably relies upon lawful voting instructions by their election board.[5] *In re Recount of Ballots Cast in General Election on November 6, 1973*, 325 A.2d 303, 308-309 (Pa. 1974) ("[T]he invalidation of a ballot where the voter has complied with all instructions communicated to him and in the absence of any evidence of improper influence having been exerted, invalidation would necessarily amount to an unreasonable encroachment upon the franchise and the legislative enactment should not be interpreted to require such a result.") (holding that votes must be counted where electors failed to remove, as explicitly required by the Election Code, a perforated corner containing identifying information where "[t]here was no direction on

---

[5] The court is aware that "erroneous guidance from the Department or county boards of elections cannot nullify the express provisions of the Election Code." *In re Scroggin*, 237 A.3d 1006, 1021 (Pa. Sept. 17, 2020). However, the court finds that requiring an elector to "fill out" their address on the outer envelope is not expressly stated in the Election Code. The Board's instructions to voters is consistent with the requirements of the Election Code.

7

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the face of the ballot instructing the voter of the need to remove that particular portion before casting the ballot").

Petitioners urge the court to construe "fill out" in Sections 3146.6(a) and 3150.16(a) to mean "fill out your address in order for your vote to be counted." The Election Code does not explicitly state as such and the court will not add language to the statute imposing a voting condition which the Legislature did not specifically include. Even if one assumes, *arguendo*, that the address requirement may be required, 556 of 592 challenged ballots include the electors' addresses on the outer declaration envelopes (266 of which contain both the electors' pre-printed addresses and hand-written/typed mailing labels on the return addresses of the outer envelope, 243 of which contain the electors' pre-printed addresses, and 47 of which contain the electors' hand-written/typed mailing labels on the return addresses of the outer envelope). The remaining 36 ballots contain a bar code which links the outer envelope to the voter's registration file contained in the Statewide Uniform Registry of Electors system (validating their addresses) provided to state election officials earlier in 2020. [6] By signing and dating the declaration, the elector has declared they are "qualified to vote the enclosed ballot." [7]

---

[6] In order to vote by absentee or mail-in ballot, an elector must submit an application where he or she must attest to their address at least annually or for each election. *See* 25 P.S. § 3150.12(g)(1) ("A mail-in ballot application mailed to an elector under this section [permanent mail-in voting list], which is completed and timely returned by the elector, shall serve as an application for any and all primary, general or special elections to be held in the remainder of that calendar year and for all special elections to be held before the third Monday in February of the succeeding year."); 25 P.S. § 1350.12(b)(1)(ii) (requiring an application for mail-in ballot to contain the length of time the elector has been a resident of the voting district); 25 P.S. § 3146.2(e.1); 25 P.S. § 3146.2(b). There is no similar requirement for an in-person voter. While an in-person voter could vote at the polls without having submitted their address for many years, a mail-in or absentee elector can only receive a ballot if they have provided an address and attested to its accuracy as set forth above.

[7] 25 P.S. § 2811 – Qualifications of Electors – states that every citizen of the Commonwealth at least eighteen years of age, if properly registered, shall be entitled to vote if the elector possesses the following qualifications:

  (1) He or she shall have been a citizen of the United States at least one month.

  (2) He or she shall have resided in the State ninety days immediately preceding the election.

Voters should not be disenfranchised by reasonably relying upon voting instructions provided by election officials which are consistent with the Election Code. There is a "longstanding and overriding policy in this Commonwealth to protect the elective franchise." *Pennsylvania Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 WL 5554644, at *9 (citing *Shambach v. Bickhart*, 845 A.2d 793, 798 (Pa. 2004)). "[A]lthough election laws must be strictly construed to prevent fraud, they ordinarily will be construed liberally in favor of the right to vote." *Ibid.* "[B]allots containing mere minor irregularities should only be stricken for compelling reasons." *Shambach v. Bickhart*, 845 A.2d 793, 798 (Pa. 2004). The Supreme Court has recognized that "marking a ballot in voting is not a matter of precision engineering but of an unmistakable registration of the voter's will in substantial conformity to the statutory requirements." *Id.* at 799 (citing *Appeal of Gallagher*, 41 A.2d 630, 632-33 (Pa. 1945)).

Petitioners' concerns about a voter's address are legitimate. A voter's address is a core qualification to vote. It is true that 36 of the outer envelopes in this case do not contain any written or pre-printed indicia of the voter's address. This omission should not, and will not, disqualify a declared, qualified voter from participating in this election – particularly where the bar code confirms the recently declared address of the mail-in voter with the state registry and where no claim of fraud or improper influence is alleged.

## IV. CONCLUSION

The Election Code does not require a voter to provide their address on the declaration envelope. The Montgomery County Board of Elections properly was satisfied, in accordance with section 3146.8(g)(3), that the voters' declarations are "sufficient." The court finds that the Board

---

(3) He or she shall have resided in the election district where he or she shall offer to vote at least thirty days immediately preceding the election, except that if qualified to vote in an election district prior to removal of residence, he or she may, if a resident of Pennsylvania, vote in the election district from which he or she removed his or her residence within thirty days preceding the election.

9

Case# 2020-18680-36 Docketed at Montgomery County Prothonotary on 11/13/2020 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

properly overruled Petitioners' objections to all 592 challenged ballots. These ballots must be counted.

   Accordingly, based upon all of the foregoing, the court denies Plaintiffs' petition for review and will enter the accompanying order.

BY THE COURT:

_____
RICHARD P. HAAZ,  J.

COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | : : | |
| *Plaintiffs/ Petitioners* | : : | NO. 2020-18680 |
| v. | : : : | |
| MONTGOMERY COUNTY BOARD OF ELECTIONS, | : : : | |
| *Defendant/ Respondent* | : : | |
| DEMOCRATIC NATIONAL COMMITTEE, et al. | : | |
| *Intervenor* | : | |

### ORDER

**AND NOW,** this 13th day of November, 2020, upon consideration of the Petition for Review of Decision by the Montgomery County Board of Elections filed on behalf of Petitioners Donald J. Trump for President, Inc., Republican National Committee, Heidelbaugh for Attorney General, Inc., Garrity for PA, and Daniel J. Wissert, and the responses in opposition thereto filed by Respondent Montgomery County Board of Elections, Intervenor Democratic National Committee, *Amici Curiae* on behalf of the NAACP-Pennsylvania State Conference, Common Cause Pennsylvania, League of Women Voters of Pennsylvania, and the Black Political Empowerment Project, it is hereby **ORDERED and DECREED** that said Petition for Review is **DENIED.** The Montgomery County Board of Elections is **ORDERED** to count the 592 ballots which are the subject of the petition.

BY THE COURT:

_____
RICHARD P. HAAZ,          J.

This Memorandum and Order has been e-filed on 11/13/20.
Copies sent via Prothonotary to the parties of record.
Michael Kehs, Esq., Andrea Grace, Esq., Michael Jorgensen, Court Administration, Civil Division

_____
Secretary