IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Donald J. Trump for President, Inc., et al,    :
                                               :
            Plaintiff,                         :
                                               :
                                               :    CIVIL ACTION NO.:
            v.                                 :    4:20-CV-02078
                                               :    (HON. MATTHEW W. BRANN)
Kathy Boockvar, et al,                         :
                                               :
            Defendant.                         :
                                               :

## MOTION TO INTERVENE AND FOR ACCESS

The Associated Press ("AP"), through its undersigned counsel, hereby

moves to intervene in these proceedings for the limited purposes of seeking an

order permitting one of its reporters or other designated pool reporter to attend in

person the hearing that is currently scheduled for November 17, 2020 at 1:30 pm,

as well as all future proceedings in this matter.  In support of its Motion, AP states

as follows:

1.      In this lawsuit, the campaign for President Donald J. Trump is

seeking, among other things, an order from this Court enjoining the certification of

the results of the general election in the Commonwealth of Pennsylvania.  It is,

accordingly, a matter of significant public interest and importance.

2.      A hearing has been scheduled for November 17, 2020 at 1:30 p.m.,

which will address both Plaintiffs' motion for a preliminary injunction and the

motions to dismiss that have been filed by the various Defendants.  ECF No. 35.

3.      In a Press Release issued on November 13, 2020, the Office of the Clerk for this Court stated that, while remote access to the hearing will be provided to the press and the general public, "[d]ue to considerations regarding COVID-19," the press and public will be excluded from the courtroom in which the proceeding will take place.

4.      Such a total exclusion from attending the proceeding is contrary to the First Amendment right of access, and AP respectfully seeks to intervene to vindicate that right.[1]

5.      The Third Circuit has explained that "the public and the press possess a First Amendment . . . right of access to civil proceedings."  *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing First Amendment right of access to preliminary injunction proceeding).  This First Amendment right to attend civil proceedings is "inherent in the nature of our democratic form of government."  *Id.* at 1066.  That is because public access "'enhances the quality and safeguards the integrity of the factfinding process,' . . . 'fosters an appearance

---

[1] The Third Circuit has explained that intervention is the appropriate procedural vehicle for journalists to vindicate the right of the public and press to access judicial proceedings. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (press organizations have standing to seek "access to . . . judicial proceedings[,] notwithstanding the fact that they assert rights that may belong to a broad portion of the public at large.").

of fairness,' . . . heightens 'public respect for the judicial process,'" and "'permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Id.* at 1070 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982)).

6.    Where, as here, a First Amendment right of access attaches, restrictions on access are only permissible when there is "an overriding interest based on findings that closure is essential to preserve higher values and is *narrowly tailored* to serve that interest." *Publicker*, 733 F.2d at 1073 (emphasis added) (quoting *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)).

7.    Crucially for these purposes, the First Amendment right of access encompasses *live* access to a proceeding.  As the Third Circuit has emphasized, "documentary access is not a substitute for concurrent access, and vice versa.  The right of access encompasses both forms, and both are vitally important." *United States v. Antar*, 38 F.3d 1348, 1360 n.13 (3d Cir. 1994).  The right to attend proceedings in-person is vital because certain information about a proceeding, such as information "concerning demeanor, non-verbal, and the like," can *only* be gleaned through live attendance.  *Id.*; *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 99 106 (2d Cir. 2004) (noting that "[t]he ability to see and to hear a proceeding as i[t] unfolds is a vital component of the First Amendment right of access," and vacating order limiting in-person access to voir dire proceedings); *United States v.*

*Simone*, 14 F.3d 833, 842 (3d Cir. 1994) ("a transcript is not the equivalent of presence at a proceeding; it does not reflect the numerous verbal and non-verbal cues that aid in the interpretation of meaning").

8.    Under the Court's decorum order, the press and public will be cut off from crucial information about the proceeding.  And, while the AP is mindful of the public-health interest in restricting in-person access to the proceeding in light of the ongoing pandemic, the restrictions currently in place are not sufficiently "narrowly tailored" to overcome the First Amendment interest at stake.

9.    Both the public-health considerations and the First Amendment right of access can be fully accommodated by permitting an AP reporter or another journalist serving as a pool reporter to attend the proceeding in person to serve as a pool reporter for the media.  As the Supreme Court has explained, in era in which the public no longer attends court proceedings itself, the "media . . . function[s] as surrogates for the public." *Richmond Newspapers v. Va.*, 448 U.S. 555, 572-573 (1980).  Thus, "[w]hile media representatives enjoy the same right of access as the public, they often are provided special seating and priority of entry so that they may report what people in attendance have seen and heard." *Id.* at 573.

10.    Permitting an AP journalist or other designated pool reporter to attend the hearing in person and act as a pool reporter would ensure that the press is able to perform its traditional and First-Amendment-protected role of being the public's

eyes and ears inside the courtroom without posing any significant additional public-health risk.

11.     Accordingly, AP respectfully requests that one of its reporters or another designated reporter function as a pool reporter for the November 17, 2020 hearing and be permitted to attend that hearing and all future proceedings in this matter in person on that basis.

WHEREFORE, AP respectfully requests that the Court grant the motion to intervene and enter an order permitting one of its reporters or another designated pool reporter to attend the November 17, 2020 hearing and all future hearings in this matter.

<div style="margin-left: 40%;">

Attorneys for The Associated Press

</div>

Date:  November 16, 2020          */s/Paula Knudsen Burke*
                                  Paula Knudsen Burke
                                  REPORTERS COMMITTEE FOR
                                  FREEDOM OF THE PRESS
                                  PA 87607
                                  PO Box 1328
                                  Lancaster, PA 17608
                                  pknudsen@rcfp.org

**CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE**

Pursuant to Local Rule 7.1, I hereby certify that on November 16, 2020, I sought the concurrence of the parties in the present motion.

Attorneys James P. DeAngelo and Witold Walczak on behalf of the parties they represent concurred.

Attorney Remy Green, counsel for amicus, Democrats Abroad, concurred.

Attorney Edward Rodgers on behalf of his clients took no position on the motion.

At the time of filing, undersigned counsel was unable to ascertain the position of the remaining parties.

> */s/Paula Knudsen Burke*
> Paula Knudsen Burke
> REPORTERS COMMITTEE FOR
> FREEDOM OF THE PRESS
> PA 87607
> PO Box 1328
> Lancaster, PA 17608
> pknudsen@rcfp.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2020, a copy of the foregoing Motion to Intervene and For Access was served via the court's electronic filing system upon all counsel of record.

*/s/Paula Knudsen Burke*
Paula Knudsen Burke
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS