# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | No. 4:20-CV-02078 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| KATHY BOOCKVAR, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### NOVEMBER 17, 2020

**I.    BACKGROUND**

The Associated Press ("AP") brings this motion to intervene for the limited purposes of seeking injunctive relief to allow one of its reporters to attend an in-person oral argument scheduled before this Court today, November 17, 2020.[1] The Court issued a scheduling order setting this oral argument date on November 10, 2020.[2] And on November 13, 2020, the Office of the Clerk for this Court issued a press release stating that the argument would remain open to the press and the general public, but that, due to COVID-19 concerns, only attorneys representing

---

[1]   Doc. 150 at 1.
[2]   Doc. 35.

parties to the case would be allowed in the actual courtroom where argument would take place.[3]

Though the press and general public would not be allowed inside the courtroom, the Office of the Clerk's press release stated that both groups would have remote access to the argument.[4] Specifically, the press release states that "remote access to the live audio of the argument will be available."[5] The release then provides a call-in number that any person may use to dial in and hear the argument as it takes place.[6]

On November 16, 2020 at 6:09 P.M., three days after the press release was issued, and the night before the scheduled argument, AP filed this motion to intervene.[7] Invoking the First Amendment, AP seeks injunctive relief allowing one of its reporters to be present in the courtroom.[8] In the alternative, AP asks this Court to designate a pool reporter who will be allowed inside the courtroom and

---

[3] Doc. 150 at 2.
[4] Press and Public Release, United States District Court for the Middle District of Pennsylvania (Nov. 16, 2020), https://www.pamd.uscourts.gov/sites/pamd/files/20-2078_press_release_11-16-20.pdf. The Court notes that the press release was updated on November 16, 2020; its statements, however, regarding access to the proceedings remain the same in both the earlier and later documents.
[5] *Id.*
[6] *Id.*
[7] Doc. 35.
[8] *Id.*

will confer with other reporters to convey their impressions and coverage of the proceedings.⁹

As AP acknowledges, the United States is currently in the midst of an unprecedented pandemic.¹⁰ As of November 16, 2020, there are over 11.26 million active COVID-19 cases in the United States.¹¹ At least 246,700 people have died from the coronavirus.¹² Further, the pandemic appears to be getting worse. COVID-19 cases across the country are currently spiking.¹³ New cases are being reported at faster and higher rates than at any time since the pandemic started.¹⁴ Over 1,400 people die from this virus every day.¹⁵

Furthermore, Lycoming County, where this Court sits, is also facing a significant spike in coronavirus cases.¹⁶ The County reports that it is currently

---

9   *Id.*
10  *Id.* at 8.
11  *Covid in the U.S.: Latest Map and Case Count*, New York Times, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last updated Nov. 16, 2020, 8:26 P.M. E.T.).
12  *Id.*
13  Brady Dennis, et al., *With Coronavirus Cases Spiking Nationwide, All Signs Point to a Harrowing Autumn*, Washington Post (Nov. 10, 2020), https://www.washingtonpost.com/health/with-coronavirus-cases-spiking-nationwide-all-signs-point-to-a-harrowing-autumn/2020/11/10/d61fa050-238b-11eb-a688-5298ad5d580a_story.html.
14  *Id.*
15  *Id.*
16  *Lycoming County COVID-19 Dashboard*, Lycoming County, https://www.arcgis.com/apps/opsdashboard/index.html#/b9ab354837bd456ba6d773e4b7b1f1be (last updated Nov. 16, 2020).

experiencing "substantial transmission," defined as a weekly positivity rate of 8.4% and a weekly rate of new cases of 158.4 people per 100,000 residents.[17]

In an attempt to balance the responsibilities of being a federal district court against the public health risks inherent to a global pandemic, the Middle District of Pennsylvania, as well as this Court, have adopted certain guidelines and rules regarding the manner of various court proceedings.  For example, visitors to the Court must wear masks when in the courthouse, and the Court adheres to social distancing guidelines while conducting in-person matters.

The policy at issue in this case, which limits those allowed to be physically present within the courtroom for a highly publicized argument, was adopted with these concerns in mind.  There will be at least seventeen people in the courtroom, including twelve attorneys for the parties, the parties themselves, Court staff, and the undersigned.  The Court has done its best to maintain social distancing within the courtroom.  However, given number of people directly involved with the argument today, it would have been impossible to maintain social distancing if all members of the press were to be allowed to be physically present.[18]

---

[17] *Novel Coronavirus COVID-19*, Lycoming County, https://lycoming-county-pa-covid-19-lyco.hub.arcgis.com/ (last updated Nov. 16, 2020).

[18] *E.g.*, Morgan Chalfant, *Three Attorneys Withdraw from Representing Trump Campaign in Pennsylvania Suit*, The Hill (Nov. 16, 2020), https://thehill.com/homenews/campaign/526239-three-attorneys-withdraw-from-representing-trump-campaign-in-pennsylvania; Maryclaire Dale & Mark Scolforo, *Republicans Face Court Setbacks: Trump Law Firm Steps Down*, Associated Press (Nov. 13, 2020), https://apnews.com/article/election-2020-pennsylvania-elections-coronavirus-

## II. DISCUSSION

"[T]he public and the press possess a First Amendment . . . right of access to civil proceedings."[19] This is because public access to court proceedings "'enhances the quality and safeguards the integrity of the factfinding process,' . . . 'fosters an appearance of fairness,' . . . heightens 'public respect for the judicial process,'" and "permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government."[20] The Court acknowledges and agrees with all of these principles.

Accordingly, a court's decision to restrict this right of access are subject to strict scrutiny.[21] Thus, such restrictions are only permissible when there is "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."[22]

Plaintiffs argue that the right of access "encompasses *live* access to a proceeding."[23] They contend that strict scrutiny thus applies to this Court's

---

pandemic-campaigns-8238b4fdb6e2b0ebddfbf619272f8562; Bruce Golding, *Trump Campaign Blasts 'Fake News' Coverage of Pennsylvania Lawsuit*, N.Y. Post (Nov. 16, 2020), https://nypost.com/2020/11/16/trump-campaign-blasts-fake-news-coverage-of-pa-lawsuit/; Marc Levy, *Trump Campaign Drops Key Request in Pennsylvania Lawsuit*, Associated Press (Nov. 16, 2020), https://apnews.com/article/trump-campaign-lawsuit-pennsylvania-fe4754fa7cd077d66854c724e1df91e7;

[19] *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).
[20] *Id.* at 1070 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982)).
[21] *Id.* at 1073.
[22] *Id.*
[23] Doc. 150 at 3.

determination that the press will not be allowed into the courtroom to view today's oral argument.  Further, they assert that this Court has not satisfied the requirements of strict scrutiny because its restriction is not narrowly tailored to its interest in preventing the spread of a global pandemic.

Accepting AP's asserted standard as correct, the Court nevertheless concludes that it has narrowly tailored its restrictions to a compelling interest in preventing the spread of COVID-19, and it thus satisfies the requirements of strict scrutiny.  A courtroom has only a limited space within which to fit people, and by following social-distancing guidelines, the Court must balance the interests of different parties of being present in the courtroom with the very real prospect that parties may become infected and seriously ill with COVID-19.  At least seventeen necessary individuals will be present at today's oral argument. These people could not realistically be excluded without either violating a party's right to counsel or their right to due process.

Additionally, the Court has made today's proceedings open to the public.  Both the general public and the press may view the proceedings through a video livestream at the courthouse, or they may call in and listen to an audio stream.  The proceedings are still very much open to all who wish to observe, and the Court has attempted to do its best to balance the interests of the public with the need to keep people safe.

Consequently, the Court finds that it has adequately tailored its policy of limiting access to the courtroom to the parties and their counsel to the compelling purpose of minimizing the spread of COVID-19. Because the Court's policy is permissible under the First Amendment, AP's motion to intervene and request for injunctive relief is denied.

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. AP's motion to intervene (Doc. 150) is **DENIED**.

2. AP's request for access to the physical courtroom is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge