# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : No. 4:20-cv-02078 <br> : |
| v. | : Judge Brann <br> : |
| KATHY BOOCKVAR, et al, | : <br> : |
| Defendants | : <br> : |

## **RESPONSE TO DEFENDANTS' NOVEMBER 16 DISCOVERY LETTER**

Pursuant to your Chamber Rules, Plaintiffs file this response to the Defendants' correspondence of November 16, 2020 wherein they moved to quash Plaintiffs' validly issued subpoenas.[1] The Defendants misread not only your Chamber Rules, but also the Federal Rules of Civil Procedure, and the law. Accordingly, the Court should deny the defendants' motion.[2]

The Defendants argue that the Court must quash the subpoenas under their reading of Fed. R. Civ. P. 26(d), 45(d)(3), and 45(a)(4). Their argument under Rule

---

[1] "Judge Brann **does not permit correspondence in lieu of** formal discovery or **contested motions** or other substantive matters which should be made of record." (emphasis added). https://www.pamd.uscourts.gov/content/judge-matthew-w-brann.

[2] N.B. The Defendants have yet to respond to the Plaintiff's motion to compel. *See* ECF 118. That motion asks the Court to compel four, and only four, answers to simple interrogatories. Those interrogatories seek facts in possession of the Secretary of State and the Boards of Election, facts at the heart of this case, facts that are likely dispositive. They are also facts the Secretary and the Board apparently don't want released until it is too late for the Plaintiffs to obtain relief. Otherwise, why not, for the sake of judicial economy, just release a few numbers?

26(d) fails because of the expedited schedule. Defendants' Rule 45(d)(3) argument fails because the Court has set an expedited schedule, and Rule 45(c)(1). And their attempt to rely on Rule 45(a)(4) fails under a plain language reading of the rule, and common sense.

**Fed. R. Civ. P. 26(d)**

The Defendants' Rule 26(d) argument reaches a point just short of frivolous. Rule 26(d)(1) says the following:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Plaintiffs have not only followed Rule 26(d)(1) to the letter, but have also done so in the spirit of Rule 1 throughout the course of this case.[3] Plaintiffs first sought to avoid the time and expense that would inevitably accompany litigating over public records, currently accessible only to the Defendants, by seeking a stipulation on November 11, 2020.[4] That request for a stipulation was rebuffed, and in the absence of

---

[3] "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.**" Fed. R. Civ. P. 1 (emphasis added).

[4] "Recognizing that we have not had a Rule 26(f) conference, I seek, on behalf of plaintiffs, a stipulation under Fed. R. Civ. P. 26 (d) (1). **I ask all defendants to agree** to answer limited discovery requests by 5:00pm EST on Monday, November 16, 2020. For your information, and considering the exigencies of the case, I attach a copy of the Interrogatories that I would request that you answer.

To the extent we cannot reach an agreement on this issue, I will seek an order from the Court timely compelling responses. **I look forward to your response to this request for a stipulation**

a Meet and Confer order under Rule 16, Plaintiffs filed a motion to compel responses to its interrogatories on November 13, 2020.[5]  All within the rules, and then the Court, on November 10, scheduled an evidentiary hearing for November 19, 2020.

And just like the Defendants' obstructive behavior with the interrogatories, the Defendants delay and over-litigate what should be a straightforward process with respect to Plaintiffs' subpoenas.  Our evidentiary hearing is set for 10 days after the filing date of this suit.  The Court has stated it wants to hear evidence, quickly.  In order to comply with the Court's tight schedule in a timely fashion, Plaintiffs filed the subpoenas on November 15, 2020.  If the Court had not scheduled an evidentiary hearing, these subpoenas may not have been necessary.  If the Defendants' had not refused to meet the Plaintiffs in the middle on the interrogatories, these subpoenas may not have been necessary.  If the Defendants hadn't attempted to kill democracy in the darkness of unobserved election processes when they denied our poll watchers access to vote counting, none of this would be necessary.  But the Court has set this case on an expedited schedule, and the Defendants have ignored that by continuing to delay, and by forcing Plaintiffs to spend time and resources on litigating over facts and testimony to which they have a right.[6]

---

by 5:00 pm on Thursday, November 12, 2020. Thank you for your courtesies." *Letter to Defendants Seeking a Stipulation*, November 11, 2020, ECF 89-2 (Ex 9) (emphasis added).

[5] *See* ECF 118.
[6] And Plaintiff's time and resources are ever more scarce given the continuing attacks its counsel must deal with, attacks by not only the public but also attorneys who work for Defendants' counsel.  *See* ECF 135.

The Plaintiffs are the only party that have attempted to comply with Rule 26(d). Given the amount of effort Plaintiffs have gone to, to avoid litigating discovery unnecessarily, and given the expedited nature of this case, and given the Plaintiffs have and continue to strenuously adhere to the rules, the Defendants' motion to quash under Rule 26(d) should be denied.

### Fed. R. Civ. P. 45(d)(3)

Defendants argue that Rule 45(d)(3) requires the quashing of Plaintiffs subpoenas for a failure to allow a reasonable time to comply, requiring production outside the geographical limits of Rule 45(c), and subjecting the Counties and the Commonwealth to undue burden.

In support of their argument that they were not afforded a reasonable time to comply, plaintiffs cite two cases: *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-CV-1665, 2011 WL 5429005 (E.D. Pa. Nov. 7, 2011), and *Am. Nat'l Prop. & Cas. Co. v. Felix*, No. 3:16-CV-147, 2018 WL 10247020, (W.D. Pa. Nov. 16, 2018). Neither of these cases are apropos.

The Court in *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.* did not quash the subpoenas just because they were issued three days before a hearing. The Court quashed them because the subpoenaed documents were of a class of documents already objected to by the *Grant Heilman* defendants, and the objections had

not been resolved by the assigned Magistrate Judge pursuant to a Standing Order issued by the judge in *Grant Heilman*.[7]

And in *Am. Nat'l Prop. & Cas. Co.*, the Plaintiffs asked opposing counsel (via correspondence) to depose a key witness two weeks before trial, five days after they requested the deposition, and three months after discovery had closed. They did not notify the Court they were requesting the deposition, and they were not on an expedited schedule.[8]

Regarding their argument under Rule 45(c), Defendants argue that the Court must quash the subpoenas because all the subpoenaed witnesses are outside of a 100 mile radius of the courthouse. This argument ignores Rule 45(c)(1)(B), which states:

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

    (ii) is commanded to attend a trial and would not incur substantial expense."[9]

All of the subpoenaed witnesses reside in Pennsylvania, and are a party or party's officer, or it would not incur substantial expense for them to appear. Therefore this argument fails. The defendants argument regarding the documents being

---

[7] *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-CV-1665, ECF 126 at 23 (E.D. Pa. Nov. 7, 2011)

[8] *See Am. Nat'l Prop. & Cas. Co. v. Felix*, No. 3:16-CV-147, ECF 117 at 2-4 (W.D. Pa. Nov. 16, 2018).

[9] Fed. R. Civ. P. 45(c)(1).

outside a 100 mile radius of the Court also fails because Rule 45(c)(2) simply requires the producer to be within 100 miles of the documents, not that the documents be within 100 miles of the Court.

The defendants further seek to quash under Rule 45(d)(3) because producing the requested documents would be an "undue burden". "In order to establish "undue burden" under Rule 45(c)(3)(A)(iv), [Defendants] must show a "clearly defined and serious injury."[10] The Defendants cite to no case law clearly defining the injury they claim they are suffering from, nor do they show how it is "serious". Therefore their argument under Rule 45(d)(3) fails as well.

## Fed. R. Civ. P. 45(a)(4)

Finally, Defendant's reliance on Rule 45(a)(4) to attempt to quash Plaintiffs' subpoenas fails under a plain language reading of the rule. The Defendants, in their motion-by-correspondence provide evidence of a purported violation of Rule 45(a)(4) with respect to only two witnesses, and no other witnesses or documents. Insofar as those two witnesses are concerned, this case is on an expedited schedule, any mis-timing of the subpoena and service was inadvertent, and re-serving the subpoenas in the "proper" order would be an exercise in futility, a waste of time, and a waste of resources. The defendants and their counsel are on notice, there was no

---

[10] *City of St. Petersburg v. Total Containment, Inc.*, 2008 U.S. Dist. LEXIS 36735, at *8 (E.D. Pa May 5, 2008)

prejudice, and there is no attempt at, nor is there any accidental litigation by surprise. For these reasons, the Defendants' attempts to quash under Rule 45(a)(4) should be denied.

## Conclusion

For the foregoing reasons, the Court should deny the Defendants' motion to quash.

Respectfully submitted,

*/s/ Marc A. Scaringi*
Marc A. Scaringi
marc@scaringilaw.com
PA Supreme Court ID No. 88346
Brian C. Caffrey
brian@scaringilaw.com
PA Supreme Court ID No. 42667
Scaringi Law
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110
717-657-7770 (o)
717-657-77797 (f)

Date:  November 17, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs, | : No. 4:20-cv-02078 <br> : |
| v. | : Judge Brann <br> : |
| KATHY BOOCKVAR, et al, | : <br> : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Deborah A. Black, Paralegal for Scaringi Law, do hereby certify that I served a true and correct copy of the foregoing ***Response to Defendants' November 16 Discovery Letter Moving to Quash Subpoenas,*** in the above-captioned action, upon all parties registered to receive same via electronic mail.

Date:  November 17, 2020        /s/ *Deborah A. Black*_____
                                Deborah A. Black, Paralegal
                                For Marc A. Scaringi, Esquire and
                                Brian C. Caffrey, Esquire