# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br>     Plaintiffs, <br> <br> v. <br> KATHY BOOCKVAR, *et al.*, <br>     Defendants. | : <br> : No. 4:20-CV-02078 <br> : <br> : (Judge Brann) <br> : <br> : <br> : <br> : |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, by their attorneys Marc A. Scaringi, Esq., Brian C. Caffrey, Esq., and Rudolph Giuliani, Esq., pursuant to Rule 15 of the Federal Rules of Civil Procedure and Middle District Local Rule 15.1 and respectfully represent:

## **PRELIMINARY STATEMENT**

1. Pursuant to the interests of justice, Plaintiffs seek leave to file a Second Amended Complaint to restore claims which were inadvertently deleted from their Amended Complaint, and to add claims based on newly learned facts, including the Pennsylvania Supreme Court's November 17, 2020 decision. Plaintiffs' claims are based mainly on allegations contained in their original Complaint, plus factual allegations recently learned, and the recent Pennsylvania Supreme Court case. The interests of the Nation depend on free and fair elections for President and Defendants will suffer no prejudice through amendment.

Plaintiffs intend to stand on the Second Amended Complaint going forward. The Motion should be granted.

## BACKGROUND

2. As soon as possible following the November 3, 2020 Presidential election, Plaintiffs filed their Complaint on November 9, 2020, asserting claims of denial of due process on the right to vote by invalid enactment of regulations affecting observation and monitoring of the election (Count I); denial of equal protection of the laws under the United States Constitution and 42 U.S.C. § 1983 through the invalid enactment of those same regulations (Count II); violation of the Electors & Elections Clauses of the United States Constitution, U.S. Const. Art. I, §4, cl. 1 & Art. II, § 1, cl. 2 (Count III); denial of equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983 through disparate treatment of absentee/mail-in voters among different counties (Count IV); a separate count for violation of the Electors & Elections Clauses under the United States Constitution, Art. I, §4, & Art. II, § 1 (Count V); another count for denial of Due Process of law by Disparate Treatment of Absentee/Mail-In Voters Among Different Counties (Count VI); and another count for Violation of the Electors & Elections Clauses (Count VII).

3. In their original Complaint, Plaintiffs sought an injunction to prohibit Defendants from certifying the results of the general election, or a similar

injunction as to the tabulation of ballots the canvass of which Plaintiffs' watchers were prevented from observing; an injunction prohibiting certification of election results which included tabulation of absentee and mail-in ballots which Defendants improperly permitted to be cured, and reasonable costs and expenses.

4. On November 12, 2020 motions to dismiss were filed by Secretary Boockvar, the Defendant Boards of Election, and various of the Intervenors.

5. On November 13, 2020 the Court entered an Order granting the Motion of attorneys Ronald L. Hicks, Jr., Carolyn B. McGee, of the Porter Wright firm to withdraw as counsel for the Plaintiffs.

6. Attorney Linda Kerns petitioned for special admission on November 13, 2020 to represent the Plaintiffs.

7. On November 15, 2020 Plaintiffs filed an amended Complaint under F.R.Civ.P. No. 15(a) (1).

8. In their Amended Complaint, Plaintiffs advance claims of denial of equal protection through disparate treatment of absentee/mail-in voters among different counties (Count I), and violation of the Electors & Elections Clauses (Count II). Other counts from the original Complaint were improperly omitted from Amended Complaint.

9. Plaintiffs now request leave of Court to file a Second Amended Complaint in order to restore and add counts regarding violations of Equal

3

Protection, Due Process, and the Electors and Elections Clauses of the Constitution, as enforce through the Civil Rights Act, 42 U.S.C. §1983.

## STANDARD

10. Rule 15 of the Federal Rules of Civil Procedure allows amendments as of course under certain circumstances; however, " In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.Civ.P. No. 15(a) (2).

11. This Court has recently stated the legal standard governing leave to amend a complaint:

> Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Here, Raymo seeks to amend his complaint under Rule 15(a)(2). Under Rule 15(a)(1), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a motion for leave to amend may be denied when justified. Permissible justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

*Raymo v. Civitas Media LLC*, No. 3:19-CV-01798, 2020 U.S. Dist. LEXIS 123827, at *5-6 (M.D. Pa. July 15, 2020).

## ARGUMENT

12.  Justice requires that Plaintiffs be allowed to amend their Amended Complaint.

13.  *First*, the matters before the Court are of great moment, matters upon which the election of the President of the United States could hinge. Given the widespread reports of voter fraud and irregularities in the casting and processing of votes around the country and particularly in Pennsylvania, the Court should have all necessary allegations before it in order to fairly rule upon Plaintiffs' requests for relief.

14.  *Second,* there are also extraordinary circumstances involving Plaintiffs' counsel in this case which have occurred within a very short space of time. Attorney Linda Kerns took over representation of the Plaintiffs after the withdrawal of Porter Wright. That firm's withdrawal, which came about due to threats and outside pressures placed on the firm, was itself extraordinary and unusual. Ms. Kerns herself has been the subject of threats of harm, to the point at which the involvement of police and U.S. Marshals has been necessary to provide for her safety. Additionally, undersigned counsel and attorney Giuliani became involved as counsel of record for the Plaintiffs on November 16 and 17, 2020, respectively. Because of the lack of clear communication over the weekend of

November 13 to 15, certain counts were improperly withdrawn from the Amended Complaint. A reasonable period of time was needed for the newly constituted legal team to cohere, which occurred under great time pressure. Particularly in these circumstances, Plaintiffs are entitled to counsel of their choosing and to be in a position to advance their best claims and theories in this extraordinarily consequential case.

15. ***Third,*** none of the permissible justifications for denying leave to amend are present in this case. Plaintiffs do not seek leave to amend for the purpose of undue delay. Plaintiffs fully understand and appreciate the compressed time frame within which the matters at issue must be determined. The Court granted Plaintiffs something shy of 24 hours to file the instant motion, and Plaintiffs will have complied with that deadline. Plaintiffs have no bad faith or dilatory motive for requesting leave to amend. As noted above, Plaintiffs have no interest in any dilatory tactic, and every reason to avoid any such tactic. Similarly, Plaintiffs have no bad-faith motive for seeking leave to amend. Plaintiffs' interest is to ensure that the Court has before it all the necessary claims and allegations that will enable the Court to make a fair and comprehensive determination of the issues involved in the case.

16. ***Fourth***, no undue prejudice to the Defendants or Intervenors will result from allowing leave to amend. Defendants have the same interest in

enabling the Court to make a fair and comprehensive determination of the issues. Moreover, Defendants will have seen most, if not all of the allegations before, and recently. Therefore, allowing amendment will not surprise the Defendants, delay them in evaluating the claims in a second amended complaint, or prevent them from timely responding. Defendants are the Secretary of the Commonwealth and seven County Board of Elections. They have a common, if not overriding, interest that the 2020 Presidential election be conducted fairly and the American people have faith in its integrity. Allowing Plaintiffs' allegations to be full aired serves this important national goal.

17.   *Fifth,* allowing the requested amendment will not constitute a repeated failure to correct deficiencies with previous amendments. Rather, Plaintiffs seek to restore all relevant claims and allegations so that all pertinent claims are before the Court.

18.   *Sixth*, a second amended complaint will not be futile. Plaintiffs heard the Court's questions at the November 27, 2020 argument and have attempted to draft the Second Amended Complaint to comport with the Court's concern. In addition, the Pennsylvania Supreme Court had not decided that candidates and parties have no right under the Pennsylvania Election code to have observers who could meaningfully monitor the canvassing of mail ballots until yesterday – a decision which will be challenged under *Bush v. Gore,* 531 U.S. 98 (2000)

19. Specifically, Plaintiffs have pled claims involving Defendants' improperly favoring candidate Joseph Biden over President Donald J. Trump, which claims were expressly approved by the Third Circuit in the *Marks v. Stinson* state Senate litigation, where the Courts held that the government may not engage in a scheme to favor one candidate over the other by allowing illegal votes to dilute the results. *See Marks v. Stinson*, 60 F.3d 816 (3d Cir. 1995) (affirming preliminary injunction removing Stinson from office and authoring statistical analysis to disallow illegal votes); *Marks v. Stinson*, 1994 U.S. Dist. LEXIS 5273 (E.D. Pa. April 26, 1994) (entering permanent injunction removing Stinson from office and certifying Marks as the state Senator based, *inter alia*, on statistical analysis).

20. Here, after limited discovery, through statistical analysis, see *Marks*, 60 F.3d at 889, fn. 14, Plaintiffs intend to show that a substantial portion of the 1.5 million mail votes received in the Defendant Counties were counted in violation of Pennsylvania law (including the exclusion of Trump and Republican watchers from the canvass of mail ballots and approving mail ballots which did not comport with Pennsylvania's signature, date, and other requirements, *see* 25 P.S. §§3146.6(a), 3150.16(a)). Plaintiffs will also show that Defendants' conduct was part of an improper scheme to favor Biden over Trump by counting improper votes in violation of the Equal Protection, Due Process, and Electors and Elections clauses under the Constitution and Civil Rights Act. Ultimately, Plaintiffs will seek the remedy of

Trump being declared the winner of the legal votes cast in Pennsylvania in the 2020 General Election, and, thus, the recipient of Pennsylvania's electors.  As in *Marks v. Stinson*, Defendants' various other arguments raised in pending motions to dismiss, including abstention, no Constitutional violation, no appropriate remedy, failure to exhaust state remedies have no merit and should be rejected.

21.     ***In conclusion,*** this Court should grant the motion, allow filing of the Second Amendment Complaint, proceed to limited expedited discovery and a injunction hearing, and allow the Nation to have faith in the integrity of Pennsylvania 2020 Presidential election.

WHEREFORE, Plaintiffs respectfully request the Court to grant them leave to file the Second Amended Complaint that is filed herewith.

                                                Respectfully submitted,

                                                */s/ Rudolph William Giuliani*
                                                Rudolph William Giuliani
                                                NY Supreme Court ID No. 1080498

                                                */s/Marc A. Scaringi*
                                                Marc A. Scaringi
                                                marc@scaringilaw.com
                                                PA Supreme Court ID No. 88346
                                                Brian C. Caffrey
                                                brian@scaringilaw.com
                                                PA Supreme Court ID No. 42667
                                                Scaringi Law
                                                2000 Linglestown Road, Suite 106
                                                Harrisburg, PA 17110
                                                717-657-7770 (o)/ 717-657-7797 (f)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al, | : <br> : CIVIL ACTION <br> : |
| Plaintiffs | : No. 4:20-cv-02078 <br> : |
| v. | : Judge Brann <br> : |
| KATHY BOOCKVAR, et al, | : <br> : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Deborah A. Black, Paralegal for Scaringi Law, do hereby certify that I served a true and correct copy of *Plaintiffs' Motion for Leave to file Second Amended Complaint,* in the above-captioned action, upon all parties via CM/ECF.

Date:  November 18, 2020          /s/ *Deborah A. Black*_____
                                                               Deborah A. Black, Paralegal
                                                               For Marc A. Scaringi, Esquire and
                                                               Brian C. Caffrey, Esquire