## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al, | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | No. 4:20-cv-02078 |
| | : | |
| v. | : | Judge Brann |
| | : | |
| KATHY BOOCKVAR, et al, | : | |
| | : | |
| Defendants | : | |

### PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

The relief requested by Plaintiffs is necessary to remedy the failure of Defendants[1] to conduct the November 3, 2020 Presidential General Election in Pennsylvania with integrity, namely to ensure that: the election process was free, fair, and comported with the Constitution of the United States of America and Constitution of the Commonwealth of Pennsylvania. Accordingly, pursuant to Rules 26, 57 and 65 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request this Honorable Court to order expedited discovery. Plaintiffs

---

[1] Defendants are Kathy Boockvar, in her official capacity as the Secretary of the Commonwealth of Pennsylvania (hereinafter "**Boockvar**") and the County Election boards of Allegheny, Centre, Chester, Delaware, Montgomery, Northampton, and Philadelphia Counties (hereinafter collectively, the "**Counties**")

have not yet conferred with counsel for Defendants due to the urgent timeframe, but assume that they oppose the Motion based on prior conferrals.[2]

In support of this Motion, Plaintiffs aver as follows:

1.      As explained in Plaintiffs' Second Amended Verified Complaint for Declaratory and Injunctive Relief serious deviations from Pennsylvania's Election Code occurred during the recent General Election in the Defendant Counties.

2.      Those deviations undermine the integrity of the election result and impinge upon the constitutional rights of Plaintiffs and all other eligible registered voters in Pennsylvania to a free and fair election.

3.      The restrictions on poll watchers and observers diminished the guarantee of free and fair elections by, among other things, locking out poll watchers and observers from observing canvassing and counting mail-in ballots. The restrictions unnecessarily and improperly restricted the locations where poll watchers and observers could watch to ensure the integrity of the ballot counting process.  Instead, in Democrat controlled Defendant Counties, the Trump Campaign and other Republican poll watchers were denied the opportunity to

---

[2] In a related pre-election matter in the Western District of Pennsylvania, the Court granted the Trump Campaign expedited discovery. *Trump, et al. v. Boockvar, et al.*, 2:20-CV-00966-NR (ECF 124).

meaningfully observe canvassing and counting of mail-in ballots.  Often, they were kept more than 25 feet away so that they could not observe the contents of the outside envelopes.   Plaintiffs believe this was done by Defendant Counties in order to count ballots that they believed would favor former Vice-President Biden because it was well known that mail-in ballots would be overwhelmingly cast by voters favoring Vice President Biden while voters favoring President Trump intended to vote in person.  In fact, it appears that Vice President Biden received approximately 75% of the mail-in ballots in these counties.

4.      Plaintiffs believe that over 1.5 million mail-in ballots were counted in the Defendant Counties.   Plaintiffs further believe that many of these ballots – even as many as tens of thousands – should not have been counted because they were improperly executed by purported voters lacking signatures, addresses and dates.

5.       Consequently, on November 9, 2020, Plaintiffs initiated this litigation to ensure that the election in Pennsylvania was free, fair, transparent, and conducted with integrity.

6.       Under Pennsylvania law, the Secretary of the Commonwealth is to certify the results of the election by November 23, 2020.    The Electoral College of the United States is to meet December 14, 2020.   This Court should expedite

discovery so that Plaintiffs can obtain evidence in the possession of Defendants and present their case.

7.     As pled in the Complaint, absentee and mail-in ballots are cast with an outside envelope and an inner secrecy envelope.  Under Pennsylvania law, the outside envelope contains a declaration to be signed by the voter.   The voter must sign the outside envelope, write the voter's address, and date it.   Pursuant to Pennsylvania statutes, mail-in ballots may not be counted if any requirement for executing the outside envelope is not satisfied or if the ballot is not contained inside the sealed inside envelope. 25 P.S. §§3146.6(a), 3146.8(g)(4)(i)-(iv); 3150.16(a).  It is blackletter law that "voters are at risk for having his or her ballot rejected due to minor errors made in contravention of those [mail voting] requirements", as recently affirmed in *Crossy v. Boockvar,* 2020 Pa.LEXIS 4872, *56 (Pa., September 17, 2020), which also concluded "the secrecy envelope provision to be mandatory".  *Id.* *66

8.     Plaintiffs request discovery on an expedited basis to determine information relevant to their allegations including, but not limited to:

   a.  Copies (paper and electronic) of outside envelopes of all mail-in ballots that were canvassed and approved by the Defendant Counties;

   b.  Access to inspect all outside and inside envelopes of all mail-in ballots that were canvassed and approved by the Defendant Counties;

4

c.  Documents evidencing the number of votes cast for each candidate in the General Election in each county at the voting machines, by absentee ballot, by mail-in ballot, and provisional ballot;

d.  Lists of all voters who were permitted to correct their mail-in ballots and copies of all notifications sent to voters that their mail-in ballots needed to be corrected;

e.  Oral Deposition of Defendant Boockvar;

f.  Rule 30(b)(6) Depositions of each Defendant County regarding the conduct of the 2020 General Election (topics to be provided once outside and inside envelopes are produced);

g.  All communications between and among Defendant County officials, the Pennsylvania Department of State, including Defendant Boockvar and Jonathan M. Marks, Deputy Secretary for Elections & Commissions, and voters, candidate representatives and political party representatives concerning communication to and with voters, candidate representatives and political party representatives about voters whose absentee and mail-in ballots had rejected at any time by the county board.

9.      The targeted discovery sought by Plaintiffs is relevant to their requests for declaratory and injunctive relief.   For example, Plaintiffs, *inter alia*, seek copies of and a process to inspect the outside envelopes that were canvassed and approved for counting to determine if the statutory requirements were met. Plaintiffs will engage a statistical expert to determine the number of ballots that were improperly counted based on statistically significant sampling.  This procedure of sampling and statistical analysis was approved by *Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994), which observed:

> Courts, with the aid of expert testimony, have been able to demonstrate that a particular result is worthy of the public's confidence even though not established solely by applying mathematics to the record evidence. *See eg. Curry*, 802 F.2d at 1317-19. What is required is evidence and an analysis that demonstrate that the district court's remedy is worthy of the confidence of the electorate.

*Id.*, fn. 14

10.     This principle was applied by the District Court on remand in relying on statistical evidence in removing William Stinson and placing Bruce S. Marks in a Pennsylvania state Senate seat by excluding illegally cast mail-in ballots and finding Marks won the election.  *See Marks v. Stinson,* 1994, U.S. District LEXIS 5273 (E.D. Pa. April 26, 1994).

11.     Rule 57 of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court may order a speedy hearing of a declaratory judgment action."  Fed. R. Civ. P. 57.

12.     Under Rule 57, a district court possesses "broad discretion" in deciding whether expedited proceedings are warranted, and this discretion stems from district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Cty. of Butler v. Wolf,* No. 2:20-cv-677, 2020 U.S. Dist. LEXIS 93484, at *6 (W.D. Pa. May 28, 2020) (quoting *Walsh/Granite Jv v. Hdr Eng'g, Inc.*, 2018 U.S. Dist. LEXIS

232490, 2018 WL 10228391 (W.D. Pa. Jan. 3, 2018)).

13.     Factors for a district court to consider under Rule 57 include:

    a.   "[W]hether expediting determination of the requested declaratory judgment 'will streamline and narrow issues for discovery and trial, even if it will not entirely resolve the controversy[;]'"

    b.   Whether the "determination [of the requested declaratory judgment is] largely one of law, and factual issues (while expedited discovery is permitted and frequently granted) are not predominant[;]" and

    c.   Whether there are "imminent or ongoing violations of important rights."

*Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, at *6, *7 (citations omitted).

14.     Unlike preliminary injunction proceedings, a party "need not establish immediate and irreparable injury to justify expedited review under Rule 57." *Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, at *14, n. 3.  Even if irreparable injury is a factor, "federal courts have long held that the deprivation of constitutional rights – particularly rights enshrined in the First Amendment – is presumed to be irreparable," and therefore supports expedited review under Rule 57. *Id.*

15.     Additionally, Rule 26 of the Federal Rules of Civil Procedure permits discovery to take place on an expedited basis, prior to a Rule 26(f) conference,

when such discovery is "authorized by ... court order."  Fed. R. Civ. P. 26(d).

16.    "A district court has wide latitude in structuring discovery and its rulings will not be overturned absent a showing of a clear abuse of discretion." *Westchester Fire Ins. Co. v. Household Int'l, Inc.*, 167 Fed. App'x 895, 899 n.2 (3d Cir. 2006) (citing *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 217 (3d Cir. 2003)).

17.    "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Servs.*, 798 F.2d 679, 682 (4th Cir.1986) *citing Eggleston v. Chicago Journeymen Plumbers Etc.*, 657 F.2d 890, 902 (7th Cir. 1981) and *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).  *See also Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, *16 ("The Court has the authority to streamline, limit and shorten the discovery process in a manner best suited to the case at hand.").

18.    This Court and its sister courts in this Circuit have analyzed the question under a good cause standard.  *See, e.g.*, *Samuel, Son & Co. v. Beach*, 2013 U.S. Dist. LEXIS 129486, at *6–*7 (W.D. Pa. Sept. 11, 2013) (recognizing that courts should consider whether "the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice

or hardship to the defendant"); *Kone Corp. v. TyssenKrupp USA, Inc.*, 2011 U.S. Dist. LEXIS 109518, at *10 (D. Del. Sept. 26, 2011) (same).

19.  All the foregoing factors and elements, including good cause, are met in this case, counseling in favor of granting the expedited discovery. Importantly, almost all documents sought are public records for which Plaintiffs have a right to inspect.

20.  Few rights, if any, are more important than the right to free and fair elections, conducted with integrity and transparency, the very right at issue here.

21.  Also, the subject matters of the requested expedited discovery are limited and targeted to recent, easily accessible information necessary to allow this Court to make a timely determination of the important constitutional rights Plaintiffs seek to defend.

Respectfully submitted,

/s/ Marc A. Scaringi
Marc A. Scaringi
marc@scaringilaw.com
PA Supreme Court ID No. 88346
Brian C. Caffrey
brian@scaringilaw.com
PA Supreme Court ID No. 42667
Scaringi Law
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110
717-657-7770 (o)