# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Civil Action No. 4:20-cv-02078-MWB |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) ) ) ) Judge Matthew W. Brann |
| Defendants. | ) ) ) |

## CENTRE, DELAWARE AND NORTHAMPTON COUNTY BOARDS OF ELECTIONS' REPLY IN SUPPORT OF MOTIONS TO DISMISS

The Centre, Delaware and Northampton County Boards of Elections administered elections that were secure, fair, and in compliance with the law. As previously briefed and argued at length by Defendants, Plaintiffs' Amended Complaint is facially deficient on legal grounds including standing and abstention, and should be dismissed immediately with prejudice. Centre, Delaware and Northampton Counties file this memorandum to underscore that Plaintiffs lack standing to assert the claims in the Amended Complaint, which themselves are also not cognizable as a matter of law.

Notwithstanding Plaintiffs' continuing effort to move the goalposts with respect to their claims in this lawsuit, there remains far "less to this case than meets

the eye." *Pennsylvania Voters All. v. Ctr. Cty.*, No. 4:20-CV-01761, 2020 WL 6158309, at *2 (M.D. Pa. Oct. 21, 2020), motion for injunction pending appeal denied, No. 20-3175 (3d Cir. Oct. 28, 2020) ("Motion . . . is hereby denied for lack of standing as there is no injury-in-fact"). Like the plaintiffs in *Pennsylvania Voters Alliance*, Plaintiffs make sweeping allegations but lack Article III standing to pursue their claims, and the arguments in their Omnibus Opposition to the Motions to Dismiss do not rescue the Amended Complaint.

In their Opposition, Plaintiffs only briefly touch on standing and rely upon demonstrably baseless arguments. Their first contention, that *Marks v. Stinson*, 19 F.3d 873 (3d Cir. 1994) supports "competitive standing," is deeply flawed. (Opp. Mem. at 11). *Marks* does not address or discuss "competitive standing," – to the contrary, the word "standing" appears only in a single irrelevant footnote. 19 F.3d 873, 881 n.4 (3d Cir. 1994). The relevant case law that does address standing – as discussed in Defendants' Motion to Dismiss briefing – does not support a finding of competitive standing.

*Marks* itself differs dramatically from the instant action. *Marks* involved a challenge to absentee ballots that altered the outcome of a State Senate race such that one candidate went from being roughly 500 votes behind to 500 votes ahead, and the plaintiffs pled and proved that the absentee ballots were procured by fraud. In stark contrast here, the current margin in Pennsylvania exceeds 80,000 votes and

the Amended Complaint does not identify a single fraudulent ballot anywhere in Pennsylvania, let alone in Centre, Delaware or Northampton Counties.[1] Accordingly, Plaintiffs plainly lack "competitive standing." *See Bognet v. Sec'y Commonwealth of Pennsylvania*, No. 20-3214, 2020 WL 6686120, at *8 (3d Cir. Nov. 13, 2020) ("What's more, for Bognet to have standing to enjoin the counting of ballots arriving after Election Day, such votes would have to be sufficient in number to change the outcome of the election to Bognet's detriment.").

Plaintiffs next argue that the voter plaintiffs have standing because their votes were not counted due to uneven application of cure procedures among Pennsylvania's counties. But that harm would be redressable only by counting these two plaintiffs' votes; it is not redressable by the draconian relief Plaintiffs seek — throwing out cured ballots from across the state. The Plaintiffs' "vote for a vote" remedy sought (or more accurately, "votes for a vote") is unsupported by statute or legal precedent. In addition, the Third Circuit's recent ruling in *Bognet* squarely forecloses that remedy:

> when voters cast their ballots under a state's facially lawful election rule and in accordance with instructions from the state's election officials, private citizens lack Article III standing to enjoin the counting of those ballots on the grounds that the source of the rule was the wrong

---

[1] *See* Erik Larson, *Trump Pennsylvania Suit Now Suggests Legislature Pick Winner*, Bloomberg, Nov. 18, 2020, https://www.bloomberg.com/news/articles/2020-11-18/trump-campaign-files-revised-suit-in-pennsylvania-election-case ("Biden's current lead in Pennsylvania was more than 80,000 votes on Wednesday evening.").

state organ or that doing so dilutes their votes or constitutes differential treatment of voters in violation of the Equal Protection Clause.

*Bognet*, 2020 WL 6686120, at *18. Further, the uneven application of cure procedures is not a viable equal protection violation. *See Donald J. Trump for President, Inc. v. Boockvar,* No. 2:20-CV-966, 2020 WL 5997680, at *44 (W.D. Pa. Oct. 10, 2020) ("To be clear, the reason that there is no differential treatment is solely based on Plaintiffs' theory of harm in this case. . . . In this case, . . . Plaintiffs complain that the state is *not* imposing a restriction on *someone else's* right to vote." (emphasis in original)).

Finally, Plaintiffs seek to sidestep *Bognet* by pointing to a sentence in that opinion referring to a "place of residence" as an invidious classification that confers standing on a voter who lives in a particular county. (Opp. Mem. at 12). However, the quote is inapposite here, because it is taken from a Supreme Court case addressing the wholly distinct issue of the Alabama legislature's failure to reapportion itself in line with population growth. *Reynolds v. Sims,* 377 U.S. 533, 568 (1964) ("We hold that, as a basic constitutional standard, the Equal Protection Clause requires that the seats in both houses of a bicameral state legislature must be apportioned on a population basis."). This is not an apportionment case. The Amended Complaint does not present a claim that any of the counties in which the plaintiffs reside receive disproportionately less representation in the legislature than they are entitled to, and thus the "place of residence" classification at issue in

4

*Reynolds* is inapposite. The necessary result under established precedent remains dismissal for lack of Article III standing.

The Centre, Delaware and Northampton County Boards of Elections have done nothing wrong. Plaintiffs' invective in the First Amended Complaint and Omnibus Opposition to the Motions to Dismiss impugns the integrity and insults the work of County staff, poll workers, and poll observers. Legally, Plaintiffs' repetitive and groundless claim of an "illegal scheme" or "illegal ballots" lacks the specificity and plausibility required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). A collection of unattributed hearsay describing snapshot portions of the election administration process does not support Plaintiffs' conclusion of illegally-cast ballots. Nor does it merit the unprecedented relief of wholesale disenfranchisement of hundreds of thousands of Pennsylvania voters.

The Centre, Delaware and Northampton County Boards of Elections request prompt dismissal of this lawsuit with prejudice, without discovery, and without further hearings. The voters and taxpayers of the Counties deserve better than to have their Constitutional rights and tax dollars infringed upon by continued meritless litigation. In further support, Centre, Delaware and Northampton Counties join the

legal arguments advanced by Secretary Boockvar and the Allegheny, Montgomery,

Philadelphia, and Chester County Boards of Elections in their respective briefs.

Dated: November 19, 2020

Respectfully submitted,


/s/ Molly E. Meacham

Molly E. Meacham
Elizabeth A. Dupuis
**Babst, Calland, Clements & Zomnir, P.C.**
603 Stanwix Street, Sixth Floor
Two Gateway Center
Pittsburgh, PA 15222
412-394-5614
mmeacham@babstcalland.com

330 Innovation Blvd. Suite 302
State College, PA 16803
814-867-8055
bdupuis@babstcalland.com

*Attorneys for Centre County Board of Elections*


/s/ Edward D. Rogers

Timothy D. Katsiff
Edward D. Rogers*
Terence M. Grugan*
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
KatsiffT@ballardspahr.com
RogersE@ballardspahr.com
GruganT@ballardspahr.com
*(admitted *pro hac vice*)

*Attorneys for Delaware County Board of Elections*


/s/ Timothy P. Brennan

Attorney ID: 91798
Assistant Solicitor
County of Northampton
669 Washington Street
Easton, PA 18042
610-829-6350
tbrennan@northamptoncounty.org


/s/ Brian J. Taylor

Attorney ID: 66601
Assistant Solicitor
County of Northampton
669 Washington Street
Easton, PA 18042
610-829-6350
btaylor@northamptoncounty.org

*Attorneys for Northampton County Board of Elections*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 19th day of November 2020, a copy of the foregoing was served via the court's electronic filing system upon all counsel of record.

*/s/ Molly E. Meacham*