and representatives by security and metal barricades from the areas where the inspection, opening, and counting of absentee and mail-in ballots were taking place. Consequently, Defendants created a system whereby it was physically impossible for the candidates and political parties to view the ballots and verify that illegally cast ballots were not opened and counted.

179.   Defendants intentionally and/or arbitrarily and capriciously denied Plaintiffs access to and/or obstructed actual observation and monitoring of the absentee and mail-in ballots being pre-canvassed and canvassed by Defendants.

180.   Defendants have acted and will continue to act under color of state law to violate the right to vote and due process as secured by the Fourteenth Amendment to the United States Constitution.

181.   Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT II

**Fourteenth Amendment**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983**
**Denial of Equal Protection**
**Invalid Enactment of Regulations Affecting Observation and**
**Monitoring of the Election**

182.   Plaintiffs refer to and incorporate by reference each of the prior paragraphs of this Complaint as though the same were repeated at length herein.

183.   The equal enforcement of election laws is necessary to preserve our most basic and fundamental rights.

184.   The requirement of equal protection is particularly stringently enforced as to laws that affect the exercise of fundamental rights, including the right to vote.

185.   In statewide and federal elections conducted in the Commonwealth of Pennsylvania, including without limitation the November 3, 2020 General Election, all candidates, political parties, and voters, including without limitation Plaintiffs, have a vested interest in being present and having meaningful access to observe and monitor the electoral process in each County to ensure that it is properly administered in every election district and otherwise free, fair, and transparent.

186.   Moreover, through its provisions involving watchers and representatives, the Pennsylvania Election Code ensures that all candidates and political parties in each County, including the Trump Campaign, have meaningful access to observe and monitor the electoral process to ensure that it is properly administered in every election district and otherwise free, fair, and transparent. *See, e.g.,* 25 P.S. §§ 3146.8(b) & (g)(1.1)-(2).

187.   Defendants have a duty to treat the voting citizens in each County in the same manner as the citizens in other Counties in Pennsylvania.

188.   Rather than heeding these mandates and duties, Defendants denied the Trump Campaign equal rights to meaningful access to observe and monitor the

electoral process enjoyed by citizens in other Pennsylvania Counties by: (a) mandating that representatives at the pre-canvass and canvass of all absentee and mail-ballots be either Pennsylvania barred attorneys or qualified registered electors of the county in which they sought to observe and monitor; and (b) not allowing watchers and representatives to visibly see and review all envelopes containing official absentee and mail-in ballots either at or before they were opened and/or when such ballots were counted and recorded. Instead, Defendants refused to credential all of the Trump Campaign's submitted watchers and representatives and/or kept Trump Campaign's watchers and representatives by security and metal barricades from the areas where the inspection, opening, and counting of absentee and mail-in ballots were taking place. Consequently, Defendants created a system whereby it was physically impossible for the candidates and political parties to view the ballots and verify that illegally cast ballots were not opened and counted.

189. Other Pennsylvania county boards of elections provided watchers and representatives of candidates and political parties, including without limitation watchers and representatives of the Trump Campaign, with appropriate access to view the absentee and mail-in ballots being pre-canvassed and canvassed by those county election boards and without restricting representatives by any county residency or Pennsylvania bar licensure requirements.

190.   Defendants intentionally and/or arbitrarily and capriciously denied Plaintiffs access to and/or obstructed actual observation and monitoring of the absentee and mail-in ballots being pre-canvassed and canvassed by Defendants, depriving them of the equal protection of those state laws enjoyed by citizens in other Counties.

191.   Defendants have acted and will continue to act under color of state law to violate Plaintiffs' right to be present and have actual observation and access to the electoral process as secured by the Equal Protection Clause of the United States Constitution.

192.   Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT III

### U.S. Const. Art. I, §4, cl. 1 & Art. II, § 1, cl. 2
### Violation of the Electors & Elections Clauses

193.   Plaintiffs incorporate each of the prior allegations in this complaint.

194.   The Electors Clause states that "[e]ach State shall appoint, in such Manner as *the Legislature* thereof may direct, a Number of Electors" for President. U.S. Const. art. II, § 1, cl. 2 (emphasis added).   Likewise, the Elections Clause of the U.S. Constitution states that "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature* thereof." U.S. Const. art. I, § 4, cl. 1 (emphasis added).

- 71 -

195.   The Legislature is "'the representative body which ma[kes] the laws of the people.'" _Smiley_, 285 U.S. at 365.

196.   Regulations of congressional and presidential elections, thus, "must be in accordance with the method which the state has prescribed for legislative enactments." _Id._ at 367; _see also Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n_, 135 S. Ct. 2652, 2668 (2015).

197.   In Pennsylvania, "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representative." Pa. Const. Art. II, § 1. _See also Winston_, 91 A. at 522; _Patterson_, 60 Pa. at 75.

198.   Defendants, as a member of the Governor's Executive Board and county boards of elections, are not part of the General Assembly and cannot exercise legislative power.   Rather, Defendants' power is limited to "tak[ing] care that the laws be faithfully executed." Pa. Const. Art. IV, § 2.

199.   Because the United States Constitution reserves for the General Assembly the power to set the time, place, and manner of holding elections for the President and Congress, county boards of elections and state executive officers have no authority to unilaterally exercise that power, much less to hold them in ways that conflict with existing legislation.

200.    Through its provisions involving watchers and representatives, the Pennsylvania Election Code ensures that all candidates and political parties, including without limitation Plaintiff, the Trump Campaign, shall be "present" and have meaningful access to observe and monitor the electoral process to ensure that it is properly administered in every election district and otherwise free, fair, and transparent. *See, e.g.*, 25 P.S. §§ 3146.8(b) & (g)(1.1)-(2).

201.    Defendants are not the legislature, and their unilateral decision to implement rules and procedures that deny Plaintiffs the ability to be "present" and have meaningful access to observe and monitor the electoral process violates the Electors and Elections Clauses of the United States Constitution.

202.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT IV

### Fourteenth Amendment
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983
### Denial of Equal Protection
### Disparate Treatment of Absentee/Mail-In Voters Among Different Counties

203.    Plaintiffs incorporate each of the prior allegations in this Complaint.

204.    According to the Supreme Court, the Fourteenth Amendment of the United States Constitution protects the "the right of all qualified citizens to vote … in federal elections." *Reynolds*, 77 U.S. at 554. Consequently, state election laws

may not "deny to any person within" the state's "jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1, cl. 4.

205. The Equal Protection Clause requires States to "'avoid arbitrary and disparate treatment of the members of its electorate.'" *Charfauros v. Bd. of Elections*, 249 F.3d 941, 951 (9th Cir. 2001) (*quoting Bush*, 531 U.S. at 105). That is, each citizen "has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Bloomstein*, 405 U.S. 330, 336 (1972). A qualified voter "is no more nor no less so because he lives in the city or on the farm. This is the clear and strong command of our Constitution's Equal Protection Clause." *Reynolds*, 377 U.S. at 568; *see also Gray v. Sanders*, 372 U.S. 368, 380 (1963) ("The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of [the Supreme Court's] decisions."). "[H]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush*, 531 U.S. at 104-05.

206. "The right to vote extends to all phases of the voting process, from being permitted to place one's vote in the ballot box to having that vote actually counted. Thus, the right to vote applies equally to the 'initial allocation of the franchise' as well as 'the manner of its exercise.' Once the right to vote is granted, a state may not draw distinctions between voters that are inconsistent with the

guarantees of the Fourteenth Amendment's equal protection clause." *Pierce,* 324 F. Supp. 2d at 695.

207.    "[T]reating voters differently" thus "violate[s] the Equal Protection Clause" when the disparate treatment is the result of arbitrary, ad hoc processes. *Charfauros,* 249 F.3d at 954. Indeed, a "minimum requirement for non-arbitrary treatment of voters [is] necessary to secure the fundamental right [to vote]." *Bush,* 531 U.S. at 105.

208.    The use of "standardless" procedures can violate the Equal Protection Clause. *Bush,* 531 U.S. at 103.    "The problem inheres in the absence of specific standards to ensure ... equal application" of even otherwise unobjectionable principles. *Id.* at 106.    Any voting system that involves discretion by decision makers about how or where voters will vote must be "confined by specific rules designed to ensure uniform treatment." *Id. See also Thomas v. Independence Twp.,* 463 F.3d 285, 297 (3d Cir. 2006) (Equal Protection Clause prohibits the "selective enforcement" of a law based on an unjustifiable standard); *United States v. Batchelder,* 442 U.S. 114, 125 n.9, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979).

209.    Allowing a patchwork of different rules from county to county, and as between similarly situated absentee and mail-in voters, in a statewide election involving federal and state candidates implicates equal protection concerns. *Pierce,* 324 F. Supp. 2d at 698-99. *See also Gray,* 372 U.S. at 379-81 (a county unit system

which weights the rural vote more heavily than the urban vote and weights some small rural counties heavier than other larger rural counties violates the Equal Protection Clause and its one-person, one-vote jurisprudence).

210. The equal enforcement of election laws is necessary to preserve our most basic and fundamental rights. Moreover, the requirement of equal treatment is particularly stringently enforced as to laws that affect the exercise of fundamental rights, *see* <u>Reed v. Town of Gilbert</u>, 135 S. Ct. 2218, 2226 (2015), including the right to vote.

211. Because of Defendants' conduct, voters in some counties have been and being treated differently than voters in other counties—and for no good reason. A voter in any of the counties covered by the Defendant County Elections Boards, who received notice of a defective mail-in ballot and an opportunity to cure it by correcting the ballot or casting a new one before Election Day or by casting a provisional ballot at the polling place on Election Day, has had or may have his vote counted. But voters like Mr. Henry, who received no such opportunity, will not, as their votes were rejected as having been improperly cast and thus void.

212. That "different standards have been employed in different counties across the Commonwealth of Pennsylvania to determine whether an absentee ballot should be counted" is the "kind of disparate treatment" that violates "the equal

protection clause because uniform standards will not be used statewide to discern the legality of a vote in a statewide election." *Pierce*, 324 F. Supp. 2d at 699.

213.   Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT V

### U.S. Const. Art. I, §4, & Art. II, § 1
### Violation of the Electors & Elections Clauses

214.   Plaintiffs incorporate each of the prior allegations in this complaint.

215.   The Electors Clause states that "[e]ach State shall appoint, in such Manner as *the Legislature* thereof may direct, a Number of Electors" for President. Art. II, § 1, cl. 2 (emphasis added).   Likewise, the Elections Clause of the U.S. Constitution states that "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature* thereof." Art. I, § 4, cl. 1 (emphasis added).

216.   The Legislature is "'the representative body which ma[kes] the laws of the people.'" *Smiley*, 285 U.S. at 1932.

217.   Regulations of congressional and presidential elections, thus, "must be in accordance with the method which the state has prescribed for legislative enactments." *Id.* at 367; *see also Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2668 (2015).

218.   In Pennsylvania, "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representative." Pa. Const. Art. II, § 1. *See also* Winston, 91 A. at 522; *Patterson,* 60 Pa. at 75.

219.   Defendants, as a member of the Governor's Executive Board and county boards of elections, are not part of the General Assembly and cannot exercise legislative power.  Rather, Defendants' power is limited to "tak[ing] care that the laws be faithfully executed." Pa. Const. Art. IV, § 2.

220.   Because the United States Constitution reserves for the General Assembly the power to set the time, place, and manner of holding elections for the President and Congress, county boards of elections and state executive officers have no authority to unilaterally exercise that power, much less to hold them in ways that conflict with existing legislation.

221.   According to the Pennsylvania Supreme Court, "although the Election Code provides the procedures for casting and counting a vote by mail, it does not provide for the 'notice and opportunity to cure' procedure[.]" *Pa. Democratic Party,* 2020 Pa. LEXIS 4872, at *56. Moreover, "[t]o the extent that a voter is at risk for having his or her ballot rejected due to minor errors made in contravention of those requirements, ... the decision to provide a 'notice and opportunity to cure' procedure to alleviate that risk is one best suited for the Legislature[,] . . . particularly in light

- 78 -

of the open policy questions attendant to that decision, including what the precise contours of the procedure would be, how the concomitant burdens would be addressed, and how the procedure would impact the confidentiality and counting of ballots, all of which are best left to the legislative branch of Pennsylvania's government." *Id.*

222.   Defendants are not the legislature, and their unilateral decision to create a cure procedure violates the Electors and Elections Clauses of the United States Constitution.

223.   Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT VI

### Fourteenth Amendment Equal Protection Clause
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983
### Denial of Due Process
### Disparate Treatment of Absentee/Mail-In Voters Among Different Counties

224.   Plaintiffs incorporate each of the prior allegations in this Complaint.

225.   Voting is a fundamental right protected by the Fourteenth Amendment to the United States Constitution.

226.   The Fourteenth Amendment protects the right to vote from conduct by state officials which seriously undermines the fundamental fairness of the electoral process. *Marks v. Stinson*, 19 F.3d 873, 889 (3d Cir. 1994); *Griffin*, 570 F.2d at 1077-78. "[H]aving once granted the right to vote on equal terms, the State may not,

- 79 -

by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush*, 531 U.S. at 104-05.

227.   The United States Constitution entrusts state legislatures to set the time, place, and manner of congressional elections and to determine how the state chooses electors for the presidency.  *See* U.S. Const. Art. I, § 4, cl. 1 & Art. II, § 1, cl. 2.

228.   In Pennsylvania, "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representative." Pa. Const. Art. II, § 1.  *See also Winston,* 91 A. at 522; *Patterson,* 60 Pa. at 75.

229.   Defendants, as a member of the Governor's Executive Board and county executive agencies, are not part of the General Assembly and cannot exercise legislative power.  Rather, Defendants' power is limited to "tak[ing] care that the laws be faithfully executed." Pa. Const. Art. IV, § 2.

230.   Although the Pennsylvania General Assembly may enact laws governing the conduct of elections, "no legislative enactment may contravene the requirements of the Pennsylvania or United States Constitutions." *Shankey,* 257 A. 2d at 898.

231.   According to the Pennsylvania Supreme Court, "although the Election Code provides the procedures for casting and counting a vote by mail, it does not provide for the 'notice and opportunity to cure' procedure[.]" *Pa. Democratic Party,*

2020 Pa. LEXIS 4872, at *56. Moreover, "[t]o the extent that a voter is at risk for having his or her ballot rejected due to minor errors made in contravention of those requirements, … the decision to provide a 'notice and opportunity to cure' procedure to alleviate that risk is one best suited for the Legislature[,] . . . particularly in light of the open policy questions attendant to that decision, including what the precise contours of the procedure would be, how the concomitant burdens would be addressed, and how the procedure would impact the confidentiality and counting of ballots, all of which are best left to the legislative branch of Pennsylvania's government." *Id.*

232.   Defendants are not the legislature, and their unilateral decision to create and implement a cure procedure for some but not all absentee and mail-in voters in this Commonwealth violates the Due Process Clause of the United States Constitution.

233.   Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

## COUNT VII

### U.S. Const. Art. I, §4, & Art. II, § 1
### Violation of the Electors & Elections Clauses

234.   Plaintiffs incorporate each of the prior allegations in this complaint.

235.   The Electors Clause states that "[e]ach State shall appoint, in such Manner as *the Legislature* thereof may direct, a Number of Electors" for President.

Art. II, § 1, cl. 2 (emphasis added).  Likewise, the Elections Clause of the U.S. Constitution states that "[t]he Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature* thereof." Art. I, § 4, cl. 1 (emphasis added).

236.   The Legislature is "'the representative body which ma[kes] the laws of the people.'" *Smiley*, 285 U.S. at 193.

237.   Regulations of congressional and presidential elections, thus, "must be in accordance with the method which the state has prescribed for legislative enactments." *Id.* at 367; *see also Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2668 (2015).

238.   In Pennsylvania, "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representative." Pa. Const. Art. II, § 1. *See also Winston*, 91 A. at 522; *Patterson*, 60 Pa. at 75.

239.   Defendants, as a member of the Governor's Executive Board and county boards of elections, are not part of the General Assembly and cannot exercise legislative power.  Rather, Defendants' power is limited to "tak[ing] care that the laws be faithfully executed." Pa. Const. Art. IV, § 2.

240.   Because the United States Constitution reserves for the General Assembly the power to set the time, place, and manner of holding elections for the

President and Congress, county boards of elections and state executive officers have no authority to unilaterally exercise that power, much less to hold them in ways that conflict with existing legislation.

241.  According to the Pennsylvania Supreme Court, "although the Election Code provides the procedures for casting and counting a vote by mail, it does not provide for the 'notice and opportunity to cure' procedure[.]" *Pa. Democratic Party*, 2020 Pa. LEXIS 4872, at \*56.  Moreover, "[t]o the extent that a voter is at risk for having his or her ballot rejected due to minor errors made in contravention of those requirements, … the decision to provide a 'notice and opportunity to cure' procedure to alleviate that risk is one best suited for the Legislature[,] . . . particularly in light of the open policy questions attendant to that decision, including what the precise contours of the procedure would be, how the concomitant burdens would be addressed, and how the procedure would impact the confidentiality and counting of ballots, all of which are best left to the legislative branch of Pennsylvania's government." *Id*.

242.  Defendants are not the legislature, and their unilateral decision to create a cure procedure violates the Electors and Elections Clauses of the United States Constitution.

243.  Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm unless the injunctive relief requested herein is granted.

WHEREFORE, in addition to any other affirmative relief that the Court may deem necessary and proper, Plaintiffs ask this Court to enter judgment in their favor and provide the following alternative relief:

i. An order, declaration, and/or injunction that prohibits the Defendant County Boards of Elections and Defendant Secretary Boockvar from certifying the results of the 2020 General Election in Pennsylvania on a Commonwealth-wide basis;

ii. As an alternative to the first request for relief, an order, declaration, and/or injunction that prohibits Defendants from certifying the results of the General Elections which include the tabulation of absentee and mail-in ballots for which Plaintiffs' watchers were prevented from observing during the pre-canvass and canvass in the County Election Boards;

iii. In addition to the alternative requests for relief, an order, declaration, and/or injunction that prohibits Defendants from certifying the results of the General Elections which include the tabulation of absentee and mail-in ballots which Defendants improperly permitted to be cured;

iv. A temporary restraining order and preliminary injunction granting the above relief during the pendency of this action;

v. Plaintiffs' reasonable costs and expenses of this action, including attorneys' fees; and cost; and

vi. All other further relief to which Plaintiffs might be entitled.

Date: November 9, 2020

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR, LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Carolyn B. McGee (PA #208815)

- 84 -

Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
cmcgee@porterwright.com

and

*/s/ Linda A. Kerns*
Linda A. Kerns (PA #84495)
Law Offices of Linda A. Kerns, LLC
1420 Locust Street, Suite 200
Philadelphia, PA 19102
*linda@lindakernslaw.com*


*Counsel for Plaintiffs*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have

reviewed the foregoing Complaint and that the factual allegations are true and

correct.


Date: November 9, 2020

/s/ *James Fitzpatrick*
James Fitzpatrick, PA EDO Director
Donald J. Trump for President, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY CUTLER | ) | *No.*: **5:17-cv-05025** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| **ALAN SCHNITZER,** | ) | |
| CHAIRMAN THE TRAVELER'S COMPANIES INC. | ) | |
| **EDWARD MCVEY,** THE | ) | |
| PENNSYLVANIA INSURANCE DEPARTMENT | ) | |
| **Richard S. MILLS,** McElroy, Deutsch, Mulvaney, & Carpenter, LLP | ) | |
| **KIANDRA BAIR,** McNEES WALLACE & NURICK | ) | |
| **SAM JANESH,** THE LNP MEDIA GROUP | ) | |
| **DENNIS STUCKEY,** LANCASTER COUNTY CHAIRMAN | ) | |
| **BRIAN HURTER,** LANCASTER COUNTY CONTROLLER | ) | |
| **MARK DALTON,** LANCASTER COUNTY COURT ADMINSTRATOR | ) | JURY TRIAL DEMANDED |
| **DAVID BUCKWALTER,** EAST LAMPETER TOWNSHIP CHAIRMAN | ) | |
| **MIKE SHIRK,** HIGH INC. CHAIRMAN | ) | |
| **JUDGE DENISE CUMMINS** DISTRICT JUSTICE JUDGE | ) | |
| **DAVID ZUILKOSKI,** CONESTOGA VALLEY SCHOOL DISTRICT | ) | |
| | ) | |
| **Defendants** | ) | |



# MOTION TO CORRECT RECORD FOR CLERICAL ERRORS AND MOTION FOR FINAL JUDGEMENT

Here comes Jeffrey Cutler, Plaintiff in this case and requests the motion

to correct a clerical errors, either accidental or deliberate per action by the

clerks office rule 60 (Error Correction).   In case 1:17-cv-1740 from the Middle

district of Pennsylvania, the case that was transferred to this court, Roy Shirk

has been omitted from the official list of defendants even though his name was

clearly identified on the original and all subsequent documents.  He was

properly served in this case via service to his attorney's firm and continues to

be listed via their lawyer.  Apparently the name was not included in the

transfer documents to the Eastern District of Pennsylvania.  For case CP-46-

CR-003932-2016 in the COURT OF COMMON PLEAS OF

MONTGOMERY COUNTY, PENNSYLVANIA the clerk's office refused to

accept the documents and stamp them.  A handwritten note was required and

that was time stamped **2018 SEP 20 PM 2:08**.   A second attempt at getting

the documents introduced on **2018 SEP 25 PM 12:35** was also not successful

because of the clerk's actions.  The office of Pennsylvania Attorney General by

not charging Amber Green Martin has also violated the United States

Constitution Amendment 14,  by the fact that Amber Green Martin has been

violating the law in plain sight in not securing a surety bond until July 18,

2018, in an amount that is significantly less than required by law (the law

requires 75% of the amount at risk).  The office of  Pennsylvania Attorney

General is also complicit in aiding and abetting employees of the State of

Pennsylvania that participated in the murder after the fact using a State Police

Helicopter avoid prosecution for murder. Susan Peipher and Christina Hausner

were involved in suborning perjury, destroying or concealing evidence, witness

tampering, and concealing income or assets. Since the original claim and

assignment of tax collection was based on the furtherance of a crime the

default judgment should be made final, see documents from the Lancaster

Court of Common Pleas case # CI-17-09663 as presented in docket item 31.

Mark A. Katkovcin a Senior Vice President, Consumer Sales Manager at

Fulton Bank was responsible for closing Mr. Cutler's account ending in 8603

on or about 18SEP2018, and committing Mail Fraud. Although Mr. Cutler has

no formal legal training a blind man could see discrepancies in how the law

was being applied and violations of equal protection. Recently in the federal

court Rob McCord was sentenced to 30  months in prison and allowed to

remain out of prison, yet Seth Williams (the first black DA in Philadelphia)

was incarcerated instantly on pleading guilty to one count of bribery until a

sentence was imposed. Marvin Mychal Kendricks (case 2:18-cr-00368) was

charged  with insider trading while Jon Corsine was never criminally charged

relating to the MF Global theft of customer money. Bill Cosby was

incarcerated right after sentencing, while the FBI (supplied the bomb), elected

public and non-elected public officials were never even charged with killing 11

black individuals in Philadelphia just 4 months after the alleged date of Mr.

Cosby's alleged crime. The president of the United States is being harassed by

rogue prosecution while Hillary Clinton was totally exonerated of crimes.

Hillary Clinton made the statement "At this point why does it matter" after 4

people were killed in the embassy in Libya.

Date: 27Sep2018

Jeffrey Cutler, *pro se*
215-872-5715 (phone)
eltaxcollector@gmail.com
P.O. Box 2806
York, PA 17405

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY CUTLER** | ) *No.:* **5:17-cv-05025** | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | |
| **ALAN SCHNITZER,** | ) | |
| CHAIRMAN THE TRAVELER'S COMPANIES INC. | ) | |
| **EDWARD MCVEY,** THE | ) | |
| PENNSYLVANIA INSURANCE DEPARTMENT | ) | |
| **Richard S. MILLS,** McElroy, | ) | |
| Deutsch, Mulvaney, & Carpenter, LLP | ) | |
| **KIANDRA BAIR,** McNEES | ) | |
| WALLACE & NURICK | ) | |
| **SAM JANESH,** THE LNP | ) | |
| MEDIA GROUP | ) | |
| **DENNIS STUCKEY,** | ) | |
| LANCASTER COUNTY CHAIRMAN | ) | |
| **BRIAN HURTER,** | ) | |
| LANCASTER COUNTY CONTROLLER | ) | |
| **MARK DALTON,** | ) **JURY TRIAL DEMANDED** | |
| LANCASTER COUNTY COURT ADMINSTRATOR | ) | |
| **DAVID BUCKWALTER,** | ) | |
| EAST LAMPETER TOWNSHIP CHAIRMAN | ) | |
| **MIKE SHIRK,** HIGH INC. | ) | |
| CHAIRMAN | ) | |
| **JUDGE DENISE** | ) | |
| **CUMMINS** | ) | |
| DISTRICT JUSTICE JUDGE | ) | |
| **DAVID ZUILKOSKI,** | ) | |
| CONESTOGA VALLEY SCHOOL DISTRICT | ) | |
| | ) | |
| **Defendants** | ) | |

# PLAINTIF'S PROPOSED ORDER FOR FINAL DEFAULT JUDGMENT

AND NOW, this_____ day of _____, 2018 upon consideration Plaintif's Motion for Default Judgment and for good cause shown, it is hereby ORDERED the Motion is GRANTED.    SO ORDERED.

a. Order the Default Judgment against all defendants be granted and made FINAL at one million dollars per day

b. Order the order of Judge Margret Miller made March 17, 2017 against Jeffrey Cutler vacated, the order by Judge Margaret Miller against Jammaal Harris vacated and order by Judge Lawrence Stengel against Lisa Michelle Lambert vacated and all persons similarly situated such as William Henry Cosby.

c. Order the summary judgment of all other cases filed by Mr. Cutler in every court also be granted.

d. Order all vandalism perpetuated against Mr Cutler to be compensated, and listed

e. Provide documentation to the court of how much all court costs and legal fees have been to date, and list cost or legal hours and **ALL LEGAL FIRMS** used to try to change the outcome of a certified election in all future actions with the court by East Lampeter Township Lancaster County   Legal fee documentation should start with the actions of the solicitor on and East Lampeter Township starting in 05NOV2013

f. Order East Lampeter Township to reveal all persons or individuals that have expressed interest in this case, especially any officials of the United States Government, and all payments by any George Soros organization.

g. Order a one million dollar a day penalty per named defendant, until Mr Cutler's reputation and credit are restored or individual agreements are reached with each party.

h. Bar all Pennsylvania judges from submitting remedies which knowingly violate the Pennsylvania constitution, and their OATH OF OFFICE TO DEFEND THE PENNSYLVANIA CONSTITUTION

i. Declare executive ORDER 9066 UNCONSTITUTIONAL

j. Bar the review, and distribution, of documents seized of Mr. Cutler/Mr Cohen and the suspension of further action in NY cases known as 1.18-cv-03501 and 1.18-mj-03161KMW

k. Order Susan Peipher Esquire, East Lampeter Township, Lancaster County Courts and unnamed others show cause why they should not be charged with violations of the RICCO ACT, both 18 U S C §§ 1961–1968 RICO violations, and 18 U.S.C § 1964, Civil RICCO Act

l. Order Susan Peipher Esquire, Christina Hausner, East Lampeter Township, East Lampeter Township Police, Lancaster County Courts, Ralph Hutchinson, Judge Margaret Miller, Scott Martin, Elam Herr, Mark Katkovcin, all named defendants in this case and unnamed others show cause why they should not be charged with violations of 18 U S C § 2113 (bank robbery)

m. Order Fulton Financial to return all money for accounts ending with 8603 and 8612 with penalties

n. Order Fulton Financial to compensate the plaintiffs for cases 5 18-cv-00987 and case 2 17-cv-02763 as demanded in their respective lawsuits

**o.**   Other remedies the court deems appropriate

**p.**   Order the Democratic National Committee to also show why they are not a party to Religious discrimination.

**q.**   Order Susan Peipher Esquire, to be barred from participation in the Federal Court CM/ECF system.

**r.**   Order Robert Mueller to Cease and Desist any further prosecutions until the activities can be verified as not violating equal protection, just like the email Mr Cutler received from the FBI on January 30, 2017 about reporting crimes of Bank and Insurance fraud

**s.**   Order the United States Government  to stop collecting or accessing penalties **FOR FAILURE** to *comply with established tenets or teachings of such sect or division of ANY religion* in violation of the U.S. Constitution amendment 1 and declare the ACA unconstitutional , based on the 89 page writ of USCA case 17-2709 on page 314A.

Dated: ___ , 2018___ ___

___ ___ ___   _____

BY THE COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF
## PENNSYLVANIA

**JEFFREY CUTLER**, EAST
LAMPETER ELECTED TAX
COLLECTOR

) No.:

        *1:17-cv-1740*

        **Plaintiff,**        )

   **v.**                   )

**ALAN SCHNITZER,**
CHAIRMAN THE TRAVELER'S
COMPANIES INC.          )

                                   *FILED*
**EDWARD MCVEY,** THE            *HARRISBURG, PA*
PENNSYLVANIA INSURANCE
DEPARTMENT              *SEP 2 6 2017*

**Richard S. Mills,** McElroy,         *VC*
Deutsch, Mulvaney, &
Carpenter, LLP                  ...

**KIANDRA BAIR,** McNEES
WALLACE & NURICK

**SAM JANESH,** THE LNP
MEDIA GROUP

**DENNIS STUCKEY,**
LANCASTER COUNTY
CHAIRMAN

**BRIAN HURTER,**
LANCASTER COUNTY
CONTROLLER

**MARK DALTON,**                 *JURY TRIAL*
LANCASTER COUNTY COURT
ADMINSTRATOR             *REQUESTED*

**DAVID BUCKWALTER,**
EAST LAMPETER TOWNSHIP
CHAIRMAN

**MIKE SHIRK,** HIGH INC.
CHAIRMAN

**DAVID BUCKWALTER,**
EAST LAMPETER TOWNSHIP
CHAIRMAN

**DAVID ZUILKOSKI,**
CONESTOGA VALLEY SCHOOL
DISTRICT

*DOWNISE Commons* **Defendants**   ) *FRAUD ON THE COURT*

# & MOTION FOR SUMMARY JUDGEMENT

NOW COME, Jeffrey Cutler, Plaintiff in this case and related state court cases

numbered CI-16-09640 and MJ-02302-LT-0000158-2016 which are characterized as landlord

tenant dispute, but in reality are attempts at **OBSTRUCTION OF JUSTICE** and

<u>RELIGIOUS PERSECUTION</u>. These cases possibly involve the incarceration of Lisa

Michelle Lambert for life and the possible murder of federal prosecutor Jonathan Luna, who

may have been part of a vetting process. Mr. Cutler is the elected tax collector of East

Lampeter Township, and has endured significant harassment since getting elected in

November 2013. He discovered that individuals within Lancaster County had conspired to

send out fraudulent real estate tax assessments to the approximate 190,000 property owners

of Lancaster County. He also was subject to fraudulent Municipal Liens, by East Lampeter

Township (David Buckwalter) and Lancaster County (Dennis Stuckey). This benefits High

Inc. and LNP media group which are partners is several real estate projects. Mr. Mills stated

by phone that to Mr. Cutler that "he new the claims were false and he did not care because

he got paid $ 500.00 per hour and over $ 250,000.00 by the democratic party. This statement

shows he was not representing Travelers Insurance exclusively but others and failed to make

the proper notice of appearance. Mr. Cutler believes he has been under surveillance by the

FBI and others and that phone call was recorded. LNP media group is providing

unreported campaign contributions in the form of negative reporting about Mr. Cutler, even

though they have records of the case. This is the same crime Senator Menendez is presently

be tried in New Jersey. High Inc., East Lampeter Township and others have made tried to

cover-up crimes of perjury, false verification, and potentially murder. The eviction I because

the parties have conspired to file false documents ans make false statements by mail. In case

Number 4051 CD 2017 lawyers have made by mail and other false statements to try and

dismiss the case. Because of conspiracy among parties, perjury and fraud on the court this

case should be awarded Summary Judgement.

Respectfully submitted:

*Jeffrey Cutler*

By:

P.O. Box 2806
York, PA 17405-2806
(215) 872-5715

Date: 26SEP2017

Case 4:20-cv-02078-MWB Document 181-2 Filed 11/10/20 Page 30 of 72
Case 5:17-cv-05025-JLS Document 39 Filed 09/27/18 Page 11 of 26
Pennsylvania Middle District Version 6.1                                    Page 1 of 3



CLOSED,HBG,PROSE,REOPEN

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
### CIVIL DOCKET FOR CASE #: 1:17-cv-01740-SHR

Cutler v. Schnitzer et al
Assigned to: Honorable Sylvia H. Rambo
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 09/26/2017
Date Terminated: 11/06/2017
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

**Plaintiff**

**Jeffrey Cutler**                          represented by **Jeffrey Cutler**
                                                           67 Cambridge Village
                                                           P.O. Box 2806
                                                           York, PA 17405
                                                           PRO SE

**V.**

**Defendant**

**Alan Schnitzer**
*Chairman The Traveler's Companies
Inc.*

**Defendant**

**Edward McVey**
*Pennsylvania Insurance Department*

**Defendant**

**Richard S. Mills**
*McElroy, Deutsch, Mulvaney, &
Carpenter, LLP*

**Defendant**

**Kiandra Bair**
*McNees, Wallace & Nurick*

**Defendant**

**Sam Janesh**
*The LNP Media Group*

**Defendant**

**Dennis Stuckey**
*Lancaster County Chairman*

**Defendant**

**Brian Hurter**
*Lancaster County Controller*

**Defendant**

**Mark Dalton**
*Lancaster County Court Administrator*

**Defendant**

**David Buckwalter**
*East Lampeter Township Chairman*

**Defendant**

**David Zuilkoski**
*Conestoga Valley School District*

**Defendant**

**Dennise Commins**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2017 | 1 | COMPLAINT for FRAUD ON THE COURT AND MOTION FOR SUMMARY JUDGMENT against All Defendants ( Filing fee $400, Receipt Number 111021082) filed by Jeffrey Cutler. (Attachments: # 1 Exhibit(s), # 2 Civil Cover Sheet, # 3 Proposed Order)(ve) (Entered: 09/26/2017) |
| 09/26/2017 | 2 | Summons Issued as to All Defendants and provided TO PLAINTIFF VIA U.S. MAIL for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (ve) (Entered: 09/26/2017) |
| 09/26/2017 | 3 | PRO SE LETTER ISSUED w/ Notice & Consent Form. (ve) (Entered: 09/26/2017) |
| 09/26/2017 | 4 | STANDING PRACTICE ORDER informing the parties of their briefing and other responsibilities. Signed by Honorable Sylvia H. Rambo on 9/26/2017. (ve) (Entered: 09/26/2017) |
| 09/27/2017 | 5 | ORDER DISMISSING CASESigned by Honorable Sylvia H. Rambo on 9/27/17. (ma) (Entered: 09/27/2017) |
| 09/27/2017 | | Receipt of payment from JEFFREY S CUTLER in the amount of $400.00 for CIVIL FILING FEE. Transaction posted on 9/26/2017. Receipt number 111021082 processed by aarlidge. (jjs, ) (Entered: 09/27/2017) |
| 10/27/2017 | 6 | MOTION for Reconsideration re 5 Order Dismissing Case by Jeffrey Cutler.(ve) (Entered: 10/27/2017) |
| 11/06/2017 | 7 | ORDER: Pltfs mtn for reconsideration 6 is GRANTED in that this matter shall be transferred to the ED of Pennsylvania. Signed by Honorable Sylvia H. Rambo on 11/6/17. (ma) (Entered: 11/06/2017) |

Case 1:17-cv-01740-SHR Document 191-2 Filed 06/19/29 Page 32 of 72
Case 5:17-cv-05025-JLS Document 39 Filed 09/27/18 Page 13 of 26
Pennsylvania Middle District Version 6.1
Page 3 of 3

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/07/2017 12:13:44 | | | |
| **PACER Login:** | ue0496:4286791:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-01740-SHR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |



**Fw: Case ready for transfer**
InterDistrictTransfer PAED    to: Steve Tomas                                    11/06/2017 03:34 PM
Sent by: **Nicole D'urso**

| From: | InterDistrictTransfer PAED/PAED/03/USCOURTS |
|---|---|
| To: | Steve Tomas/PAED/03/USCOURTS@USCOURTS |
| Sent by: | Nicole D'urso/PAED/03/USCOURTS |

----- Forwarded by Nicole D'urso/PAED/03/USCOURTS on 11/06/2017 03:33 PM -----

| From: | PAMDEfilingstat@pamd.uscourts.gov |
|---|---|
| To: | InterdistrictTransfer_PAED@paed.uscourts.gov |
| Date: | 11/06/2017 12:40 PM |
| Subject: | Case ready for transfer |

```
CASE: 1:17-cv-01740
     Title : Cutler v. Schnitzer et al
     NOS   : 370 (Other Fraud)
     Cause : 28:1331cv (28:1331 Federal Question: Other Civil Rights)
     Remarks: Motion for Reconsideration Granted.

REASON: Case is ready for transfer from Middle District of Pennsylvania.

DETAILS: Copy and paste this URL into the Prepare Transferred Case program.

//ecf.pamd.circ3.dcn/cgi-bin/TransferDataFile.pl?file=./paed/pamd_117cv01740_t
ar.gz&checkSum=26452&fileSize=6438321
```

Case 4:20-cv-02078-MWB Document 181-2 Filed 11/19/20 Page 34 of 72
Case 5:17-cv-05025-JLS Document 39 Filed 09/27/18 Page 15 of 26
Case 5:17-cv-05025-JLS Document 35 Filed 08/29/18 Page 1 of 3

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: PAUL C. TROY, ESQUIRE
ATTORNEY I.D. NO. 60875
510 SWEDE STREET                                    Attorney for Defendant
NORRISTOWN, PA 19401                                Kiandra Bair, Esquire
(610) 275-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER                       :
                                     :
          v.                         :      NO. 17-cv-05025
                                     :
ALAN SCHNITZER; EDWARD MCVEY;        :
RICHARD S. MILLS; KIANDRA BAIR;      :
SAM JANESH; DENNIS STUCKNEY;         :
BRIAN HURTER; MARK DALTON;           :
DAVID BUCKWALTER; MIKE SHIRK;        :
DAVID ZUILKOSKO; and DENNISE COMMINS :

___

**DEFENDANT, KIANDRA BAIR, ESQUIRE'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMBINE CASES WITH CASE 5:18-cv-00987,
2:17-cv-02763 AND FINAL JUDGMENT**

Plaintiff has filed a Motion to Consolidate this action with two other actions, namely Dally

et al. v. Lafayette Ambassador Bank, 5:18-cv-00987, and Robbins v. Fulton Bank., N.A., 2:17-cv-

02763, but has failed to articulate any common question of law or fact that would warrant the

consolidation of these actions as they do not involve any discernable common questions of law or

fact.

Federal Rule of Civil Procedure 42 governs the consolidation of actions. It states in

pertinent part:

> (a) Consolidation. If actions before the court involve a common
> question of law or fact, the court may:
>     (1) join for hearing or trail any or all matters at issue in the
>     actions;
>     (2) consolidate the actions; or
>     (3) issue any other orders to avoid unnecessary cost or delay.

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 35 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 16 of 26
Case 5:17-cv-05025-JLS   Document 35   Filed 08/29/18   Page 2 of 3

F.R.C.P. 42(a). As the moving party, Plaintiff bears the burden of proof. *See State Farm Fire &*
*Cas. Co. v. Spector*, No. 15-6752, 2016 U.S. Dist. LEXIS 153942, at *24 (E.P. Pa. Nov. 4, 2016)
(citing *McLenaghan v. Turi*, No. 11-2761, 2011 U.S. Dist. LEXIS 105476, 2011 WL 4346339, at
*1 (E.D. Pa. Nov. 20, 2002).

Although Plaintiff has asked this Court to consider consolidating these two actions to the
instant matter, he has failed to articulate any common question of law or fact that would justify the
consolidation. The exhibits attached to his motion have nothing to do with the two actions he
wants consolidated with this matter. His motion does not address in any fashion what facts or law
may be in common between this action and the two actions he wishes to consolidate. Plaintiff
does nothing more than state the case name and the docket number. Further, a review of the
dockets in the dockets in the two cases Plaintiff asks this Court to consolidate does not reveal
common issues of fact or law. It should also be noted that Plaintiff only served the defendants in
this action with a copy of his motion requesting consolidation and not the parties of the other two
actions.

Plaintiff has failed to articulate, much less meet, the threshold requirement for this Court
to even consider consolidation. "Whether a common question of law or fact exists is the threshold
requirement for determining whether consolidate is permissible. Although the court has broad
discretion in deciding whether consolidate is appropriate, it must balance the potential for
prejudice, expense, or confusion against the benefits of judicial economy." *Id.* at *24-25 (citations
omitted).

Plaintiff has failed to provide this Court with any basis whatsoever to consolidate these two
actions. Accordingly, Defendant, Kiandra Bair, Esquire, respectfully requests that this Honorable

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 36 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 17 of 26
Case 5:17-cv-05025-JLS   Document 35   Filed 08/29/18   Page 3 of 3

Court deny Plaintiff's Motion to Combine Cases With Case 5:18-cv-00987, 2:17-cv-02763 And

Final Judgment.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: /s/ Paul C. Troy, Esquire
      PAUL C. TROY, ESQUIRE
      Attorney for Defendant,
      Kiandra Bair, Esquire

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 37 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 16 of 26
Case 5:17-cv-05025-JLS   Document 35-2   Filed 08/29/18   Page 1 of 2

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: PAUL C. TROY, ESQUIRE
ATTORNEY I.D. NO. 60875
510 SWEDE STREET                               Attorney for Defendant
NORRISTOWN, PA 19401                           Kiandra Bair, Esquire
(610) 275-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER                       :
                                     :
        v.                           :        NO. 17-cv-05025
                                     :
ALAN SCHNITZER; EDWARD MCVEY;        :
RICHARD S. MILLS; KIANDRA BAIR;      :
SAM JANESH; DENNIS STUCKNEY;         :
BRIAN HURTER; MARK DALTON;           :
DAVID BUCKWALTER; MIKE SHIRK;        :
DAVID ZUILKOSKO; and DENNISE COMMINS :

---

**CERTIFICATE OF SERVICE**

I, Paul C. Troy, Esquire, hereby certify that a true and correct copy of Defendant, Kiandra

Bair, Esquire's Response in Opposition to Plaintiff's Motion to Combine Cases with Case 5:18-

cv-00987, 2:17-cv-02763 and Final Judgment has been filed with the Court and served on all

counsel via e-filing and regular mail on August 29, 2018.

Jeffrey Cutler (pro se)
67 Cambridge Village
P.O. Box 2806
York, PA 17405

Richard S. Mills, Esquire (pro se)
Emily A. Cathcart, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
225 Liberty Street, 36th Floor
New York, NY 10281

00295117 1                           4

Case 4:20-cv-02078-MWB Document 181-2 Filed 11/19/20 Page 38 of 72
Case 5:17-cv-05025-JLS Document 39 Filed 09/27/18 Page 19 of 26
Case 5:17-cv-05025-JLS Document 35-2 Filed 08/29/18 Page 2 of 2

Nathan P. Heller, Esquire
DLA Piper, LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

Susan P. Peipher, Esquire
Blakinger Thomas Law Firm
28 Penn Square
Lancaster, PA 17603

Christina L. Hausner, Esquire
Lancaster County Solicitor
150 N. Queen Street, Suite 714
Lancaster, PA 17603

Jeffrey D. Litts, Enquire
Kegel, Kelin, Almy & Lord, LLP
24 North Lime Street
Lancaster, PA 17602

Josh Shapiro, Attorney General
Office of the Attorney General
1600 Arch St, Suite 3000
Philadelphia PA, 19103


**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: /s/ Paul C. Troy, Esquire
    PAUL C. TROY, ESQUIRE
    Attorney for Defendant,
    Kiandra Bair, Esquire

00295117.1                          5

Commonwealth of Pennsylvania
                Plaintiff

Docket CP-46-CR-003932-

                v.

William Henry Cosby, Jr

                Defendant

To the Honorable Judge O'Neil
        Request for approval to exercise
my first amendment right to petition the
court to allow documents to be filed.
Denial will be a violation of the first
amendment of the United States Constitution
amend 1.

                        Respectfully Submitted
                        Sheeley Cutler

                        215-872-5715
                        eltaxcollector@gmail.com

20 Sep 2018

CLERK OF COURTS
OFFICE
MONTGOMERY COUNTY
PENNA.

2018 SEP 20  PM 2:08

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

        :

        Plaintiff             :      DOCKET NO. CP-46-CR-003932-2016

     v.                   :

                          :

WILLIAM HENRY COSBY, Jr.

        Defendant           :

                          :

                          :      **JURY TRIAL DEMANDED**

## NOTICE OF CASE REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE COMMON PLEAS COURT OF MONTGOMERY COUNTY

Un-named Defendant Jeffrey Cutler Identified this case as part of his case in

Federal court on March 9, 2017 case # 2:17-cv-00984.   The case is now before the UNITED

STATES COURT OF APPEALS FOR THE THIRD CIRCUIT.

It is Identified as Cases 17-2709, 18-1816 plus **OFFICE OF CIVIL RIGHTS 03182428/2429**

To the Clerk of the Common Pleas Court of Montgomery County, Pennsylvania, the

aforementioned state court proceeding shall proceed no further unless this

case is settled by the UNITED STATES  COURT OF APPEALS FOR THE THIRD CIRCUIT.

 

Respectfully Submitted,
Jeffrey Cutler

Date: _20 SEP 2018_

Jeffrey Cutler, *pro se*
215-872-5715 (phone)
eltaxcollector@gmail.com
P.O. BOX 2806
YORK, PA 17405

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | ) | **DOCKET NO. CP-46-CR-003932-2016** |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| **WILLIAM HENRY COSBY, Jr** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **Defendant** | ) | |

## CERTIFICATE OF SERVICE

I Jeffrey Cutler, do hereby certify that I by this day served a copy of documents filed on 20SEPTEMBER2018 *to ALL PARTIES* upon the following or by directly serving to lawyers of record via U.S. mail, postage prepaid, addressed as follows or email to all individuals.

JOESPH PATRICK GREEN, Jr.
138 W GAY STREET
WEST CHESTER, PA 19380-2915

MONTGOMERY COUNTY DA
P.O. BOX 311
NORRISTOWN, PA 19404-0311

Respectfully Submitted,
Jeffrey Cutler

Date: 20 SEP 2018

Jeffrey Cutler, *pro se*
215-872-5715 (phone)
eltaxcollector@gmail.com
P.O. BOX 2806
YORK, PA 17405

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. 4/96

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
## IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerks records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO ALL COUNSEL**

Rule 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following.

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(es) below.]

| | | |
|---|---|---|
| ☐ | (a) | relates to common property |
| ☒ | (b) | involves common issues of fact |
| ☐ | (c) | grows out of the same event or transaction |
| ☐ | (d) | involves the validity or infringement of the same patent |
| ☒ | (e) | is filed by pro se litigant |

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case:  ☐

3     NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

LANCASTER & MONTGOMERY COUNTY COURT OF COMMON PLEAS

4.    CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

| | | | | |
|---|---|---|---|---|
| HARRIS | v. | LANCASTER COUNTY COURT OF COMMON PLEAS. | C.A. No. | 8:16-CV-04108 |
| COMMONWEALTH | v. | WILLIAM HENRY COSBY, JR. | C.A. No | CP-46-CR-0003858-2015 |
| JUANITA WAY | v. | ASPIRA OF PENNSYLVANIA | C.A. No. | 2:17-cv-00578 |
| KANN | v. | ESHELEMAN, et al. | C.A. No. | 5:17-CV-00455 |
| TRANSCONTINENTAL GAS PIPELINE | v | KANN, et al. | C.A. No. | 5:17-CV-00716 |
| BOWMAN, et al. | v. | BROWN, et al. | C.A. No. | CI-17-000210 |

09MAR2017

DATE                              Signature of Plaintiff / Defendant (or counsel)

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 43 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 24 of 26
Case 2:17-cv-00984-TON   Document 46   Filed 08/04/17   Page 3 of 17

# CONSPIRACY TO COMMIT BANK & INSURANCE FRAUD

Jeffrey Cutler  To All; Attached is a TAX cert and page 2 of 14 from...      Jan 30 ☆

Milligan, Joseph A. (PH) (FBI) <Joseph.Milligan@ic.fbi.      Jan 30 ☆
to me, John, JAN.MCDERMOTT, Dave

Mr. Cutler,

Cease and desist adding myself and ADA McDermott to any more of your
emails regarding this matter.    Special Agent Milligan

From: Jeffrey Cutler [mailto:eltaxcollector@gmail.com]
Sent: Sunday, January 29, 2017 11:40 PM
To: Murray, John <johnmurray@beaudiitor.gov>;
JAN.MCDERMOTT@phila.gov; Dave Brown
<Dave@pearsonkoutcherlaw.com>; Milligan, Joseph A. (PH) (FBI)
<Joseph.Milligan@ic.fbi.gov>
Subject: CONSPIRACY TO COMMIT BANK & INSURANCE FRAUD

Jeffrey Cutler <eltaxcollector@gmail.com>      Jan 30 ☆
to whmcmichael, jhaskins, dyerushalmi, djacob, isiobell, Dave

To All;

See the message below. I am involved with a bunch of People that are
ANTI-JEWISH. They are trying to set me up to be accused of THEFT!! They have
conspired to delete payment information and try and blame me for stealing!! They
are all criminals. The FBI does not want to help. They suggested (FBI) I get a
lawyer. They just want claim the JEW IS A THIEF!!!

Jeff Cutler

717-554-4718
215-672-5716


717-554-4718


3 Attachments                                                    ↓  ⚠

VALIDATION_ERR...        ELSUIT_Stop_OR...



W SUPCOURT.doc

Devon Jacob  Jeffrey, do not contact me again for any reason. If you do      Jan 30 ☆

Jeffrey Cutler  Lonnie... No Friends Jeff Cutler                              Jan 30 ☆

Jeffrey Cutler  Justin, it must be my breath. Jeff Cutler                      Jan 30 ☆

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 44 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 25 of 26
Case 1:18-cv-00443-CCC-KAJ-JBS   Document 139-1   Filed 04/03/18   Page 74 of 100
Case: 17-2709   Document: 003112842898   Page: 27   Date Filed: 02/01/2018
Case 2:17-cv-00984-TON   Document 42   Filed 07/14/17   Page 21 of 25
Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 15 of 40

(717) 300-9921
(215) 872-5715
(717) 964-4716



**Tax Collector**
**East Lampeter Township**
2250 Old Philadelphia Pike
Lancaster, PA 17602

June 28, 2017

Central Penn College
Attn; Dr. Karen Scolforo
600 Valley Road
P.O. Box 309
Summerdale, PA   17093-0309

### Re: ETHNIC DISCRIMINATION AT CENTRAL PENN COLLEGE

Dear Karen;

On June 27, 2017, I walked into the office of Central Penn College in Lancaster to inquire about courses being offered in July. I have a degree from Drexel University in Electrical Engineering, but thought I would possibly like to take a course during the summer. I asked about what was being offered. I saw the course list and asked about the nature of some of the courses. There was a course about Homeland Security. I mentioned I had detected hacks on my computer usage from individuals from Finland and Saudi Arabia. I was told the price per credit hour and left the site.

Later that evening I got a call from an officer of the East Lampeter Township police department and told I WILL BE ARRESTED if I enter the site again. I went to the township office and requested a copy of the complaint. They told me it was a Report. They told me I have to file a Right To Know request to get a copy of the Report.

Three of my vehicles have been previously vandalized in East Lampeter Township, and a Swastika was keyed on the side of one vehicle.

Please get back to me ASAP, about this matter. My email address is sitaxcollector@gmail.com.

I attached 2 documents you may find informative about this and me.

Sincerely,

Jeffrey Cutler
Tax Collector East Lampeter Township, Pennsylvania

2-17-cr-00137 JUNE 29  Page 14 of 41

14JULY2017-REV1  Page 21 of 25

16-7

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 45 of 72
Case 5:17-cv-05025-JLS   Document 39   Filed 09/27/18   Page 26 of 26
Case 1:18-cv-00443-CCC-KAJ-JBS   Document 139-1   Filed 04/03/18   Page 75 of 100
Case: 17-2709   Document: 003112842898   Page: 28   Date Filed: 02/01/2018
Case 2:17-cv-00984-TON   Document 42   Filed 07/14/17   Page 22 of 25
Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 16 of 40



**EAST LAMPETER TOWNSHIP**
**POLICE DEPARTMENT**
2250 Old Philadelphia Pike Lancaster, PA 17602
Dispatch (717) 664-1180 Toll Free 1-800-937-2677
Office (717) 291-4676 Fax (717) 291-4671

CHIEF OF POLICE
John M. Bowman

CAPTAIN
Stephen Zerbe

TO: Mr. Jeffrey Cutler
FR: Chief John Bowman
SUBJ: Police Report 1512008899
Date: February 2, 2016

Dear Mr. Cutler,

In response to your letter dated February 2, 2016, we have added an additional code to original event for Ethnic Intimidation which is the Pennsylvania State for a hate crime.

Best,

John Bowman
Chief of Police



A Pennsylvania Law Enforcement Accredited Agency

Exhibit X Page   2   of   2

2 17-cr-00137 JUNE 29 Page 15 of 41

16JULY2017-REV1  Page 22 of 25

16-4

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 46 of 72
Case 2:19-cv-03149-ER   Document 5   Filed 10/02/19   Page 35 of 46
Case 5:19-cv-00834-JLS   Document 85   Filed 09/12/19   Page 11 of 18
Case 5:19-cv-00834-JLS   Document 80   Filed 09/19/19   Page 21 of 110
Case 5:19-cv-00834-JLS   Document 66   Filed 08/14/19   Page 9 of 142
Case 5:19-cv-00834-JLS   Doc 104-1   Filed 07/05/19   Page 10 of 49
Case 5:19-cv-00834-JLS   Document 64   Filed 06/18/19   Page 9 of 25
USCA Case #14-5183   Document #1567864       Filed: 08/14/2015      Page 1 of 1

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 14-5183

**September Term, 2014**
FILED ON: AUGUST 14, 2015

JEFFREY CUTLER,

     APPELLANT

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,
     APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-02066)

---

Before: HENDERSON, ROGERS and MILLETT, *Circuit Judges*

## JUDGMENT

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. On consideration thereof, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court appealed from in this cause be reversed as to Cutler's standing to press his Establishment Clause challenge, and be affirmed both as to the merits of his Establishment Clause claim and his lack of standing to press his equal protection challenge, in accordance with the opinion of the court filed herein this date.

### Per Curiam

          **FOR THE COURT:**
          Mark J. Langer, Clerk

BY:   /s/
        Ken Meadows
        Deputy Clerk

Date: August 14, 2015

Opinion for the court filed by Circuit Judge Millett.

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 47 of 72

Case 5:19-cv-03149-ER   Document 88   Filed 10/02/19   Page 40 of 46

Case 5:19-cv-00834-JLS   Document 85   Filed 09/12/19   Page 16 of 18

Case 2:17-cv-00984-TON   Document 44   Filed 07/17/17   Page 7 of 12
Case 2:17-cr-00137-PD   Document 131   Filed 06/29/17   Page 19 of 40
Case 2:17-cr-00137-PD   Document 106   Filed 06/21/17   Page 13 of 80

(717) 390-5921
(215) 872-5715
(717) 654-4716



Tax Collector
East Lampeter Township
2250 Old Philadelphia Pike
Lancaster, PA  17602

JUNE 20, 2017

JOSH SHAPIRO
Office of the Attorney General
Strawberry Square Harrisburg
Harrisburgh,  PA  17120

## Re: PRIVATE CRIMINAL COMPLAINT --PERJURY, OBSTRUCTION OF JUSSTICE

Dear Josh:

Please consider the attached documents as a **PRIVATE CRIMINAL COMPLAINT.**
Brian Hurter, signed the attached verification on 07MAR2017, **ESSENTIALY CLAIMING I
HAD FAILED TO TURN IN $ 90,000.00** and based on this **PERJURED TESTIMONY** I
was **ILLEGALLY REMOVED FROM OFFICE.** He testified under oath on 17MAR2017 that
neither **he nor anyone in his staff ever audited** the records of the Lancaster County
Treasurer.  Also the COMMONWEALTH COURT OFFICE has yet to record the 46 page
**NOTICE OF APPEAL** I filed on 14JUN2017 and filed the first 3 pages in Federal Court on
15JUN2017.  Email eltaxcollector@gmail.com.

Sincerely,

Jeffrey Culler
Tax Collector East Lampeter Township, Pennsylvania

2:17-cr-00137 JUNE 21  Page 19 of 40

2:17-cr-00137 JUNE 29  Page 19 of 41

17JULY2017-REV1  Page 7 of 10

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 48 of 72

Case 5:19-cv-00834-JLS   Document 54   Filed 05/09/19   Page 44 of 44
Case 2:17-cv-00984-TON   Document 46   Filed 08/04/17   Page 1 of 17

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER,
EAST LAMPETER TOWNSHIP
ELECTED TAX COLLECTOR

                **Plaintiff,**

      **v.**

AMBER GREEN,
RALPH HUTCHINSON,
JUDGE MARGARET MILLER,
CHRISTINA HAUSNER,
RON MARTIN -- WGAL
AND SELECTED PENNSYLVANIA PUBLIC
OFFICIALS (BOTH ELECTED AND
NON-ELECTED), et al.

                **Defendants**

) *CASE NO.: 2:17-cv-00984*
)
)
)
)
)
)
) **JURY TRIAL REQUESTED**
)
)
)
)
)
)
)
)
)

**FILED**

AUG 0 4 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

## NOTICE OF APPEAL

Notice is hereby given that Jeffrey Cutler, Plaintiff in this matter, hereby appeals to the

United States Court of Appeals for the Third Circuit from the Order of the United States District

Court for the Eastern District of Pennsylvania dated July 21, 2017 denying Plaintiff's Motion for

Reconsideration and denying Plaintiff's Motion for Default Judgment. On July 25, 2017 the

United States Postal System acknowledged the 190,000 counts of Mail Fraud referenced in docket

42 is now identified as C#1841062 (new evidence). Protecting the public from 190,000 counts of

Mail Fraud should not be considered groundless or vexatious conduct, and ignoring such events

could be considered obstruction of justice like the email of the FBI of Jan 30, 2017.

Respectfully submitted:

                  *Jeffrey Cutler*

**By:** _____   DATE 4AUG2017

           P.O. Box 2806
           York, PA  17405-2806
           (215) 872-5715

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JEFFREY CUTLER ) | |
| ) | |
| Plaintiff ) | **CASE NO. 5:19-cv-00834** |
| ) | |
| v. ) | |
| ) | |
| NANCY PELOSI IN HER OFFICIAL ) | |
| CAPACITY AS SPEAKER OF THE ) | |
| HOUSE OF REPRESENTATIVES ) | |
| CITIZENS BANK, ) | JURY TRIAL DEMANDED |
| FULTON BANK, ) | |
| WIKIPEDIA FOUNDATION, ) | |
| VERIZON CORPORATION, ) | |
| GOOGLE CORPORATION, ) | |
| ERIE INSURANCE, ) | |
| STATE FARM INSURANCE, ) | |
| LEMBERG LAW LLC, ) | |
| FORD MOTOR COMPANY, ) | |
| MANHEIM SCHOOL DISTRICT, ) | |
| HAVERFORD POLICE ) | |
| DEPARTMENT, ) | |
| PHILADELPHIA NEWSPAPERS ) | |
| INC, ) | |
| ASSOCIATED PRESS, ) | |
| U.S. NEWS AND WORLD ) | |
| REPORTS, ) | |
| BEND BULLETIN NEWSPAPER, ) | |
| ) | |
| And ) | |
| JOHN DOES and JANE DOES, ) | |
| ) | |
| Defendants ) | |
| ) | |

## MOTION TO COMBINE CASE WITH 2:19-cv-03149 AND RESPONSE TO GOOGLE LLC RESPONSE

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 50 of 72
Case 5:19-cv-00834-JLS   Document 88   Filed 10/02/19   Page 42 of 46
Case 2:19-cv-03149-ER   Document 8   Filed 09/19/19   Page 28 of 110
Case 2:17-cr-00137-PD   Document 106   Filed 06/21/17   Page 1 of 80

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# PENNSYLVANIA

UNITED STATES            ) *No.: 2:17-CR-00137*

                  )

         **Plaintiff,**      )

                  )

   *v.*                       )

RUFUS SETH WILLIAMS    )   **JURY TRIAL REQUESTED**

                  )

         **Defendant**  .    )

                  )

## PETITION TO INTERVENE AND COMBINE CASES (2:17-cv-00984) AND SUMMARY JUDGEMENT

NOW COME, Jeffrey Cutler, Plaintiff in a related case. Mr. Cutler is the elected Tax Collector of East Lampeter Township. Mr. Cutler was elected based on a single write-in vote and getting marble number 2 in a tie breaking drawing. Three persons all received a single write-in vote. Jeffrey Cutler has met Mr. Williams to his knowledge only twice. The first time was in front of a bakery at 2542 Haverford Avenue. Mr. Williams was holding a sidewalk rally to request the community to turn over any information on the individuals that had shot the baker/owner. He had assembled Philadelphia Police, and other members of the Philadelphia office of District Attorney. Mr. Cutler stopped because he had previously lived in the area and inquired about the event. Mr. Cutler offered Mr. Williams a free TSHIRT, which Mr. Cutler had purchased to commemorate his fight to save the constitution of the United States, and his case in the Supreme Court of the United States (Number 14-5183/15-632). Mr. Cutler had paid approximately $ 7.50 per shirt. Mr. Williams declined the offer. However a member of his staff did take a shirt. After that event Mr. Cutler routinely started sending hard copies and email updates of the activities in Lancaster County to the assistant district attorney. Mr. Cutler sent this information

Case 4:20-cv-02078-MWB   Document 181-2   Filed 11/19/20   Page 51 of 72
Case 2:19-cv-03149-ER   Document 3   Filed 09/19/19   Page 27 of 110
Case 2:17-cr-00137-PD   Document 107   Filed 06/21/17   Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 17-137 |
| | : | |
| RUFUS SETH WILLIAMS | : | |

## O R D E R

AND NOW, this 21st day of June, 2017, upon consideration of non-party Jeffrey Cutler's Petition to Intervene and Combine Cases (Doc. No. 106), it is hereby **ORDERED** that the Petition (Doc. No. 106) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.



An official website of the United States government  Here's how you know ⌄

THE UNITED STATES
DEPARTMENT *of* JUSTICE

ABOUT    OUR AGENCY    PRIORITIES    NEWS    RESOURCES    CAREERS

Home » Office of Public Affairs » News

## JUSTICE NEWS

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                    Thursday, May 21, 2020

### Former Philadelphia Judge of Elections Convicted of Conspiring to Violate Civil Rights and Bribery

A former Judge of Elections has been convicted for his role in accepting bribes to cast fraudulent ballots and certifying false voting results during the 2014, 2015, and 2016 primary elections in Philadelphia.

Domenick J. Demuro, 73, of Philadelphia, Pennsylvania, pleaded guilty during a sealed proceeding on March 16, 2020, before U.S. District Judge Paul S. Diamond to conspiring to deprive persons of civil rights, and using interstate facilities in aid of bribery. The court unsealed the matter today. Sentencing is scheduled for June 30, 2020.

During his guilty plea hearing, Demuro admitted that while serving as an elected municipal Judge of Elections, he accepted bribes in the form of money and other things of value in exchange for adding ballots to increase the vote totals for certain candidates on the voting machines in his jurisdiction and for certifying tallies of all the ballots, including the fraudulent ballots. Demuro further admitted that a local political consultant gave him directions and paid him money to add votes for candidates supported by the consultant, including candidates for judicial office whose campaigns actually hired the consultant, and other candidates for various federal, state and local elective offices preferred by that consultant for a variety of reasons. Demuro also admitted that the votes he added in exchange for payments by the political consultant increased the number of votes fraudulently recorded and tallied for the consultant's clients and preferred candidates, thereby diluting the ballots cast by actual voters.

"This defendant abused his office by engaging in election fraud for profit," said Assistant Attorney General Brian A. Benczkowski of the Justice Department's Criminal Division. "Today's conviction makes it clear that the Department of Justice will do all in its power to protect the integrity of elections and maintain public confidence in all levels of elected government."

"Demuro fraudulently stuffed the ballot box by literally standing in a voting booth and voting over and over, as fast as he could, while he thought the coast was clear. This is utterly reprehensible conduct. The charges announced today do not erase what he did, but they do ensure that he is held to account for those actions," said U.S. Attorney William M. McSwain of the Eastern District of Pennsylvania. "Voting is the cornerstone of our democracy. If even one vote is fraudulently rung up, the integrity of that election is compromised. I want the public to know that this investigation is active and ongoing, and my Office is taking every possible step that we can to ensure the integrity of the upcoming primary and general elections in the nine counties of the Eastern District of Pennsylvania."

"Domenick Demuro put a thumb on the scale for certain candidates, in exchange for bribes," said Special Agent in Charge Michael J. Driscoll of the FBI's Philadelphia Division. "As public trust in the electoral process is vital, the FBI's message today is clear: election interference of any kind, by hostile foreign actors or dishonest local officials, won't be tolerated. This is an active, ongoing investigation and we're asking anyone with information on election fraud to contact the FBI."

"The citizenry of the City of Philadelphia, as well as this Commonwealth and these United States, needs to be confident in the integrity of our elections," said Captain Leo Hannon, Director of the Pennsylvania State Police, Special Investigations Division. "As this investigation clearly illustrates, the Pennsylvania State Police will relentlessly pursue any breach of the sacred trust bestowed upon our public officials. Our agency is proud to partner with the Federal Bureau of Investigation, the United States Attorney's Office, and the United States Department of Justice as a whole to root out corruption at any level of our government. Matters of public corruption and public integrity have been, and shall remain, a top priority of the Pennsylvania State Police."

The FBI and the Pennsylvania State Police investigated the matter. Richard C. Pilger, Director of the Election Crimes Branch in the Criminal Division's Public Integrity Section, and Assistant U.S. Attorney Eric L. Gibson of the Eastern District of Pennsylvania are handling the prosecution.

The year 2020 marks the 150th anniversary of the Department of Justice. Learn more about the history of our agency at www.Justice.gov/Celebrating150Years ⧉.

---

**Topic(s):**
Civil Rights
Public Corruption

**Component(s):**
Criminal Division
Criminal - Public Integrity Section
USAO - Pennsylvania, Eastern

**Press Release Number:**
20-472

*Updated May 21, 2020*



# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### OFFICE OF THE CLERK

Felicia C. Cannon, Clerk of Court
Elizabeth B. Snowden, Chief Deputy
Catherine Stavlas, Chief Deputy

Reply to Northern Division Address

June 3, 2020

Jerry Cutler
P.O. Box 2806
York, PA  17405

Re:   Antietam Battlefield et al v. Hogan et al      Case No. CCB-20-1130

Dear Mr. Cutler:

The Clerk received your motion to vacate Order of May 20, 2020 on June 1, 2020; however, it is deficient in the area(s) checked below and is being returned to you, at the direction of the presiding judge.

**Noncompliance with L.R. 101 or 102**
- ☐ Member of bar has not signed the document.
- ☐ Business entities other than sole proprietorships must be represented by counsel.

**Noncompliance with L.R. 102 and FRCivP 5**
- ☐ Certificate of service not affixed to document.
- ☐ Certificate of service not dated and/or not signed.

**Noncompliance with L.R. 104 or 105**
- ☐ Discovery materials should not be filed unless in support of a motion or by court order.
- ☐ Discovery motion filed contrary to L.R. 104.7.
- ☐ Motion to compel filed contrary to L.R. 104.8.

**Miscellaneous**
- ☐ Document does not contain original signature.
- ☐ Document relates to more than one file. Original and appropriate copies are required for each file unless the cases have been consolidated for all purposes.
- ☐ Offer of judgment should not be filed with the Court until it has been accepted. Fed. R. Civ. P. 68.
- ☒ Other: You are not a party to this case. A motion to intervene is required and must be granted to appear as an intervening plaintiff.

/S/                                    6/3/20

Catherine C. Blake                     Date
United States District Judge

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

cc:  Other counsel/party
Return pleading letter (Rev. 02/2011)

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

Office of the Clerk
ed States District Court
Baltimore, MD 21201
www.mdd.uscourts.gov

OFFICIAL BUSINESS

NEOPOST
08/03/2020
US POSTAGE $000.25⁰
ZIP 21201
041M11484285

Jerry Cutler
P.O. Box 2806
York, PA 17405

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLND

| | | |
|---|---|---|
| **ANTIETAM BATTLEFIELD KOA, et al.** | ) | |
| | ) | |
| Plaintiffs | ) | **CASE NO. 1:20-cv-01130** |
| | ) | |
| **JEFFREY CUTLER** | ) | |
| | ) | |
| Intervenor Plaintiff | ) | JURY TRIAL REQUESTED |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY HOGAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO VACATE ORDER OF 20MAY2020 BECAUSE OF OBSTRUCTION OF JUSTICE AND PREVIOUS ORDER IN ANOTHER COURT AND SUMMARY JUDGEMENT

Returned 6/3/2020

JUN 2020

Here comes Jeffrey Cutler, Intervenor Paintiff in this case and he requests the order of 20MAY2020 be VACTED since employees of the federal government and others have been involved in a criminal conspiracy to OBSTRUCT JUSTICE and damage the United States.  Mr. Cutler had previously been elected to Public Office as the TAX COLLECTOR of East Lampeter Township, Lancaster County Pennsylvania, based on an Election in November 2013, and took the Oath of OFFICE prior to his first day on the job, of 06JAN2014. Mr. Cutler filed his first lawsuit on 31DEC2013 regrding violations of Religious Freedom as case number **1:13-cv-02066**. He was granted the right to challenge OBAMACARE in Appeal as case **14-5183** on **14AUG2015** for violations of the **ESTABLSHMENT CLAUSE**.  Mr. Cutler was removed from Office after 27 months based on PERJURED TETIMONY, and a CONSPIRACY TO COMMIT MAIL FRAUD and BANK ROBBERY.  Based on these actions Mr. Cutler investigated the parrties involved and tried to have a **FEDERAL JURY TRIAL** to clear his name. Since he found no law firm would represent him based on contacts with the FBI or law enforcemnt.  On 20MAY2020  Mr. Cutler filed for an  **IMMEDIATE INJUNCTION PENDING APPEAL FOR ALL** juridictions of the United States, based on the ruling in case **# 4:20-cv-00081** in the United States District Court for the Eastern Ditrict of North Carolina on 16MAY2020 by Judge James C. Dever III.  Since Governor Roy Cooper has made public statements that he does not intend to appeal, this is settled law. Mr.

Cutler had filed a Petition to DENY the Motion For Summary Affirmation and to consolidte related cases of religious discrimination by the government in case 20-1805 on 14MAY2020 and the document and was not put online until 20MAY2020. The document filed by Brian L. Calistri on May 8, 2020 contains some perjured statements and since it was sent by mail constitues Mail Fraud and Perjury (18 USC § 1001) and constitutes a **CONSPIRACY** to conceal the murder of a Federal Employee found on 04DEC2003 (**Jonathan Luna**) , by persons in the governments (both federal and state) and also the murder of five children on May 13, 1985 as a form of Eviction with the aid of persons in the **FBI**. Mr. Cutler had stated that he believed that the **MURDER of JONATHAN LUNA** was carried out by the **KLU KLUX KLAN**, and concealed with help of the **FBI**. The judge dismissed the case even though 5 parties defaulted and were properly served. Based on ECF #5 in case # 2:17-cv-00984 by the late Thomas O'Neill, Mr. Brian L.Calistri's motion failed to notify the parties that have defaulted in this case and therefore should have been **DENIED**. **Ahmaud Arbery** was **MURDERED** in Georgia by 2 individuals, and no prosecution was being pursued **74** days. At minimum 2 DA's recused themselves and **DID NOTHING**. Mr. Cutler had made a complaint by mail to the DA office in Lancaster County, Pennsylvania and York, County Pennsylvania. Mr. Cutler had also filed a motion to intervene on 22SEP2019 in the case of Tami Levin in federal court case 2:19-cv-03149 (ECF 5) which

named **DA Larry Krasner** as a Defendant in the case.  Mr. Cutler also filed a
response to the motion filed in oppoition on 25SEP2019.  Even though the
document filed on 25SEP2019 contained evidence of **OBSTRUCTION OF
JUSTICE** and **VIOLATIONS of EQUAL PROTECTION**, Judge Eduardo C.
Robreno issued an order on 09OCT2019 which not only denied Mr. Cutler's
right to intervene but also violated the United States Constitution **Ammend 1**, by
making a **THREAT BY MAIL** if Mr. Cutler filed any additional motions in the
case, limiting Mr. Cutler's right to **PETITION THE GOVERNMENT FOR
REDRESS OF GRIEVIENCES**.  Tami Levin was replaced by **Movita
Johnson-Harrell** who pleaded guilty to the theft of approximtely half million
dollars.  Mr.Cutler had filed objections to  limit the power of the Tom Wolf to
classify that religion as a **NOT a LIFE SUSTAINING activity** in the
Commonwealth of Pennsylvania.  Mr. Cutler filed his first lawsuit on
31DEC2013 regrding violations of Religious Freedom as case number **1:13-cv-
02066**.  He was granted the right to challenge OBAMACARE in Appeal as case
**14-5183** on **14AUG2015** for violations of the **ESTABLSHMENT CLAUSE**.
To this end Mr. Cutler filed documents in case 4:18-cv-00167-0 to transfer it to
Pennsylvania, but it was DENIED 21JAN2020.  Mr. Cutler filed an Appeal for
the order on 04FEB2020 in the **United States Court of Appeals Fifth Circuit**.
When that was illegally ignored. Mr. Cutler filed documents in Pennsylvania.
Mr. Cuttler had requested that district court case number  4:20-cv-0064 in the

United States District Court for the Northern District of Mississippi [**TEMPLE BAPTIST CHURCH et al. v. CITY OF GREENVLLE et al.**], and case number 1:20-cv-00323 in the United States District Court for the Western District of Michigan [KIMBERLEY BEEMER et al. v. GRETCHEN WHTMER et al.] and case number 1:20-cv-01130 (Mr. Cutler had a typing error and previously wrote 1:20-cv-01120)in the United States District Court for the District of MARYLAND, BALTIMORE DIVISION [**ANTIETAM BATTLEFIELD KOA et al. v. LAWRENCE J. HOGAN et al.**] are also cases that should be part of this consolidation. All charges in each case should be included by reference for all civil cases as if they are filed with this filing, for **JUDICIAL EFFICIENCY**. Mr. Cutler has previously called Mr. Wolf a member of the **KLU KLUX KLAN** in documents related to this case in federal court. Despite Mr. Cutler filing a request with the state prior to the end of the **WAIVER** deadline that **ALL BUSINESSES** in Pennsylvania be considered **LIFE SUSTAINING** , Mr. Cutler has never heard back about his request until 12MAY2020. Mr. Wolf also NOW wants to start a **NEW** group to **TRACK** everyone in **PENNSYLVANIA** that has the COVID-19 virus. Based on the case of the aids law project tracking people that have 1 type of virus is unconstitutional, and exposing their idenity is equally unconstitutional. The concept of EQUAL PROTECTION UNDER the LAW is a cornerstone of both the United States Constitution and the Commonwealth of Pennsylvnia. Based on

the story about Mike Du Toit of South Africa <ref>

https://www.dailymail.co.uk/news/article-2478889/White-supremacist-Mike-du-Toit-plotted-kill-Nelson-Mandela-jailed.html </ref> the **BOEREMAG** was just another name for

**KLU KLUX KLAN**.  Also Tom Wolf made statements that said that people

cannot be evicted until July yet in there are 6 pges of Legal Notices in the

Inquirer on **07MAY2020** that use **WRIT OF EXECUTION** to **sieze property**.

Recently in New York white police officers were beating a BLACK MAN for

failing to practice social distncing (neither police officer was wearing a mask),

and they should be prosecuted for violating the same law that they were

alledgely enforcing.  It is notable that Wikipedia has **SCRUBBED** **Mike Du**

**Toit** from their records (effectively trying to rewrite history).  Brazil has put **NO**

mandtory social distancing in place and a country with about 66% of the size

population of the United States but only has 10% of the deaths.  In the Appeals

for the Fifth Circuit the Order from the United States Northern District of Texas

dated January 16, 2020 denying Plaintiff's MOTION FOR

RECONSIDERATION OF MOTION TO CHANGE VENUE FOR CASE 4:18-

cv-00167-0 FROM STATE OF TEXAS TO PENNSYLVANIA AND

COMBINE CASE WITH 5:19-cv-00834 , and the motion denying Plaintiff's

motion of December 30, 2019.  The current order from that court is in error

since the USCA order of December 18, 2019, remanded the case back to

District Court and for further disposition and was unopposed and is still

unopposed.  Mr. Cutler had previously filed a document by MAIL on March 1,

2019 but it was illegally discarded.  He then filed on 07MAR2019 in person

(Document 00514863727) , and it was put online March 7, 2019.  The office of

the clerk decided it would be ignored.   Mr. Cutler filed a NOTICE OF APPEAL

on 27JAN2020, (Document 00515289904  International Holocaust

Remembrance Day), and it was only put online when Mr. Cutler informed the

**Deputy Clerk Mary Francis Yeager** that she was violating Mr. Cutler's civil

rights.  It was put online January 29, 2020. A violation of EQUAL

PROTECTION by employee of the federal government, which treated the two

documents differently and potentially hid the document from the review of the

judges considering an ENBANC review.  Mr. Cutler subsequently filed a

PETITION FOR ENBANC HEARING AND TO TRANSFER RESIDUAL

CASE TO PENNSYLVANIA AND COMBINE WITH CASE 5:19-cv-00834,

this document was put online as document number 00515298284 on

04FEB2020, the same date it was filed in court.  In the case both **Deputy Clerk**

**Mary Francis Yeager** and **Deputy Clerk Roeshawn Johnson** denied the

petition.  This violated the United States Constitution Ammend 1 and  5.  It also

also violates Mr. Cutler's rights under the Sixth Amendment of the Constitution.

Mr. Cutler then on 04MAR2020 filed a 380 page document in this case (2:19-cr-

00367).  Within 24 hours of the filing Mr. Cutler got a threat by phone from an

unidentified individual about the filing.  On 06MAR2020 Mr. Cutler filed a nine

page correction to the document previously filed. When the document was downloaded from the federal pacer system it was devoid of any markings. On 12MAR2020 Mr. Cutler filed a MOTION TO VACATE ORDER DENYING ORDER OF RECONSIDERATION – ON 04MAR2020 FOR IMPROPER SERVICE – BRADY VIOLATION AND COMBINE WITH CASE NUMBER 2:20-cv-00735 (GRANT v. PHILADELPHIA) AND 4:18-cv-00167-0 FROM THE NORTHERN DISTRICT OF TEXAS AND DEFAULT JUDGEMENT. At that time Mr. Cutler used the terminal in the Federal Courthouse to view some dockets. In case 2:19-cr-00367 Mr. Cutler noticed the copy of the document (ECF 99) **NOW** was properly marked. Based on this Mr. Cutler printed a second copy of the document. Based on Elouise Pepion Corbel et al. v. Gale v. Norton, et al. (03-5262, 03-5314). Mr. Cutler requested the district court cases be consolidated in Pennsylvania and deliberations allowed on an expedited basis since they both involve related issues and the Supreme Court has indicated they will not consider the case this term. This court had allowed the House of Representatives to be an Intervenor. The petitioner, Jeffrey Cutler, acting pro se, respectfully previously identified that the speaker of the house of representaives, in her official capacity, as the speaker of the House of Representatives (and former resident of Baltimore, Maryland).

This is the same city that **Johnathan Luna** on 03DEC2003 (a black federal employee) left his office at approximately 11 PM and was found dead the next

morning (**04DEC2003**)in Lancaster County, Pennsylvania with 36 stab wounds, neck back and genitals, but the cause of death was drowning as per the Medical Examiner.  The FBI tried to force the Medical Examiner to classify the **MURDER** as **Suicide**.  **Sean Suiter** a Baltimore Police officer died from a **MURDER** that was later classified a suicide during a special arrest, 1 day before he was to testify. Other individuals have died unexpectedly, possibly of murder including **Beranton Whisenant Jr.** (also a federal prosecuter), and **Kobe Bryant**.  The medical records of **Jonathan Luna** have finally resurfaced and are currently trying to be sealed/hidden by the current DA in Lancaster County. Mr. Cutler had stated in public documents that he believes Mr. Luna was murdered by the **KLU KLUX KLAN**.  Mr. Cutler also now believes that **THOMAS C. WALES** was also **MURDERED** by the **KLU KLUX KLAN** 11OCT2001.<ref>
https://www.fox43.com/article/news/jonathan-luna-murder-mystery-2003/521-2229b272-9355-43a8-8163-506440862577 </ref><ref>

https://lancasteronline.com/news/local/lnp-county-clash-over-newly-discovered-records-in-jonathan-luna/article_01ba656a-483b-11ea-86ed-43533b224839.html </ref><ref>

https://lancasteronline.com/news/local/lancaster-county-judge-gives-prosecutor-days-to-say-why-jonathan/article_66aa5a86-49ec-11ea-8d57-37ffa1b9ed27.html </ref><ref>

https://www.wgal.com/article/newly-discovered-documents-are-related-to-investigation-into-death-of-federal-prosecutor-jonathan-luna/30783745 </ref><ref>

https://www.pennlive.com/news/2020/02/re-discovery-of-records-on-mysterious-death-of-federal-prosecutor-prompts-fight-between-da-news-media.html </ref><ref>

https://www.youtube.com/watch?v=cLAldUHDwj8 </ref> <ref> https://www.nbcnews.com/news/us-news/disgraced-baltimore-police-officer-says-detective-who-was-killed-testifying-n844831

</ref> <ref> https://www.cnn.com/2018/08/29/us/baltimore-police-detective-sean-suiter-suicide/index.html </ref>

**Nancy Pelosi** made a false statement in court via her lawyer (Mr Donald B. Verilli Jr.) stated "[N]o one would be hurt and the greater justice would be attained" and violated (18 USC § 1001) on 03JAN2019 on page 24 of the filing that was made in case 4:18-cv-00167-0, a significant federal crime. During a speech at the National Association of Counties' annual Legislative Conference on 9 March 2010, in Washington D.C. <ref> https://www.youtube.com/watch?v=QV7dDSgbaQ0 </ref> she stated "We have to pass the bill to find out what is in it". The petitioner "found out what was in it" and filed a Pro se lawsuit **31DEC2013** in Wasington, DC case **1:13-cv-2066**. He also via lawyers hired had previously filed a Writ of Certiorari for the Supreme Court of the United States (**15-632**) and inserted that same writ in United States Court of Appeals case 17-2709, page 314A, via district court case number 2:17-cv-00984 page 10. Since the individual mandate of the Affordable Care Act is now null and void based on the rulling of the USCA and the other provisons of the bill should also be eliminated to preserve the constitution. Mr. Cutler paid the docketing fee for the appeal in case 14-1449 to preserve the right of appeal of Mr. Johnson. His lawyer previously made a false statement to the court in his request to withdraw, based on the documents filed by Mr. Johnson (ECF 100-103) a significant crime (18 USC § 1001). The current orders of Tom Wolf in Pennsylvania violate **GMP** procedures and allows the commonwealth to track every individual on the Pennsylvania Turnpike. (See history of IBP recalls of beef procedures that using a delivery ADDS RISK TO EXPOSING EVERYONE. Mr.

Cutler had worked for multiple pharmaceutical and food compnaies including, HEINZ, CAMPBELLS, MERCK, GSK, BAXTER and others. COVID-19 is actually an excuse for **MASS GENOCIDE** against individuals that are deemed undesirable including Jewish and black Individuals and to discontinue pensions via MURDER (see <ref> https://en.wikipedia.org/wiki/Joyce_Gilchrist </ref>. It is very easy to bribe or pay individuals to bear false witness against another individual. The order Tom Wolf issued effectively allows the governments to discontinue religion in Pennsylvania, a member of the **KLU KLUX KLAN** or related organization. Other members of the KKK in the United States and the World, are all organized to take on the HOAX. This was previously called Agenda 21. As of 16MAR2020 Canada was still allowing flights from CHINA and those persons could be carrying hazardous bio material simply enter the United States from Canada. When Mr. Cutler was working for Merck as a contractor some individuals were caught stealing trade secrects by security at the West Point site. It has been known China has been effectively using live people for transplants for years. Mr. Ellyahoo has stated the word in HUNGARY for SIN is pronounced VIRUS. The closing of all CASINOS in the STATE is to get 100% of all gambling revenue, to have a total monopoly on all sources of payment organized for a complete KKK takeover. Jeffrey Smiles has told Jeffrey Cutler that the Allentown Courthouse contains NAZI insigna in the tile work in the building, and there is a 7 acre compound in Southern Lancaster county that is owned by the **KKK**.

The connection of Joe Biden to China and the transfer of technology to them has violated the world's civil rights. Also Based on case # **19-cv-2407** in the Southern District of California, by Cyrus A. Parsa which should be included by reference these claims are true and correct and the book Bloody Harvest

<ref> https://www.bookdepository.com/Bloody-Harvest-David-Matas/9780980887976 </ref>

Based on Mr. Cutler's experience, Engineering Experience, and the case of Joyce Gilchrist <ref> https://en.wikipedia.org/wiki/Joyce_Gilchrist </ref> persons in Federal government may have violated the Logan Act Stat. 613, 18 U.S.C. § 953 with China. Since Mr. Wolf's order is illegal, all the Insurance companies have conspired to not pay BUSINESS INTERUPTION CLAIMS based on the order of Tom Wolf, just like 2 different insurance companies failed to compensate Mr. Cutler for his loss (Erie and State Farm Insurance) and conspired to Commit Mail Fraud. Mr. Wolf's order also violates the Federal Voting law Voting Rights Act of 1965, which prohibits any jurisdiction from implementing a "voting qualification or prerequisite to voting, or standard, practice, or procedure ... in a manner which results in a denial or abridgement of the right ... to vote on account of race," color, or language minority status. Based on the recent unsealed pleadings of Judge Domenick Demuro (press release 20-472) , voter fraud has been in Pennsylvania a long time. The use of ABSENTEE ballots that are collected by individuals denies the minor protection of MAIL FRAUD, usually asociated with this type of voting. Mr. Cutler notifies this court that the failure of the Dams in

Michigan may be the result of a deliberate act to prevent and obscure the lawsuit of governor Gretchen Witmer's unlawful act from being persued in federal court case 1:20-cv-00323. Persons of the **CDC** have **LIED** about an Approved Vaccine to Stop **COMPLICATIONS** from COVID-19. It is called PNEUMOVAX23 and Prevnar13 which is the PRIME COMPLICATION TO THE COVID-19 pneumococcal disease. Based on Tigers in the Bronx zoo

being diagnosed with COVID-19, there is **ZERO** evidence that the tigers ever failed to practice social distancing, because the person would be called **LUNCH**. This **EFFECTIVELY INVALIDATES ALL THE MODELS** being used to justify the restrictions being imposed!!. Mr. Cutler based on standard engineering concepts the death of Philadelphi Police Lieutenant James Walker, Seth Rich, Bre Payton, Edgar Rosenberg, Lorna Breen, Ellen Greenberg, and others may be MURDERS of the KLU KLUX KLAN, and 1-2% of all law enforcemnt in the United States may be members or share their views as well as some elected Officials and persons in the military all branches. An eight year old boy was raped in Bryant elementary school and his parents were denied the ability to sue because they waited six months. Based on this the charges against William Henry Cosby should be vacated. George Soros and other persons similarly situated may be trying to destroy the United States economy and the Dollar by bad sharing of information, just like on 25MAY1979 American Airlines Flight 191 DC-10, crashed based on not sharing data. Mr. Cutler was trying to fly to Philadelphia that

day from Chicago.   My friend Daria stated that collapse of the dollar was a stated

goal of persons. It is also interesting that there is some interest in solving the

MURDER of Thomas C. Wales while the MURDER of Jonathan Luna is ignored.

A one million dollar reward is offered for the individuals that MURDERED Wales,

but only one hundred thousand dollars for information leading to the perons

involved in execution of the Jonathan Luna murder on 04DEC2003.  Thus

Pursuant to Title 18, United States.  Code § 4, Plaintiff, Jeffrey Cutler, formally

notifies the court of possible ongoing criminal activity directly involved

with civil rights action (No. 5:19-cv-00834) and requests the court to notify the

Prosecutor's Office immediately, and any other criminal justice authorities the

court deems necessary, to effect and insure the prompt investigation and

prosecution of crimes involved with this case which  includes mail Fraud  (18 U.S.

Code § 1341), the murder of a federal employee (18 U.S. Code § 1114),

Obtruction of Jutice, and  Title 18, Section 871. The courts have  affirmed, it must

"afford a liberal reading to a complaint filed by a pro se plaintiff," particularly

when the plaintiff has no formal legal training or education.  Klayman v.

Zuckerberg, 753 F.3d 1354, 1357 (D.C.Cir. 2014); see also Erickson v. Pardus,

551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a

pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers.") (internal quotations and

citations omitted).

**WHEREFORE,** for all the foregoing reasons, the honorable judge **VACATE**

the order of 20MAY2020, because of CRIMINAL OBSTRUCTION OF

JUSTICE. respectfully requests the court grant an **IMMEDIATE INJUNCTION**

**PENDIING APPEAL THAT ENJOINS EVERY JURISDICTION OF THE**

**UNITED STATES FROM SPECIFYING RESTICTIONS ON HOW TO**

**PRAY** during a Pandemic, either real or created by colusion with foreign

governments. This court should also declare the entire Affordable Care Act

(Obamacare) law and the law signed in 1942 as Executive Order 9066 by Franklin

Roseveldt **UNCONSTITUTIONAL,** during an immediate **ENBANC** review of

this case when combined with the writ from case **15-632,** have Mr. Johnson's

incarceration be suspended pending this appeal process because of the tampering

of documents as demonstrated by ECF 99 20-1449 filed by Mr. Cutler in the other

case, as well as the **RESPONSE TO PETITION OF VERIZON LLC FOR**

**SUMMARY AFIRMATION AND TO CONSOLIDATE RELATED CASES**

**FOR JUDICIAL EFFICIENCY** in case 20-1805 on 14MAY2020 and grant a

transfer of the rest of this district court case and let a jury determine the penalties

for each party, including **Micheal Bloomberg, Deputy Clerk Mary Francis**

**Yeager** and **Deputy Clerk Roeshawn Johnson**. The existing Injunction Pending

Appeal in Case 20-1449 should be granted as well as the proposed **ORDER** filed

with this motion case number 20-1805 and other penalties the court deems

appropriate.

Respectfully submitted,

DATE:_____26MAY2020_____        _____/s/ Jeffrey Cutler_____

Jeffrey Cutler, pro se
215-872-5715 (phone)
eltaxcollector@gmail.com
P.O. Box 2806
York, PA 17405

## CERTIFICATE OF SERVICE

I hereby certify that on May  26, 2020, I filed the
foregoing with the Clerk of the Court for the
United States Court of Maryland via United
States Priority Mail. Participants in the case who
are registered CM/ECF users will be served by
the CM/ECF system. I further certify that all of
the other  participants in this case or their lawyers
in this case are registered CM/ECF users.


_____/s/ Jeffrey Cutler_____
Jeffrey Cutler