# Exhibit 7

**Exhibit 7**

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

DONALD J TRUMP FOR PRESIDENT INC

vs.

BUCKS COUNTY BOARD OF ELECTIONS

NO.  2020-05786

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: Britain Henry, Esq., ID: 314279

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No

**Money Damages Requested** ☐

**Commencement of Action:**

Petition

**Amount in Controversy:**

## Case Type and Code

Miscellaneous:

Other

**Other:** ELECTION

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

IN RE: CANVASS OF ABSENTEE AND/OR MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION

STATUTORY APPEAL
No. _____

(Election Appeal)

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2020, upon consideration of Petitioners' Notice of Appeal via Petition for Review and finding that an error of law occurred, it is hereby ORDERED, ADJUDGED and DECREED that, following an informal adjudicator proceeding, the decision of the Bucks County Board of Elections in denying Petitioners' objections as to the statutorily prohibited absentee and/or mail-in ballots is reversed. The identified absentee and/or mail-in ballots were not completed / returned / filled out correctly by the electors in accordance with the Pennsylvania Election Code; thus, they are invalid, void and cannot be counted.

BY THE COURT:

_____ J.

15

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

IN RE: CANVASS OF ABSENTEE AND
MAIL-IN BALLOTS OF NOVEMBER 3,
2020 GENERAL ELECTION

STATUTORY APPEAL
No. _____

(Election Appeal)

**NOTICE OF APPEAL VIA PETITION
FOR REVIEW OF DECISION BY THE
BUCKS COUNTY BOARD OF
ELECTIONS**

Code: 190

**FILED ON BEHALF OF PETITIONERS,**
Donald J. Trump for President Inc.,
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Heidelbaugh for Attorney General, Inc.,
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Garrity for PA
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Counsel of Record for Petitioners:
Ronald L. Hicks (PA #49520)
Carolyn B. McGee (PA # 208815)
Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@portwright.com
cmcgee@portwright.com

- and -

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Jonathan S. Goldstein (PA #201627)
Britain Henry (PA #31427)
Goldstein Law Partners, LLC
11 Church Road
(610) 949-0444 (Telephone)
jgoldstein@goldsteinlp.com
bhenry@goldsteinlp.com

Case# 2020-05786-0 - JUDGE51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | STATUTORY APPEAL No. _____ |

(Election Appeal)

### NOTICE OF APPEAL VIA PETITION FOR REVIEW OF DECISION BY THE BUCKS COUNTY BOARD OF ELECTIONS

**NOW COMES**  Donald J. Trump for President, Inc., Republican National Committee, Heidelbaugh for Attorney General, Inc., Garrity for PA, (the "Petitioners"), pursuant to Section 3146.8 and 3157(a) of the Pennsylvania Election Code, 25 P.S. §§ 3146.8 & 3157(a), by their undersigned counsel, hereby file this notice of appeal via a petition for this Court to review and reverse the decision of the Bucks County Board of Elections in denying Petitioners' objection to the counting of statutorily prohibited absentee and/or mail-in ballots cast in Bucks County, PA, in the November 3, 2020 General Election.  In support thereof, Petitioners state as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this statutory appeal and venue is proper in this Court pursuant to Section 3157 of the Election Code, 25 P.S. § 3157(a).

### PARTIES

2.     Petitioner Donald J. Trump for President, Inc. (hereinafter, the "Trump Campaign"), is the principal committee for the reelection campaign of Donald J. Trump, the 45th President of the United States of America (hereinafter, "President Trump").  President Trump is the Republican candidate for the office of the President of the United States of America in the ongoing November 3, 2020 General Election. The Trump Campaign brings this action for itself

Case# 2020-05785-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and on behalf of its candidate, President Trump. President Trump is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a).  *See Rowland v. Smith,* 83 Pa. D. & C. 99, 101-2 (Pa. Ct. Com. Pl. Dauphin 1952) ("candidate" under the Election Code includes one who is a candidate for nomination for President of the United States).  The Trump Campaign is a "political body" as that term is defined in 25 P.S. § 1102.  *See In re Canvass of Absentee Ballots of November 4, 2003,* 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election-1985,* 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be conducted).

3.      Petitioner, Republican National Committee (hereinafter, the "RNC") is a national political committee that leads the Republican Party of the United stats (hereinafter, the "Republican Party").  RNC works to elect Republican candidates to state and federal offices throughout the United States, including in the Commonwealth of Pennsylvania, and it organizes and operates the Republican National Convention through which its members nominate their candidates for President and Vice President of the United States.  The Republican Party includes over thirty million (30,000,000) registered Republicans in all fifty (50) states, the District of Columbia, and the U.S. territories, and constitutes a "political party" as that term is defined in Election Code Section 801, 35 P.S. § 2831.  The RNC brings this action for itself, the Republican Party, all of its members, all registered Republican voters, and all nominated Republican candidates in the November 3, 2020, General Election in the Commonwealth of Pennsylvania.  As a political committee, the RNC has Article III standing to bring this action.  *See e.g., Sandusky County Democratic Party v. Blackwell,* 387 F.3d 565, 573-75 (6th Cir. 2004); *Pa.*

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*Democratic Party v. Republican Party of Pa.*, 2016 U.S. Dist. LEXIS 153944, at *8-9 (E.D. Pa. Nov. 7, 2016); *Democratic Exec. Comm. v. Detzner*, 347 F. Supp. 3d 1017, 1025 (N.D. Fl. 2018); *Orloski*, 564 F. Supp. at 530-31.

4.      Petitioner Heidelbaugh for Attorney General, Inc. is the principal committee for the election campaign of Heather Heidelbaugh for the office of Attorney General of Pennsylvania ("Heidelbaugh"). Heidelbaugh is the Republican candidate for the office of Attorney General of Pennsylvania in the ongoing November 3, 2020 General Election. Heidelbaugh for Attorney General, Inc. brings this action for itself and on behalf of its candidate. Heidelbaugh is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a). Heidelbaugh for Attorney General, Inc. is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003*, 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election – 1985*, 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be concluded).

5.      Petitioner Garrity for PA is the principal committee for the election campaign of Stacy L. Garrity for the office of Treasurer of Pennsylvania ("Garrity").  Garrity is the Republican candidate for the office of the Treasurer of Pennsylvania in the ongoing November 3, 2020 General Election. Garrity for PA brings this action for itself and on behalf of its candidate, Garrity.  Garrity is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a). Garrity for PA, Inc. is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003*, 839 A.2d 451, 457 (Pa. Commw. Ct.

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election – 1985,* 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be concluded)

6.      Respondent Bucks County Board of Elections ("Board") is responsible for overseeing the conduct of elections in Bucks County, including but not limited to the administration of the pre-canvass and canvass sessions of the Board during which absentee and mail-in ballots are opened, reviewed and counted, which is required to be done in accordance with the Election Code.  Its principal place of business is located at 55 East Court Street, Doylestown, PA 18901.

## FACTS AND PROCEDURAL BACKGROUND

7.      Codified Sections 3146.1 – 3146.9 of the Pennsylvania Election Code provides for the voting by electors through official absentee ballots in any primary or election held in the Commonwealth of Pennsylvania. *See* 25 P.S. §§ 3145.1-3146.9.

8.      Section 3145.6 specifically addresses how an absentee elector shall complete their absentee ballot, while section 3146.6a details the assistance permitted in voting by certain absentee electors. *See* 25 P.S. §§ 3145.6 and 3146.6a.

9.      In Pennsylvania, absentee voting has been held to be "an extraordinary procedure" in which the "ordinary safeguards of a confrontation of the voter by the election officials and watchers for the respective parties and candidates at the polling place are absent." *Canvass of Absentee Ballots of April 28, 1964, Primary Election,* 34 Pa.D.&C.2d 419, 420 (C.C.P. Phila. 1964). Although it is "a salutary feature in our democratic processes of

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of
the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

government," *Absentee Ballots Case (No. 1)*, 245 A.2d 258, 261 (Pa. 1968); absentee voting is a privilege that is "fraught with evils and frequently results in voided votes." *Decision of County Board of Election*, 29 Pa.D.&C.2d 499, 504 (C.C.P. Lebanon 1964). Thus, it has been recognized by the Pennsylvania courts that "the provisions of the law regarding absentee voting must be strictly construed and the rights created thereunder not extended beyond the plain and obvious intention of the act." *Decision of County Board of Election*, 29 Pa.D.&C.2d at 504; *see also In re: April 10, 1984 Election of E. Whiteland Twp., Chester Co.*, 483 A.2d 1033, 1035 (Pa. Commw. Ct. 1984); *Canvass of Absentee Ballots of April 28, 1964, Primary Election*, 34 Pa.D.&C.2d at 421.

10.     On October 31, 2019, the Pennsylvania General Assembly enacted Act 77. *See* Act 2019-77 (S.B. 421), § 8, approved October 31, 2019, eff. October 31, 2019. Act 77 made significant changes to Pennsylvania's elections, including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.,* 25 P.S. §§ 3150.11-3150.17.

11.     In extending the right to vote to include absentee voting and now no-excuse mail-in voting, the Pennsylvania General Assembly has properly provided in the Pennsylvania Election Code various safeguards to insure that the exercise of the absentee and mail-in voting privilege is not abused either directly or indirectly, inadvertently or maliciously. *See* 25 P.S. §§ 3146.1-9 (voting by qualified absentee electors) and 3150.11-3150.18 (voting by qualified mail-in electors).

12.     The public has a strong interest in ensuring that the election is conducted in a free and fair manner and that all duly qualified and properly registered voters have equal and adequate opportunity to vote, whether they vote in person, by absentee or mail-in ballot.

13.     On November 3, 2020, a general election was held in which Petitioners were

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

candidates and/or registered voters (as is the case for Heidelbaugh and Garrity who did in fact cast their votes).

14.     The November 3, 2020 general election was the first general election following the enactment of Act 77 in 2019, which made significant changes to Pennsylvania's elections, including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.,* 25 P.S. §§ 3150.11-3150.17.   Presumably knowing of all the risks associated with mail-in voting, the General Assembly enacted no excuse mail-in voting with certain restrictions designed to ensure the ballot's secrecy and to prevent fraud.   One of those restrictions, for example, forbidding third-party delivery, was replicated in Act 77 and was confirmed by the Pennsylvania Supreme Court as recently as September 17, 2020. *See* 25 P.S. § 3150.16(a); *Crossey v. Boockvar,* No. 108 MM 2020, 2020 Pa. LEXIS 4868, at *4 (Pa., Sept. 17, 2020) ("It has long been the law of this Commonwealth, per 25 P.S. § 3146.6(a), that third-person delivery of absentee ballots is not permitted.   Act 77 adds a substantially identical provision for mail-in ballots, which we likewise conclude forbids third-party delivery of mail-in votes.") (citations omitted).

15.     In *Pa. Democratic Party v. Boockvar*, 2020 WL 5554644, 2020 Pa. LEXIS 4872 (Pa., Sept. 17, 2020), the PA Supreme Court declared that absentee and mail-in ballots cast in violation of Election Code's mandatory requirements are void and cannot be counted. *Id.,* 2020 Pa . LEXIS 4872, at *66-*74.

16.     At issue in this appeal is Sections 3146.6 and 3150.16(a) of the Election Code, which states in pertinent part:

> Except as provided in paragraphs (2) and (3), at any time after
> receiving an official absentee ballot, but on or before eight o'clock
> P.M. the day of the primary or election, the elector shall, in secret,
> proceed to mark the ballot only in black lead pencil, indelible
> pencil or blue, black or blue-black ink, in fountain pen or ball point
> pen, and then fold the ballot, enclose and securely seal the same in

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

25 P.S. § 3146.6(a).

17.    Act 77 duplicated this section for mail-in ballots, as codified at 25 P.S. § 3150.16(a):

At any time after receiving an official mail-in ballot, but on or before eight o'clock P.M. the day of the primary or election, the mail-in elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

5 P.S. § 3150.16(a)

18.    The requirements set forth in Election Code Sections 3146.6(a) and 3150.16(a) are mandatory. *See* 25 P.S. §§ 3146.6(a) & 3150.16(a). Those sections mandate that the elector fold the ballot, enclose it, and secure it in the smaller envelope on which is printed "Official Election Ballot," and then place the inner secrecy envelope into the second envelope on which is printed the form of declaration of the elector, the elector's local election district, and the address of the elector's county board of election. Accordingly, the PA Supreme Court ruled that a mail-in or absentee ballot that is not enclosed in the statutorily-mandated inner secrecy envelope must

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

be disqualified and not counted.  2020 Pa . LEXIS 4872, at *73.]

19.  The law is clear that during the counting at any pre-canvass and/or canvass meeting of absentee and mail-in ballots, those ballots which suffer from the following deficiencies are void and may not be counted: (i) without inner secrecy envelopes, (ii) with inner secrecy envelopes that have marks, text, or symbols which identify the elector, the elector's political affiliation or the elector's candidate preference, and/or (iii) with the declaration envelopes not filled out, dated, and/or signed.  25 P.S. §§ 3146.6(a) & 3150.16(a).

20.  Under 25 P.S. § 3146.8, ballots received after 8:00 p.m., on the Tuesday November 3, 2020, were set aside and separated into five (5) categories as follows: (1) Postmarked November 3rd or earlier; (2) Illegible Postmark; (3) No Postmark; (4) Postmarked after November 3rd; and (5) Miscellaneous / Not Sure.  Of the 629 ballots to be further reviewed, Petitioners challenge the ballots accepted by the Board of Elections .  *See* 25 P.S. § 3146.8(g)(4).

21.  Under 25 P.S. § 3146.8, ballots received prior to 8:00 p.m., on the Tuesday November 3, 2020, were set aside for defects.  These ballots totaled 2,296 and were separated into the following categories: (1) No signatures – 111;  (2) No Date / Partial Date - 1,197; (3) No Printed Name Or Address – 644; (4) Partial Addresses – 87;  (5) Mismatched Addresses – 247; (6) Mismatched Names -13; and (7) Miscellaneous - 4.

22.  The Board of Elections took the following actions:

    a.  Declined to accept as votes 111 ballots with no signatures;

    b.  Accepted as votes 1,197 ballots with no date or a partial date;

    c.  Accepted as votes 644 ballots with no printed name or address;

    d.  Accepted as votes 87 ballots with a partial address;

    e.  Accepted as votes 247 ballots with a mismatched address;

8

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

    f.  Declined to accept as votes 13 ballots with mismatched names; and

    g.  Declined to accept as votes 4 ballots for miscellaneous reasons.

23.  The Board of Elections, accordingly, accepted a total of 2,175 of the 2,296 defective ballots as votes.

24.  Petitioners challenge the 2,175 defective ballots accepted as of votes by the Board of Elections. *See* 25 P.S. § 3146.8(g)(4).

25.  Under 25 P.S. § 3146.8, , the Board of Elections set aside 805 ballots received prior to 8:00 p.m., on the Tuesday November 3, 2020.

26.  These 805 ballots were separated into the following categories: (1) Naked Ballots – 708;  (2) Unsealed Privacy Envelopes – 69; and (3) Markings – 28.

27.  The Board of Elections took the following actions in regard to these 805 ballots:

    a.  Declined to accept as votes 708 naked ballots;

    b.  Accepted as votes 69 ballots with unsealed privacy envelopes;

    c.  Declines to accept as votes 21 of the ballots with markings, and accepts as votes 7 of the ballots with markings.

28.  The Board of Elections, accordingly, accepted a total of 76 of the 805 ballots as votes.

29.  Petitioners challenge these 76 ballots accepted as of votes by the Board of Elections. *See* 25 P.S. § 3146.8(g)(4)

30.  Under 25 P.S. § 3146.8(d), "whenever it shall appear by due proof that any absentee elector or mail-in elector who has returned his ballot in accordance with the provisions of this act ***has died prior to the opening of the polls on the day of the primary or election, the ballot of such deceased elector shall be rejected*** by the canvassers but the counting of the ballot

9

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of an absentee elector or a mail-in elector thus deceased shall not of itself invalidate any nomination or election. 25 P.S. § 3146.8(d)(emphasis added).

31.     Under 25 P.S. § 3146.8(g)(3) and (h), the ballots of absentee and/or mail-in voters whose identification has not been verified by election officials are not to be counted during any pre-canvass and canvass meeting. 25 P.S. § 3146.8(g)(3) and (h).

32.     Under 25 P.S. §§ 3146.6(a) and 3150.16(a), the ballots of absentee and/or mail-in voters that were not enclosed and/or securely sealed in an envelope with the "Official Election Ballot" either "printed, stamped or endorsed," shall be set aside and not counted. *See* 25 P.S. § 3146.6(a) ("… the elector shall … enclose and securely seal the [ballot] in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.'"); 25 P.S. § 3150.16(a). *See also Pa. Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *70-74, 2020 WL 5554644 (Pa. Sept. 17, 2020) ("shall" is mandatory).

33.     In summary, the statutorily prohibited ballots fall into the following categories:

    a.  For failure to seal the secrecy envelopes, pursuant to 25 P.S. §§ 3146.6(a) and 3150.16(a);

    b.  For failure to include a date or including only a partial date;

    c.  For failure to include a printed name and/or address;

    d.  For including only a partial address;

    e.  For including a mismatched address

34.     On November 7, 2020, during an informal adjudicatory proceeding before the Board of Elections, Petitioners asserted objections to the counting of the aforementioned 805 and 76 statutorily prohibited absentee and/or mail-in ballots based on the deficiency identified herein and these ballots were placed at issue, were sequestered and set aside at the Bucks County Board

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of Elections.

35.     On November 7, 2020, the Bucks County Board of Elections held a hearing as to the subject statutorily prohibited absentee and/or mail-in ballots.

36.     At the hearing before the Bucks County Board of Elections, 69 unsealed privacy envelopes were accepted, and 7 envelopes with markings were accepted.

37.     At the conclusion of the informal adjudication on November 7, 2020, the Bucks County Board of Elections denied Petitioners' objections as to those identified statutorily prohibited ballots herein

38.     It is believed and therefore averred that by mistake, error or other irregularity, the Bucks County Board of Elections has improperly construed the Pennsylvania Election Code to permit the counting of the cited absentee and/or mail in ballots at issue in this appeal, which are void as a matter of law and should be prohibited from being counted pursuant to 25 P.S. §§ 3146.6(a) and 3150.16(a).

39.     Following an informal adjudication, the November 7, 2020 decision of the Board, which denied Petitioners' objections to the aforementioned statutorily prohibited absentee and/or mail-in ballots, constitutes an abuse of discretion and involve errors of law.

40.     The Bucks County Board of Elections is not empowered to re-write the Election Code or adopt rules, regulations, instructions or decisions that are inconsistent with the Election Code. *See* 25 P.S. § 2642.

41.     It is undisputed that the mail-in and /or absentee ballots identified in this Petition..

42.     Accordingly, the decision of the Bucks County Board of Elections denying Petitioners' objections as to the absentee and/or mail-in ballots identified here is based on a clear error of law and must be reversed.

11

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

43.     This Notice of Appeal via Petition for Review has been timely made.

WHEREFORE, Petitioners respectfully request this Honorable Court to enter an order that reverses the decision of the Bucks County Board of Elections and sustains Petitioners' objections as to those statutorily prohibited absentee and/or mail-in ballots cast by voters in the November 3, 2020 General Election, and for such other and further relief as provided by the Pennsylvania Election Code and/or as this Court deems just and appropriate.

Dated:   November 9, 2020

Respectfully submitted,

*/s/ Britain Henry*                            .
Jonathan S. Goldstein (PA # 201627)
Britain Henry (PA #314279)
**Goldstein Law Partners, LLC**
11 Church Road
Hatfield, PA 19440
(610) 949-0444
jgoldstein@goldsteinlp.com
bhenry@goldsteinlp.com

Ronald L. Hicks, Jr. (PA #49520)
Carolyn B. McGee (PA #208815)
**Porter Wright Morris & Arthur, LLP**
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@portwright.com
cmcgee@portwright.com

*Counsel for Petitioners*

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**VERIFICATION**

I, Jonathan S. Goldstein hereby swear or affirm that I am counsel of record for Petitioners in the within action; that the verification of the Petitioners could not be obtained within the time allowed for filing this Petition; and that the facts contained in the attached Petition are true and correct based on information supplied to be by others.

This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: November 9, 2020

13

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>VERIFICATION</u>

I, Jonathan S. Goldstein hereby swear or affirm that I am counsel of record for Petitioners in the within action; that the verification of the Petitioners could not be obtained within the time allowed for filing this Petition; and that the facts contained in the attached Petition are true and correct based on information supplied to be by others.

This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: November 9, 2020

13

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Britain Henry

14

Case# 2020-05786-0 - JUDGE:51 Received at County of Bucks Prothonotary on 11/09/2020 3:23 PM, Fee = $258.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Jonathan S. Goldstein hereby swear or affirm that I am counsel of record for Petitioners in the within action; that the verification of the Petitioners could not be obtained within the time allowed for filing this Petition; and that the facts contained in the attached Petition are true and correct based on information supplied to be by others.

This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: November 9, 2020

13