# Exhibit 8

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

DONALD J TRUMP FOR PRESIDENT INC

vs.

MONTGOMERY COUNTY BOARD OF ELECTIONS

NO. 2020-18680

# CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: JONATHAN S GOLDSTEIN, Esq., ID: 201627

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No

**Money Damages Requested** ☐

**Commencement of Action:** Petition

**Amount in Controversy:**

## Case Type and Code

Miscellaneous:

Other

**Other:** PETITION FOR REVIEW

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION

No. _____

**PETITION FOR REVIEW OF DECISION BY THE MONTGOMERY COUNTY BOARD OF ELECTIONS**

Code: 190

**FILED ON BEHALF OF PETITIONERS,**
Donald J. Trump for President Inc.,
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Republican National Committee
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Heidelbaugh for Attorney General, Inc.,
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Garrity for PA
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Daniel J. Wissert
c/o Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Counsel of Record for Petitioners:**
Ronald L. Hicks, Jr. (PA #49520)
Carolyn B. McGee (PA #208815)
Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
cmcgee@porterwright.com

*- and –*

Jonathan S. Goldstein (PA #201627)
Britain Henry (PA # 314279)
Goldstein Law Partners, LLC
11 Church Road
Hatfield, PA 19440
(610) 949-0444 (Telephone)
jgoldstein@goldsteinlp.com
bhenry@goldsteinlp.com

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | :  No.: : : : |

**PETITION FOR REVIEW OF DECISION BY THE MONTGOMERY COUNTY BOARD OF ELECTIONS**

**NOW COMES** Donald J. Trump for President Inc., Republican National Committee, Heidelbaugh for Attorney General, Inc., Garrity for PA, and Daniel J. Wissert (the "Petitioners"), pursuant to Section 3146.8 and 3157(a) of the Pennsylvania Election Code, 25 P.S. §§ 3146.8 & 3157(a), by their undersigned counsel, hereby file this petition for this Court to review and reverse the decision of the Montgomery County Board of Elections in denying Petitioners' objection to the counting of statutorily prohibited absentee and mail-in ballots cast in Montgomery County, PA in the November 3, 2020 General Election. In support thereof, Petitioners state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this statutory appeal and venue is proper in this Court pursuant to Section 3157 of the Election Code, 25 P.S. § 3157(a).

**PARTIES**

2. Petitioner Donald J. Trump for President, Inc. (hereinafter, the "Trump Campaign"), is the principal committee for the reelection campaign of Donald J. Trump, the 45th President of the United States of America (hereinafter, "President Trump"). President Trump is the Republican candidate for the office of the President of the United States of America in the ongoing November 3, 2020 General Election. The Trump Campaign brings this action for itself and on behalf of its candidate, President Trump. President Trump is a "candidate" as that term is

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

defined in Election Code Section 102(a), 25 P.S. § 2602(a). *See Rowland v. Smith,* 83 Pa. D. & C. 99, 101-2 (Pa. Ct. Com. Pl. Dauphin 1952) ("candidate" under the Election Code includes one who is a candidate for nomination for President of the United States). The Trump Campaign is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003*, 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election-1985*, 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be conducted).

3. Petitioner, Republican National Committee (hereinafter, the "RNC") is a national political committee that leads the Republican Party of the United States (hereinafter, the "Republican Party"). The RNC works to elect Republican candidates to state and federal offices throughout the United States, including in the Commonwealth of Pennsylvania, and it organizes and operates the Republican National Convention through which its members nominate their candidates for President and Vice President of the United States. The Republican Party includes over thirty million (30,000,000) registered Republicans in all fifty (50) states, the District of Columbia, and the U.S. territories, and constitutes a "political party" as that term is defined in Election Code Section 801, 25 P.S. § 2831. The RNC brings this action for itself, the Republican Party, all of its members, all registered Republican voters, and all nominated Republican candidates in the November 3, 2020 General Election in the Commonwealth of Pennsylvania. As a political committee, the RNC has Article III standing to bring this action. *See, e.g., Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 573-74 (6th Cir. 2004); *Pa. Democratic Party v. Republican Party of Pa.*, 2016 U.S. Dist. LEXIS 153944, at *8-9 (E.D. Pa. Nov. 7, 2016);

2

*Democratic Exec. Comm. v. Detzner,* 347 F. Supp. 3d 1017, 1025 (N.D. Fl. 2018); *Orloski,* 564 F. Supp. at 530-31.

4. Petitioner Heidelbaugh for Attorney General, Inc. is the principal committee for the election campaign of Heather Heidelbaugh for the office of Attorney General of Pennsylvania ("Heidelbaugh"). Heidelbaugh is the Republican candidate for the office of Attorney General of Pennsylvania in the ongoing November 3, 2020 General Election. Heidelbaugh for Attorney General, Inc. brings this action for itself and on behalf of its candidate. Heidelbaugh is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a). Heidelbaugh for Attorney General, Inc. is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003*, 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843 A.2d 1223 (Pa. 2004); *In re General Election-1985*, 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be conducted).

5. Petitioner Garrity for PA is the principal committee for the election campaign of Stacy L. Garrity for the office of Treasurer of Pennsylvania ("Garrity"). Garrity is the Republican candidate for the office of Treasurer of Pennsylvania in the ongoing November 3, 2020 General Election. Garrity for PA brings this action for itself and on behalf of its candidate, Garrity. Garrity is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a). Garrity for PA is a "political body" as that term is defined in 25 P.S. § 1102. *See In re Canvass of Absentee Ballots of November 4, 2003*, 839 A.2d 451, 457 (Pa. Commw. Ct. 2003) (Under Election Code, status given to political bodies grants standing regarding watchers), *rev'd on other grounds* 843

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A.2d 1223 (Pa. 2004); *In re General Election-1985*, 531 A.2d 836, 838 (Pa. Commw. Ct. 1987) (a candidate for office in the election at issue suffers a direct and substantial harm sufficient for standing to contest the manner in which an election will be conducted).

6. Petitioner, Daniel J. Wissert is the Republican candidate for the office of Pennsylvania House of Representatives to represent District 70 in the ongoing November 3, 2020 General Election. Daniel J. Wissert brings this action for himself and as a candidate. He is a "candidate" as that term is defined in Election Code Section 102(a), 25 P.S. § 2602(a)

7. Respondent Montgomery County Board of Elections ("Board") is responsible for overseeing the conduct of elections in Montgomery County, including but not limited to the administration of the pre-canvass and canvass sessions of the Board during which absentee and mail-in ballots are opened, reviewed and counted, which is required to be done in accordance with the Election Code. Its principal place of business is located at One Montgomery Plaza, 425 Swede Street, Norristown, PA 19401.

**FACTS AND PROCEDURAL BACKGROUND**

8. Codified Sections 3146.1 – 3146.9 of the Pennsylvania Election Code provides for the voting by electors through official absentee ballots in any primary or election held in the Commonwealth of Pennsylvania. *See* 25 P.S. §§ 3145.1-3146.9.

9. Section 3145.6 specifically addresses how an absentee elector shall complete their absentee ballot, while section 3146.6a details the assistance permitted in voting by certain absentee electors. *See* 25 P.S. §§ 3145.6 and 3146.6a.

10. In Pennsylvania, absentee voting has been held to be "an extraordinary procedure" in which the "ordinary safeguards of a confrontation of the voter by the election officials and watchers for the respective parties and candidates at the polling place are absent." *Canvass of*

4

*Absentee Ballots of April 28, 1964, Primary Election*, 34 Pa.D.&C.2d 419, 420 (C.C.P. Phila. 1964). Although it is "a salutary feature in our democratic processes of government," *Absentee Ballots Case (No. 1)*, 245 A.2d 258, 261 (Pa. 1968); absentee voting is a privilege that is "fraught with evils and frequently results in voided votes." *Decision of County Board of Election*, 29 Pa.D.&C.2d 499, 504 (C.C.P. Lebanon 1964). Thus, it has been recognized by the Pennsylvania courts that "the provisions of the law regarding absentee voting must be strictly construed and the rights created thereunder not extended beyond the plain and obvious intention of the act." *Decision of County Board of Election*, 29 Pa.D.&C.2d at 504; *see also In re: April 10, 1984 Election of E. Whiteland Twp., Chester Co.*, 483 A.2d 1033, 1035 (Pa. Commw. Ct. 1984); *Canvass of Absentee Ballots of April 28, 1964, Primary Election*, 34 Pa.D.&C.2d at 421.

11. On October 31, 2019, the Pennsylvania General Assembly enacted Act 77. *See* Act 2019-77 (S.B. 421), § 8, approved October 31, 2019, eff. October 31, 2019. Act 77 made significant changes to Pennsylvania's elections, including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.,* 25 P.S. §§ 3150.11-3150.17.

12. In extending the right to vote to include absentee voting and now no-excuse mail-in voting, the Pennsylvania General Assembly has properly provided in the Pennsylvania Election Code various safeguards to insure that the exercise of the absentee and mail-in voting privilege is not abused either directly or indirectly, inadvertently or maliciously. *See* 25 P.S. §§ 3146.1-9 (voting by qualified absentee electors) and 3150.11-3150.18 (voting by qualified mail-in electors).

13. The public has a strong interest in ensuring that the election is conducted in a free and fair manner and that all duly qualified and properly registered voters have equal and adequate opportunity to vote, whether they vote in person, by absentee or mail-in ballot.

14. On November 3, 2020, a general election was held in which Petitioners were

5

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

candidates and/or registered voters (as is this case for Heidelbaugh, Garrity and Daniel J. Wissert, who did in fact cast their votes).

15. The November 3, 2020 general election was the first general election following the enactment of Act 77 in 2019 which made significant changes to Pennsylvania's elections, including the adoption of no excuse mail-in voting for all qualified electors. *See, e.g.,* 25 P.S. §§ 3150.11-3150.17. Presumably knowing of all the risks associated with mail-in voting, the General Assembly enacted no excuse mail-in voting with certain restrictions designed to ensure the ballot's secrecy and to prevent fraud. One of those restrictions, for example, forbidding third-party delivery, was replicated in Act 77 and was confirmed by the Pennsylvania Supreme Court as recently as September 17, 2020. *See* 25 P.S. § 3150.16(a); *Crossey v. Boockvar,* No. 108 MM 2020, 2020 Pa. LEXIS 4868, at *4 (Pa., Sept. 17, 2020) ("It has long been the law of this Commonwealth, per 25 P.S. § 3146.6(a), that third-person delivery of absentee ballots is not permitted. Act 77 adds a substantially identical provision for mail-in ballots, which we likewise conclude forbids third-party delivery of mail-in votes.") (citations omitted).

16. In *Pa. Democratic Party v. Boockvar*, 2020 WL 5554644, 2020 Pa . LEXIS 4872 (Pa., Sept. 17, 2020), the PA Supreme Court declared that absentee and mail-in ballots cast in violation of Election Code's mandatory requirements are void and cannot be counted. *Id.*, 2020 Pa . LEXIS 4872, at *66-*74.

17. At issue in this appeal are Sections 3146.6(a) and 3150.16(a) of the Election Code. Section 3146.6(a) states:

> Except as provided in paragraphs (2) and (3), at any time after receiving an official absentee ballot, but on or before eight o'clock P.M. the day of the primary or election, the elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the

6

> envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

25 P.S. § 3146.6(a)

18. Act 77 duplicated this section for mail-in ballots, as codified at 25 P.S. § 3150.16(a):

> At any time after receiving an official mail-in ballot, but on or before eight o'clock P.M. the day of the primary or election, the mail-in elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

5 P.S. § 3150.16(a)

19. The requirements set forth in Election Code Sections 3146.6(a) and 3150.16(a) are mandatory. *See* 25 P.S. §§ 3146.6(a) & 3150.16(a).

20. The law is clear that during the counting at any pre-canvass and/or canvass meeting of absentee and mail-in ballots, those ballots which suffer from the following deficiencies are void and may not be counted: (i) without inner secrecy envelopes, (ii) with inner secrecy envelopes that have marks, text, or symbols which identify the elector, the elector's political affiliation or the elector's candidate preference, and/or (iii) with the declaration envelopes not filled out, dated,

7

and/or signed. 25 P.S. §§ 3146.6(a) & 3150.16(a).

21. Petitioners seek relief in this action in light of the Respondent's failure and refusal to adhere to the mandatory requirements of 25 P.S. §§ 3146.6(a) & 3150.16(a) in that they are canvassing and counting absentee and mail-in ballots for which the outer declaration envelope is not completed filled in with the elector's signature, address and/or date of execution.

22. At this time, there are approximately 600 ballots which suffer from these deficiencies.

23. On November 4, 2020, counsel for Petitioners was notified via telephone call from Joshua Stein, Solicitor for Montgomery County, as to the existence of the aforementioned ballots and the Montgomery County Board of Elections intent to canvass and count said ballots, despite immediate objection from Petitioners as to validity of the identified ballots for failure to comply with the mandatory requirements of 25 P.S. §§ 3146.6(a) & 3150.16(a).

24. It is believed and therefore averred that by mistake, error or other irregularity, the Montgomery County Board of Elections has improperly construed the Pennsylvania Election Code to permit the counting of the aforementioned absentee and mail in ballots at issue in this appeal, which are void as a matter of law and should be prohibited from being counted pursuant to 25 P.S. §§ 3146.6(a) & 3150.16(a).

25. The November 4, 2020 decision of the Board which denied Petitioners' objections to the aforementioned 600 of statutorily prohibited absentee and mail-in ballots constitute an abuse of discretion and is clearly contrary and in violation of the Pennsylvania Election Code.

26. The Montgomery County Board of Elections is not empowered to re-write the Election Code or adopt rules, regulations, instructions or decisions that are inconsistent with the Election Code. *See* 25 P.S. § 2642.

8

27. Accordingly, the decision of the Montgomery County Board of Elections denying Petitioners' objections as to the absentee and mail-in ballots cast in violation of 25 P.S. §§ 3146.6(a) & 3150.16(a), by failing to have all of the requirement information completed on the outer declaration envelope, is based on a clear error of law and must be reversed.

28. This Notice of Appeal via Petition for Review has been timely made.

WHEREFORE, Petitioners respectfully request this Honorable Court to enter an order that reverses the decision of the Montgomery County Board of Elections and sustains Petitioners' objections as to those statutorily prohibited absentee and mail-in ballots cast by voters in violation 25 P.S. §§ 3146.6(a) & 3150.16(a) in the November 3, 2020 General Election, and for such other and further relief as provided by the Pennsylvania Election Code and/or as this Court deems just and appropriate.

Dated: November 5, 2020

Respectfully submitted,

_____
Jonathan S. Goldstein (PA #201627)
Britain Henry (PA #314279)
**Goldstein Law Partners, LLC**
11 Church Road
Hatfield, PA 19440
(610) 949-0444 (Telephone)
jgoldstein@goldsteinlp.com
bhenry@goldsteinlp.com

Ronald L. Hicks, Jr. (PA #49520)
Carolyn B. McGee (PA #208815)
**Porter Wright Morris & Arthur LLP**
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
cmcgee@porterwright.com
*Counsel for Petitioners*

## **VERIFICATION**

I, Jonathan Goldstein, hereby swear or affirm that I am counsel of record for Petitioners in the within action; that the verification of the Petitioners could not be obtained within the time allowed for filing this Petition; and that the facts contained in the attached Petition are true and correct based on information supplied to be by others.

This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: November _5_, 2020                             _____

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

_____

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| IN RE: CANVASS OF ABSENTEE AND/OR MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : No. _____<br>:<br>:<br>: |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2020, upon consideration of Petitioners' Petition for Review and finding that an error of law occurred, it is hereby ORDERED, ADJUDGED and DECREED that the decision of the Montgomery County Board of Elections in denying Petitioners' objections as to the statutorily prohibited absentee and mail-in ballots which are void under 25 P.S. §§ 3146.6(a) & 3150.16(a) by failing to have all of the requirement information completed on the outer declaration envelope (the signature of the elector, address and date of execution) is reversed.  The identified absentee and mail-in ballots were not completed or filled out correctly by the electors in accordance with the Pennsylvania Election Code; thus, they are invalid, void and cannot be counted.

BY THE COURT:

_____J.

12

Case# 2020-18680-0 Docketed at Montgomery County Prothonotary on 11/05/2020 3:16 PM, Fee = $289.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.