# Exhibit 10

**Exhibit 10**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; LAWRENCE ROBERTS; and DAVID JOHN HENRY; | ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 20-CV- 02078-MWB |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania; ALLEGHENY COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; MONTGOMERY COUNTY BOARD OF ELECTIONS; NORTHAMPTON COUNTY BOARD OF ELECTIONS; and PHILADELPHIA COUNTY BOARD OF ELECTIONS; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Plaintiffs request that Defendants answer the following Interrogatories in writing and under oath and serve a copy of your answers upon the undersigned counsel by Monday, November 16, 2020.

These Interrogatories are continuing in nature and must be supplemented or corrected, or both, in a timely manner.

## INSTRUCTIONS TO ALL DEFENDANTS

1.      You shall deem these Interrogatories to be continuing, and you shall provide supplemental answers pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2.      You shall answer each Interrogatory on the basis of your entire knowledge from all sources after conducting an appropriate good faith inquiry and search.

3.      If you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter you deem ambiguous and the construction you used in answering.

4.      To the extent that you elect as part of any of your responses to these Interrogatories to produce business records under Rule 33(d) of the Federal Rules of Civil Procedure, segregate and identify such business records according to the Interrogatory to which the records are responsive.

5.      If you are unable to fully respond to any Interrogatory, supply the information that is available and explain why your response is incomplete, the efforts made to obtain responsive information, and the source(s) from which all responsive information may be obtained to the best of your knowledge or belief.

6.      If you withhold information on the grounds of attorney-client privilege, work product immunity, or any other privilege or immunity, identify the nature of the privilege that you claim, and if the privilege is being asserted in connection with a claim or defense governed by state law, state the privilege rule

you invoke. When withholding information on the basis of any privilege claim, you must also indicate whether any such information exists.

7.     For any information requested herein that has been destroyed, transferred, or lost, identify the information, provide a brief explanation of the circumstances (*e.g.*, when, how, whom, and why) surrounding the information's destruction, transfer, or loss, and identify any and all records pertaining to its destruction, transfer, or loss.

8.     If you or your attorneys know of the existence of any information called for in an Interrogatory, but such information is not presently in your possession, custody, or control or in the possession, custody, or control of your agents, representatives, or attorneys, you shall so state in response to the Interrogatory, identify such information in response to the Interrogatory, and identify the individual(s) in whose possession, custody, or control the information was last known to reside.

9.      If you have a good-faith objection to any Interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire Interrogatory or to a part of the Interrogatory shall be stated. If you object to any part of an Interrogatory, then you shall identify the part to which you object and produce information responsive to the remaining unobjectionable part of the Interrogatory.

**INTERROGATORY ONE (TO EACH COUNTY DEFENDANT):**

Separately, in the format below, provide the number of tabulated and counted ballots, ballots invalidated for any reason, and processed inner secrecy envelopes in connection with the canvass for the election of November 3, 2020. Please provide this information with current data as of 12:01am on Monday November 16, 2020, and supplement with a response representing current data as of 12:01am on Thursday November 19, 2020 prior to the evidentiary hearing.

| Tabulated (counted) mail-in ballots | Tabulated (counted) absentee ballots | Invalidated mail-in ballots | Invalidated absentee ballots | Processed Inner secrecy envelopes |
|---|---|---|---|---|
|  |  |  |  |  |

**INTERROGATORY TWO (TO EACH COUNTY DEFENDANT):**

What number of mail-in and absentee ballots lacking a signature, lacking an inner secrecy envelope, or otherwise defective were "cured" by a provisional ballot after you or your agents contacted a voter to inform them of the defect in their ballot?

**INTERROGATORY THREE (TO THE SECRETARY ALONE):**

When did you or anyone in the Secretary of State's office become aware that the County Election Board defendants were, prior to the election, engaged in inspection of mail-in and/or absentee ballots and communicating to voters where such ballots were deemed defective?

**INTERROGATORY FOUR (TO THE SECRETARY ALONE):**

Describe how you became aware that the County Election Board defendants were, prior the election, engaged in inspection of mail-in and/or absentee ballots and communicating to voters where such ballots were deemed defective and all steps you took to ensure that uniform procedures were being followed throughout the Commonwealth.

Date:  November 11, 2020

By:
      */s/ Linda A. Kerns*
      Linda A. Kerns (PA #84495)
      Law Offices of Linda A. Kerns, LLC
      1420 Locust Street, Suite 200
      Philadelphia, PA 19102
      215-731-1400 (T)
      215-701-4154 (F)
      *linda@lindakernslaw.com*

      *Counsel for Plaintiffs*