# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, <br><br> Defendants. | Civil Action No. 4:20-cv-02078-MWB <br><br> Judge Matthew W. Brann |

## DEFENDANT DELAWARE COUNTY BOARD OF ELECTIONS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendant Delaware County Board of Elections ("Delaware County") joins the arguments of the Secretary of State Kathy Boockvar ("the Secretary") and the Counties of Allegheny, Chester, Montgomery and Philadelphia in opposing Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Delaware County files this separate response to correct an inaccurate statement made in Plaintiffs' Memorandum of Law in Support of Renewed Motion for Temporary Restraining Order and Preliminary Injunction ("Injunction Memorandum") (ECF 183.)

In their Injunction Memorandum, Plaintiffs claim that Delaware County "improperly commingled" ballots received after Election Day with ballots received on or before Election Day (ECF 183, at p. 19).  As set forth in Delaware County's "Certification of Computation of Election Results," submitted to the Department of State, Plaintiffs' statement is demonstrably false.  Parks Decl. Exh. A.[1]  The Certification contains separate tallies of (1) votes from ballots other than those received by mail after 8 pm on Election Day and before 5 pm on November 6 and (2) votes from mail-in and absentee ballots received by mail after 8 pm on Election Day and before 5 pm on November 6.  Further, the attached Declaration of the Solicitor for the Delaware County Bureau of Elections confirms that, upon receipt of Guidance from the Secretary of State on October 28, Delaware County has consistently segregated these ballots.

Most troubling, Plaintiff would have realized their claim was inaccurate had they engaged in even a cursory review of the Third Circuit docket in *Bognet v. Boockvar,* a case of which they are well aware.  That docket contains the Secretary of State's written confirmation that all county boards of election segregated mail-in and absentee ballots received after Election Day.  No. 20-3214, Dkt. No. 59 (3d Cir. Nov. 13, 2020).

---

[1]   Reference is to the accompanying Declaration of J. Manly Parks and Exhibit A thereto.

Dated: November 20, 2020

Respectfully submitted,

*/s/ Edward D. Rogers*
Timothy D. Katsiff
Edward D. Rogers*
Terence M. Grugan*
Elizabeth V. Wingfield*
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
KatsiffT@ballardspahr.com
RogersE@ballardspahr.com
GruganT@ballardspahr.com
WingfieldE@ballardspahr.com
*(admitted *pro hac vice*)

*Attorneys for Delaware County Board of Elections*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2020, a copy of the foregoing was served via the court's electronic filing system upon all counsel of record.

*/s/ Edward D. Rogers*
Edward D. Rogers
