# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, <br><br> Defendants. | NO. 20-CV-02078-MWB |

## DECLARATION OF ANDREW F. SZEFI, COUNTY SOLICITOR OF ALLEGHENY COUNTY

I, Andrew F. Szefi, make this Declaration and state as follows:

1. I am of legal age and competent to provide this Declaration.

2. Since February, 2012, I have served as County Solicitor for Allegheny County.

3. The Allegheny County Solicitor is the chief legal officer of the county and also serves as the director of the Law Department.

4. I hold a Bachelor of Science from the University of Richmond, and a Juris Doctorate from the University of Pittsburgh School of Law.

5. By virtue of my work as County Solicitor, I have a thorough knowledge of Allegheny County's election procedures and administration and have firsthand knowledge of the Allegheny County Board of Election ("the Board")'s preparation for and execution of the pre-canvassing and canvassing of ballots for the general election on November 3, 2020.

The factual statements herein are based on my personal knowledge and the knowledge of Elections Division employees.

6. Last year, the state legislature enacted Act 77 of 2019, which significantly changed the requirements for voter registration and elections beginning with the 2020 primary election.

7. Act 77 required for the first time that the Board ("the Board") provide a no-excuse mail-in ballot to voters who are not eligible for absentee ballots. Voters could apply for these ballots up until October 27, 2020, for the 2020 General Election.

8. Voters can apply for mail-in or absentee ballots online or by paper application. Under 25 P.S. § 3150.12b and § 3146.2b for mail-in and absentee ballots, respectively, the Board determines the qualifications of the applicant by verifying the proof of identification and comparing the information provided on the application with the information contained in the voter's registration records.

9. The Board provided mail-in and absentee ballots only to voters who requested them. The Board provided mail-in and absentee ballots to these voters, along with instructions for filling out and returning the ballots using the two envelopes provided – the inner "secrecy" envelope and the outer "declaration" envelope.

10. The instructions directed voters to complete their ballots, place their ballots in the provided secrecy envelope, then place the secrecy envelope containing their ballot in the provided declaration envelope.

11. There are three general stages of the Board's handling of absentee and mail-in ballots.

12. First, ballots arrive at the Board.

13. Second, before Election Day and before absentee and mail-in ballots are pre-canvassed and canvassed (*i.e.*, reviewed and counted), the Election Code requires the Board to conduct some type of processing of each and every absentee and mail-in ballot submission and, without opening the declaration envelope, make a record that the ballot has been submitted: "The district register at each polling place shall clearly identify electors who have received and voted absentee ballots as ineligible to vote at the polling place, and district election officers shall not permit electors who voted an absentee ballot to vote at the polling place." 25 Pa. C.S. § 3146.6(b)(1); 25 P.S. § 3150.16(b)(1). The only way for the district register to include information about voters who have already submitted an absentee or mail-in ballot is for staff to review the submissions, without opening the declaration envelopes, before pre-canvassing and canvassing, which may start on Election Day. While processing ballots in this second stage, the Board identified potential deficiencies with certain absentee and mail-in ballot submissions.

14. Third, and finally, on and (to the extent necessary) after Election Day, ballots are pre-canvassed and canvassed, in a process that is distinct from the above-described processing of ballot submissions. Pre-canvassing is "the inspection and opening of all envelopes containing official absentee ballots or mail-in ballots, the removal of such ballots from the envelopes and the counting, computing and tallying of the votes reflected on the ballots." 25 Pa. C.S. § 2602 (q.1). Canvassing is "the gathering of ballots after the final pre-canvass meeting and the counting, computing and tallying of the votes reflected on the ballots." § 2602(a.1).

15. During the second stage of the review, for absentee or mail-in ballots returned with potential deficiencies on the declaration envelope that the Board received early in the process, the Board returned the submissions to the voter, unopened, with a new declaration envelope. The Board included a form letter in the return mailing instructing the voter that their original declaration envelope was deficient, and that the new declaration envelope would need to be completed correctly and returned along with the ballot to be processed. The Board sent such notices to, at most, 500 Allegheny County voters.

16. As the County Solicitor, I was involved with the pre-canvass and canvass operations at Allegheny County Elections Warehouse that began at approximately 7:00 A.M. on Tuesday November 3, 2020.

17. Republican and Democratic observers were permitted to be present, and were present, throughout the entire pre-canvass and canvass process.

18. At no point on or after Election Day did the Trump Campaign or any other candidate or party file any legal challenge or assert any formal objection or challenge based on the observers' access to the pre-canvassing/canvassing room or the observers' ability to observe the pre-canvass/canvass.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2020.

_____
Andrew F. Szefi