# EXHIBIT Q

Kahlil C. Williams
Michael R. McDonald
Matthew I. Vahey
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
WilliamskC@ballardspahr.com
McdonaldM@ballardspahr.com
VaheyM@ballardspahr.com

Marc Elias*
Uzoma N. Nkwonta*
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
UNkwonta@perkinscoie.com

Matthew Gordon*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099
206-359-8000
mgordon@perkinscoie.com

*Motion for Admission Pro Hac Vice Pending

*Attorneys for Intervenor-Defendant DNC Services Corp. / Democratic National Committee*

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC. et al, <br><br> Petitioners, <br><br> v. <br><br> BUCKS COUNTY BOARD OF ELECTIONS, <br><br> Defendant, | No. 2020-05786 |

| |
|---|
| DNC SERVICES CORP. / DEMOCRATIC NATIONAL COMMITTEE,<br><br>           Intervenor-Defendant |

## STIPULATED FACTS

Petitioners Donald J. Trump for President Inc., the Republican National Committee, Heidelbaugh for Attorney General, Inc., and Garrity for PA ("Petitioners"), Bucks County Board of Elections ("Defendant" or the "Board"), DNC Services Corp./Democratic National Committee ("DNC"), by and through their undersigned counsel, hereby stipulate to the following facts as follows:

### BACKGROUND

1. On November 13, 2020, Petitioners certify that a true and correct copy of the following documents were served pursuant tot 25 P.S. § 3157 upon Jessica VanderKam; Matt Hoover; Christopher Serpico; Ronnie E. Fuchs; Matthew I. Vahey; Thomas Panzer; and Joseph Cullen:

- the Order of Pre-trial Conference and Stipulation of Facts;
- the Order scheduling a Hearing for the 17th day of November, 2020, at 2:00 p.m. in Courtroom #410 of the Bucks County Justice Center; and
- the Petition for Review of the Decision by the Bucks County Board of Election.

2. Electors of the Commonwealth of Pennsylvania may choose to cast their vote in any primary or election by absentee ballot or by mail-in ballot.

3. In both instances, the elector who desires to cast a vote either by absentee ballot or mail-in ballot must submit an application for such a ballot from the county board of elections, in this case, Defendant.

- 3 -

4. In submitting such application, the elector must supply the address at which they registered to vote and sign a declaration affirming, among other things, that they are "eligible to vote by mail-in [or absentee] ballot at the forthcoming primary or election," and that "all of the information" supplied in the mail-in or absentee ballot application is "true and correct."

5. An elector who wishes to vote by mail or absentee must submit an application for mail-in or absentee ballot prior to each election unless they elect to receive such ballots for the whole year, in which case they must submit an application the following year if they wish to receive another mail-in or absentee ballot.

6. Before sending an absentee or mail-in ballot to the elector, the county board of elections must confirm the elector's qualifications, including the elector's address inputted on the application.

7. Upon the county board of elections' approval of the application, the elector is provided balloting materials that include: 1) the ballot; 2) instructions as to how the elector is to complete and return the ballot; 3) an inner secrecy envelope into which the ballot is to be placed; and 4) an outer envelope into which the secrecy envelope containing the ballot is to be placed and returned to Defendant.

**THE CHALLENGED BALLOTS**

8. When Defendant sent balloting materials to the elector, pre-printed on the reverse side of the outer envelope is a voter's declaration.

9. Underneath the voter's declaration is the directive: "Voter, sign or mark here."

10. Above the declaration, on the envelope flap, is a checklist for the voter, asking:

"Did you….

- Sign the voter's declaration in your own handwriting?
- Put your ballot inside the secrecy envelope and place it in here?"

11. Pre-printed on the same side of the outer envelope as the voter's declaration is a unique nine-digit bar code that links the outer envelope to the voter's registration file contained in the Statewide Uniform Registry of Electors ("SURE") system.

12. After receiving a mail-in or absentee ballot envelope, Defendant scans the unique nine-digit bar code on the envelope linking to the SURE system.

13. The elector's name and address is also pre-printed on a label affixed approximately one inch below the voter's declaration.

14. On the front side of the outer envelope is preprinted the Defendant's address where the ballot is to be sent as well as blank lines in the upper left-hand corner where the elector may indicate his or her return address by writing it in the allotted space or affixing an address label.

15. The General Assembly delegated to the Secretary of State the authority to determine the form of the voter declaration for absentee and mail-in ballots.

16. On September 11, 2020, the Secretary of State issued Guidance Concerning Examination of Absentee and Mail-in Ballot Return Envelopes ("9.11.20 Guidance"). A true and correct copy of the 9.11.20 Guidance is attached as Exhibit A.

17. On November 3, 2020, Defendant met to precanvass mail-in and absentee ballots pursuant to 25 P.S. § 3146.8(g).

18. On November 7, 2020, during the course of the canvass meeting and in the presence of any and all interested Authorized Representatives who were provided an opportunity to present argument, Defendant met to determine, pursuant to 25 P.S. § 3146.8(g)(3), whether certain declarations on the outer envelopes of certain ballots were "sufficient." Authorized Representatives Joseph Cullen, Thomas Panzer, Matthew Hoover, Ronnie Fuchs, and Chris Serpico, were present at the meeting.

19. The Board made findings and decisions with respect to ten different categories of ballots, accepting some categories for canvassing and excluding others, as reflected in the Board's Written Decision attached hereto as Exhibit B.

20. The Board did not accept 110 outer envelopes that lacked an elector's signature.

21. The Board did not accept 13 outer envelopes which reflected a different voter's name than what was printed on the envelope's label.

22. The Board did not accept 708 ballots that were not contained within a secrecy envelope.

23. The Board did not accept 21 ballots that had markings on the privacy envelopes that did identify of the elector.

24. Petitioners challenge ballots accepted by the Board in the following categories. In each category, the issue identified is the only alleged irregularity.

- Category 1: 1,196 ballots with no date or a partial date handwritten on the outer envelope;

- Category 2: 644 ballots with no handwritten name or address on the outer envelope;

- Category 3: 86 ballots with a partial written address on the outer envelope;

- Category 4: 246 ballots with a mismatched address on the outer envelope;

- Category 5: 69 ballots with "unsealed" privacy envelopes;

- Category 6: 7 ballots with markings on the privacy envelope that did not identify the identity of the elector, the elector's political affiliation, or the elector's candidate preference.

25. A list of all electors whose ballots have been challenged by Petitioner is attached hereto as Exhibit C through Exhibit F.

26. Exemplars of Declarations of challenged ballots are attached hereto as Exhibit G.

27. Petitioners do not allege, and there is no evidence of, any fraud in connection with the challenged ballots.

28. Petitioners do not allege, and there is no evidence of, any misconduct in connection with the challenged ballots.

29. Petitioners do not allege, and there is no evidence of, any impropriety in connection with the challenged ballots

30. Petitioners do not allege, and there is no evidence of, any undue influence committed with respect to the challenged ballots.

31. Petitioners do not allege, and there is no evidence, that Defendant counted ballots without signatures on the outer envelope.

32. Petitioners do not allege, and there is no evidence, that Defendant counted "naked ballots" (ballots that did not arrive in a secrecy envelope).

33. Petitioners do not challenge the eligibility of the electors who cast the ballots at issue, and there is no evidence that any of the electors was ineligible to vote in the election.

34. Petitioners do not allege, and there is no evidence, that any of the challenged ballots were cast by, or on behalf of, a deceased person.

35. Petitioners do not allege, and there is no evidence, that any of the challenged ballots were cast by someone other than the electors whose signature is on the outer envelope.

36. Petitioners did not challenge the electors' applications for the absentee or mail-in ballots on or before the Friday before the November 3rd election.

37. No mail-in or absentee ballots were mailed out to electors before October 7, 2020.

38. Excluding the 627 ballots subject to the order issued by Justice Alito of the U.S. Supreme Court as discussed below, each of the remaining challenged ballots in the instant Petition was timely received by Defendant before 8:00 p.m. on Election Day, November 3, 2020.

39. Petitioners challenged all ballots received after 8:00 p.m., on the Tuesday November 3, 2020, which were set aside and separated into five (5) categories as follows: (1) Ballots Postmarked November 3rd or earlier; (2) Ballots with Illegible Postmarks; (3) Ballots with No Postmark; (4) Ballots Postmarked after November 3rd; and (5) Miscellaneous.

40. The Pennsylvania Supreme Court in *Pa. Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 WL 5554644, (Pa. Sept. 17, 2020) held that all mail-in ballots which were postmarked on or prior to November 3, 2020, or that did not bear a postmark, and were received on November 3, 2020 after 8:00 p.m. and before 5:00 p.m. on Friday November 6, 2020, must be counted.

41. Defendant found that 627 ballots received after 8:00 p.m. on November 3, 2020 must be counted under this decision.

42. Defendant determined all other ballots received after 8:00 p.m. on November 3, 2020 could not be canvassed under the above-referenced Pennsylvania Supreme Court decision.

43. The court must deny Petitioners challenge to the 627 ballots received after 8:00 p.m., on November 3, 2020 due to the current Pennsylvania Supreme Court precedent. However, all parties agree that Defendant must segregate and canvass these ballots in a manner compliant with the United States Supreme Court Order of Justice Samuel Alito.

44.     Excluding the 627 ballots subject to the order issued by Justice Alito of the U.S. Supreme Court, the remaining challenged ballots were completed and recieved between October 7 and November 3, 2020.

45.     When received by Defendant, each of the challenged ballots was inside a privacy envelope, and the privacy envelope was inside a sealed outer envelope with a voter's declaration that had been signed by the elector.

46.     With respect to Category 5 (69 ballots in "unsealed" privacy envelopes), Defendant could not determine whether the privacy envelopes were initially sealed by the elector but later became unsealed.

47.     The electors whose ballots are being challenged in this case have not been notified that their ballots are being challenged.

48.     Relevant statutes include the following sections of the Pennsylvania election code:

- 25 P.S. § 3146.4
- 25 P.S. § 3146.6
- 25 P.S. § 3146.8
- 25 P.S. § 3150.16

49.     Relevant case law includes:

- *Appeal of McCracken*, 88 A.2d 787, 788 (Pa. 1952);
- *Appeal of James*, 105 A.2d 64 (Pa. 1954);
- *Ross Nomination Petition*, 190 A.2d 719, 719 (Pa. 1963);
- *Weiskerger Appeal*, 290 A.2d 108, 109 (1972);
- *Shambach v. Bickhart*, 845 A.2d 793, 798 (Pa. 2004);

- *Pa. Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 WL 5554644, at *30 (Pa. Sept. 17, 2020);

- *In re Nov. 3, 2020 Gen. Election*, No. 149 MM 2020, 2020 WL 6252803 (Pa. Oct. 23, 2020).

| | |
|---|---|
| Dated: November 16, 2020 | Respectfully submitted, |
| | **PERKINS COIE, LLP** |
| | By: /s/ |

Kahlil C. Williams
Michael R. McDonald
Matthew I. Vahey
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
WilliamskC@ballardspahr.com
McdonaldM@ballardspahr.com
VaheyM@ballardspahr.com
Marc Elias*
Uzoma N. Nkwonta*
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
UNkwonta@perkinscoie.com

Matthew Gordon*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099
206-359-8000
mgordon@perkinscoie.com

*Attorneys for Intervenor-Defendant DNC Services Corp. / Democratic National Committee*

*\*Motions for Admission Pro Hac Vice Pending*