UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 4:20-cv-02078-MWB ) |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) ) Judge Matthew W. Brann ) ) ) |
| Defendants. | ) ) |

**CENTRE AND NORTHAMPTON COUNTY BOARDS OF ELECTIONS' BRIEF IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRINING ORDER OR PRELIMINARY INJUNCTION**

Plaintiffs seek the extraordinary relief of restraining the certification of Centre and Northampton Counties' 2020 General Election results.[1] Defendants' Motions to Dismiss are pending before this Court, and Plaintiffs' Renewed Motion for Temporary Restraining Order or Preliminary Injunction becomes a nullity if those Motions are granted. However even if this Court denies the pending Motions to Dismiss, it should still deny Plaintiffs' Renewed Motion for Temporary Restraining

---

[1] Plaintiffs request this relief on a Commonwealth-wide basis and in the alternative as to the results from the defendant Counties.

Order or Preliminary Injunction.[2] Plaintiffs seek injunctive relief that would disenfranchise more than 80,000 Centre County voters and 171,000 Northampton County voters, but barely mention Centre County in either their motion papers or their Amended Complaint. Similarly, the sole allegation related to Northampton County (completely ignored in the Amended Complaint) is an affidavit from a voter who claims their mail-in ballot was improperly cancelled for unknown reasons, without explanation as to how this justifies injunctive relief entering against Northampton County. This cursory treatment of the claims against Centre and Northampton Counties results in Plaintiffs failing to demonstrate a reasonable probability of success on the merits, and their Motion should be denied.

## LEGAL STANDARD

The United States Court of Appeals for the Third Circuit has recognized that "the grant of injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight. Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (internal quotations and citation omitted). In order to obtain a preliminary injunction, the moving party must demonstrate (1) a reasonable

---

[2] Centre and Northampton Counties join the legal arguments of Secretary Boockvar and their Co-Defendant County Boards of Elections as to why Plaintiffs' Motion for Preliminary Injunction should be denied. Centre and Northampton Counties file their own opposition due to the failures of Plaintiffs' allegations in the Amended Complaint and motion papers that are specific to them, which independently justify denial of Plaintiffs' Motion as to Centre and Northampton Counties.

probability of success on the merits; (2) whether the movant will be irreparably harmed by denying the injunction; (3) whether there will be greater harm to the non-moving party if the injunction is granted; and, (4) whether granting the injunction is in the public interest. *B.H. ex rel. Hawk v. Easton Area Sch. Dist.,* 725 F.3d 293, 302 (3d Cir. 2013).

Although all four factors guide a court's inquiry, a court will not grant injunctive relief, "regardless of what the equities seem to require," unless the movant successfully demonstrates the first and second factors. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) ("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent."); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). Therefore the "moving party's failure to show a likelihood of success on the merits … must necessarily result in the denial of a preliminary injunction." *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) (internal citations omitted). It is equally true that "if inquiry into the preliminary injunction issue reveals that the case has no merit and that judicial resources would be wasted were the case to continue, it would appear salutary to dismiss the action in its entirety." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 n. 10 (3d Cir. 1982) (referencing *Smith v. Vulcan Iron Works*, 165 U.S. 518 (1897)).

## INSUFFICIENT FACTUAL ALLEGATIONS RELATING TO CENTRE AND NORTHAMPTON COUNTIES

Plaintiffs' Motion and Brief in Support contain incredibly few allegations specific to Centre and Northampton Counties, none of which demonstrate a violation of the law.

The only reference to Centre County in the Motion papers appears on page 10 of Plaintiffs' Brief in Support, referring to Paragraphs 134-138 of the First Amended Complaint and making the general allegation as to all Defendant Counties that poll watchers "were not allowed to observe as ballots were reviewed for sufficiency, opened, counted, or recorded." Turning to the First Amended Complaint, only three paragraphs contain allegations specific to Centre County.

First, in paragraph 111, Plaintiffs claim that:

> in Centre County, a poll worker observed mail-in ballots being improperly spoiled. The workers placed the mail-in ballots returned to the polling place by in-person voters in a bag without writing "void" on them or otherwise destroying them.

Plaintiffs did not submit an affidavit in support of this claim,[3] the poll worker remains unidentified, and Plaintiffs have not specified in which of Centre County's more than 80 precincts this purportedly occurred. Plaintiffs do not cite case law or statutory support for the premise that Centre County's alleged procedure was against

---

[3] Plaintiffs' Amended Complaint is verified by James Fitzpatrick, PA EDO Director for Donald J. Trump for President, Inc., but there is no indication that Mr. Fitzpatrick personally observed any of the circumstances alleged relating to Centre County.

the law, because no such support exists. Centre County was not required to have poll workers immediately write "void" or immediately destroy spoiled mail-in ballots. As alleged by Plaintiffs, what the anonymous poll worker observed was Centre County workers segregating spoiled mail-in ballots into a bag.

    Second, in Paragraph 114, Plaintiffs claim that:

> in Centre County, a poll worker reported that persons appearing at the polls and admitting that they were New Jersey voters, rather than Pennsylvania voters, were nonetheless provided provisional ballots on which to vote.

Plaintiffs have not submitted an affidavit in support of this claim, the poll worker remains unidentified, and Plaintiffs have not specified in which of Centre County's more than 80 precincts this purportedly occurred. Plaintiffs allege only that the unidentified persons of unknown number were provided with provisional ballots. Plaintiffs do not allege that those provisional ballots were ultimately counted. Plaintiffs do not cite case law or statutory support for the premise that it was against the law for Centre County to provide these individuals with provisional ballots, because no such support exists.

    Third and finally, in Paragraph 135, Plaintiffs claim that

> In Centre County, the central pre-canvassing location was a large ballroom. The set-up was such that the poll watchers did not have meaningful access to observe the canvassing and tabulation process of mail-in and absentee ballots, and in fact, the poll watchers and observers who were present could not actually observe the ballots such that they could confirm or object to the validity of the ballots.

5

Plaintiffs have not submitted an affidavit in support of this claim, and the purportedly aggrieved poll watchers and observers are unidentified. Plaintiffs admit that the poll watchers had access to the pre-canvassing location. The claim of a lack of "meaningful access" preventing the anonymous poll watchers and observers from "actually observ[ing] the ballots" does not state a violation of the law following the Pennsylvania Supreme Court's recent decision finding that no such right exists, *In re Canvassing Observation*, No. 30 EAP 2020 (Pa. Nov. 17, 2020).

As for Northampton County, Plaintiffs included no specific factual allegations of wrongdoing against it in the Amended Complaint. Plaintiffs include no argument relating to Northampton County in their Motion and Brief in support. Plaintiffs' sole connection to Northampton is an affidavit from Northampton County voter Thomas Hetak attached to their Motion, in which Mr. Hetak relates that his ballot was cancelled incorrectly and he wants it to be reinstated. Plaintiffs make no argument that Northampton County acted wrongfully in relation to Mr. Hetak, and do not explain how his affidavit merits the entry of injunctive relief against Northampton County (or any other County).

## LEGAL ARGUMENT

The allegations presented by Plaintiffs against Centre and Northampton Counties are dispositively thin and do not even facially demonstrate violations of the law. In the case law of the Third Circuit and its District Courts, there are few

examples of parties seeking a temporary restraining order or preliminary injunction on the basis of pleading deficiencies as profound as those present here, let alone on Constitutional or civil rights issues.  To the extent that parties have sought preliminary injunctive relief based on comparably paltry grounds in either Constitutional or civil rights cases, the courts have typically dismissed on the basis of a failure to demonstrate a reasonable likelihood of success on the merits, without reaching issues such as the applicable level of scrutiny.

For example, in *Kershner v. Mazurkiewicz*,[4] the Third Circuit found no error in the denial of plaintiff inmates' motion for a preliminary injunction brought under the Sixth and Fourteenth Amendments.  670 F.2d at 442.  There, plaintiffs asserted a right to preliminary injunctive relief based upon defendant prison officials for failing to provide indigent inmates with free legal supplies such as pads, pens, pencils, photocopying, and postage.  However, plaintiffs made "no demonstration in the complaint or other documents that any prisoner has not been able to perfect and

---

[4] The case law relating to preliminary injunctive relief in the context of prison administration directs judges to view such requests with "great caution" and exercise "judicial restraint." *Riley v. Snyder*, 72 F. Supp. 2d 456, 459 (D. Del. 1999).  Given Plaintiffs' desired injunctive relief – effectively disenfranchising tens of thousands of Centre County voters – this Court should apply a similar level of caution and restraint, because "[t]o disenfranchise a single voter is a matter for grave concern." *Serv. Employees Int'l Union, Local 1 v. Husted*, 906 F. Supp. 2d 745, 750 (S.D. Ohio 2012), *order clarified*, No. 2:06-CV-896, 2012 WL 5497757 (S.D. Ohio Nov. 13, 2012), *vacated sub nom. Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2014 WL 12738004 (S.D. Ohio Feb. 7, 2014).

pursue a legal action" due to the defendants' policy. *Id*. at 443. *See also Fletcher v. Little*, 5 F. Supp. 3d 655, 662 (D. Del. 2013) (denying plaintiff inmate injunctive relief for access to prison law library for failure to make sufficient showing); *Shah v. Danberg*, 855 F. Supp. 2d 215, 226–27 (D. Del. 2012) (denying injunctive relief to inmate who provided no evidence to support his claim).

To the extent that Plaintiffs have suggested that they rely upon claims outside their court filings, unpled claims which may exist are not appropriate support for an application for the extraordinary remedy of injunctive relief. *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 289 (D.N.J. 2013) (denying plaintiff civilly committed resident injunctive relief based upon unpled claims in Fourteenth Amendment case). In this case, Plaintiffs have filed no pleadings that state an adequate claim or right to injunctive relief against Centre or Northampton Counties. The sweeping relief sought – including decertification of the entire election and disenfranchisement of millions of voters – is entirely inappropriate in light of Plaintiffs' complete failure to demonstrate a reasonable probability of success on the merits against both Counties.

## **CONCLUSION**

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v.*

*Iqbal,* 566 U.S. 662, 678-79 (2009). For all of these reasons, as well as on the basis of the arguments contained in Secretary Boockvar and the other County Boards of Elections' Briefs in Opposition, Plaintiffs' Renewed Motion for Temporary Restraining Order or Preliminary Injunction should be denied without further proceedings.

Dated: November 20, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Molly E. Meacham* | */ s/ Brian J. Taylor* |
| Molly E. Meacham | Attorney ID: 66601 |
| Elizabeth A. Dupuis | Assistant Solicitor |
| Babst, Calland, Clements & Zomnir, P.C. | County of Northampton |
| 603 Stanwix Street, Sixth Floor | 669 Washington Street |
| Two Gateway Center | Easton, PA 18042 |
| Pittsburgh, PA 15222 | 610-829-6350 |
| 412-394-5614 | btaylor@northamptoncounty.org |
| mmeacham@babstcalland.com | |
| | */s/ Timothy P. Brennan* |
| 330 Innovation Blvd. Suite 302 | Attorney ID: 91798 |
| State College, PA 16803 | Assistant Solicitor |
| 814-867-8055 | County of Northampton |
| bdupuis@babstcalland.com | 669 Washington Street |
| | Easton, PA 18042 |
| *Attorneys for Centre County Board of Elections* | 610-829-6350 |
| | tbrennan@northamptoncounty.org |
| | *Attorneys for Northampton County Board of Elections* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2020, a copy of the foregoing was served via the court's electronic filing system upon all counsel of record.

/s/ Molly E. Meacham